IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PRIVATE FINANCING ALTERNATIVES,
LLC,

                      Plaintiff,

v.

WALLOON LAKE HOLDINGS, LLC;
MATTHEW ALLEN  BORISCH AS
TRUSTEE OF MATTHEW ALLEN
BORISCH TRUST UNDER AN
AGREEMENT DATED Sept. 19, 2006;
MATTHEW ALLEN BORISCH;
JONATHAN L. BORISCH;
MARY K. BORISCH;
JLB RESTAURANT HOLDINGS, LLC;
and HOTEL WALLOON, LLC,

                    Defendants.

Case No.

## **COMPLAINT**

Private Financing Alternatives, LLC ("**Lender**" or "**Assignee**") sues: Walloon

Lake Holdings, LLC ("**Walloon Holdings**", "**Borrower**", "**Assignor**", or "**Landlord**");

Matthew Allen Borisch as Trustee of Matthew Allen Borisch Trust Under an Agreement

Dated September 19, 2006 (the "**Trust**");  Matthew Allen Borisch ("**Matthew Borisch**");

Jonathan L. Borisch ("**Jonathan Borisch**"); Mary K. Borisch ("**Mary Borisch**");

JLB Restaurant Holdings, LLC ("**JLB**"); and Hotel Walloon, LLC ("**Hotel Walloon**").

## JURISDICTION, PARTIES, VENUE, AND CHOICE OF LAW

1.      This Court has diversity jurisdiction conferred by 28 U.S.C. § 1332(a)(1). The action involves complete diversity between citizens of different States and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

2.      Lender is a Florida limited liability company whose principal place of business, headquarters, and members are all situated in Florida at 14608 North Dale Mabry Highway, Tampa, Hillsborough County, Florida 33618.

3.      Walloon Holdings is a Michigan limited liability company whose principal place of business, headquarters, and members are all situated in Michigan at 40 Pearl Street NW, Suite 336, Grand Rapids, Kent County, Michigan 49503, or in a state other than Florida.

4.      The Trust is a Trust formed under the laws of the State of Michigan. The trustee of the Trust is Matthew Borisch, who is a resident and citizen of Michigan.

5.      Matthew Borisch is an individual residing at 5234 Dayenu Drive SE, Grand Rapids, Kent County, Michigan 49512, and is a resident and citizen of the State of Michigan.

6.      Jonathan Borisch is an individual residing at 5200 Dayenu Drive SE, Grand Rapids, Kent County, Michigan 49512, and is a resident and citizen of the State of Michigan.

7.     Mary Borisch is an individual residing at 5200 Dayenu Drive SE, Grand Rapids, Kent County, Michigan 49512, and is a resident and citizen of the State of Michigan.

8.     JLB is a Michigan limited liability company whose principal place of business, headquarters, and members are all situated in Michigan at 40 Pearl Street NW, Suite 336, Grand Rapids, Kent County, Michigan 49503, or in a state other than Florida.

9.     Hotel Walloon is a Michigan limited liability company whose principal place of business, headquarters, and members are all situated in Michigan at 40 Pearl Street NW, Suite 336, Grand Rapids, Kent County, Michigan 49503, or in a state other than Florida.

10.    Venue is proper in the Western District of Michigan because:

    (a)    all defendants reside in Kent County, Michigan [28 U.S.C. § 1391(b)(1)]; and

    (b)    a substantial part of the property that is the subject of the action is situated in Charlevoix County, Michigan [28 U.S.C. § 1391(b)(2)].

11.    This claim arises in the Southern Division because:

    (a)    all defendants reside in Kent County [W.D. Mich. LCivR 3.2(f)]; and

    (b)    the action is local in nature and the real property at issue is located in Charlevoix County [W.D. Mich. LCivR 3.2(c)].

12.    The Loan Documents (defined below) designate Michigan law: "This agreement will be governed by, construed, and enforced in accordance with federal law applicable to Lender and, to the extent not preempted by federal law, the

laws of the State of Michigan without regard to its conflicts of law provisions. This agreement has been accepted by Lender in the State of Michigan." Exhibit 2 - Mortgage at p.13, Miscellaneous Provisions, § F. Governing Law.

<u>GENERAL ALLEGATIONS</u>

13.     Lender herein asserts causes of action for:

(a)     Breach of a Commercial Note;

(b)     Breach of multiple separate Continuing Guarantees;

(c)     Foreclosure of Mortgage encumbering Real Property located in Charlevoix County, Michigan; and

(d)     Enforcement of Assignment of Leases and Rents.

### *The Loan*

14.     On <u>September 29, 2023</u>, Walloon Holdings, as Borrower, obtained from Lender a loan in the stated principal amount of $10,000,000.00 (the "**Loan**").

15.     On <u>September 29, 2023</u>, Borrower executed and delivered to Lender a commercial promissory note (the "**Note**") to reflect the legal obligation to repay the Loan.  *See* Exhibit 1.

16.     Lender owns and holds the original Note and is entitled to enforce the original Note pursuant to M.C.L. § 440.3301(i).

17.     On <u>September 29, 2023</u>, as security for the repayment of the Loan, Borrower, as mortgagor, and Lender, as mortgagee, entered into a commercial mortgage (the "**Mortgage**"). *See* Exhibit 2. The Mortgage is secured by 13 commercial

properties identified in Exhibit "A" attached to and incorporated in the Mortgage (collectively the "**Real Property**").

18.    On <u>October 10, 2023</u> Lender perfected its security interest and lien upon the Real Property by recording the Mortgage in the Charlevoix County Register of Deeds at L: 1390 P: 212 # 2023-0005790 MORT.  By virtue of the Mortgage, Lender has and holds a *first priority* security interest granted by Borrower to Lender encumbering all of the Real Property described in the Mortgage. See Exhibit 2. The legal descriptions of the Real Property set forth in Exhibit "A" to the Mortgage are incorporated herein.

19.    On <u>February 29, 2024</u>, Lender recorded the duly-executed Corrective Amendment to Mortgage (the "**Amendment**") in the Charlevoix County Register of Deeds at L: 1399 P: 855 # 2024-0000984 AMEND. The Amendment corrected Lender's name on all Loan Documents *from* Private Lending Alternatives, LLC *to* Private Financing Alternatives, LLC. The Amendment is incorporated herein by reference.

> [References to **"Loan Documents"** are intended to refer collectively to all the documents executed as a part of or in connection with the Loan, including the Note, the Mortgage, the Amendment, the Assignment, and the Guarantees.]

### *The Assignment*

20.    On <u>September 29, 2023</u>, as further security for repayment of the Loan, Borrower, as Assignor, and Lender, as Assignee, entered into an Assignment of Leases and Rents (the "**Assignment**"). On <u>February 5, 2025</u>, the Assignment was recorded in the Charlevoix County Register of Deeds at L: 1426 P: 725 # 2025-0000594 ASNRENT, and the security interest created thereby was perfected as of that date.  *See* Exhibit 3 (recorded Assignment).

21.     At the time the Loan was made, Borrower, as Landlord, had existing commercial lease agreements (collectively the "**Leases**") with:

(a)     Hotel Walloon, effective on <u>May 15, 2015</u> for the term of 120 months, providing for the operation of a hotel located at 4127 M-75, Walloon Lake, MI 49796 (the "**Hotel**") [1];

(b)     JLB, effective <u>May 15, 2019</u> for the term of 60 months, providing for the operation of the restaurant located at 4069 M-75, Walloon Lake, MI 49796 (the "**Barrel Back Restaurant**")[2]; and

(c)     JLB, effective <u>May 15, 2019</u> for the term of 60 months providing for the operation of an Inn located at 4178 West Street, Walloon Lake, MI 49796 (the "**Walloon Lake Inn**").[3]

[Hotel Walloon and JLB are collectively referred to as the "**Tenants**".  The three demised premises that are the subjects of the Leases are collectively referred to as the "**Demised Property**".]

22.     On <u>February 5, 2025</u>, Lender as Assignee mailed via certified mail to Borrower/Landlord and to its tenant, Hotel Walloon, Lender's "Notice of Default and Notice of Enforcement of Assignment of Leases and Rents" ("**Hotel Walloon's Payment Direction**"). On <u>February 6, 2025</u>, Lender/Assignee recorded Hotel Walloon's Payment

---

[1] The Hotel's initial monthly rent is $29,000, with a right to renew for an additional 60-month term. The current lease term expires <u>May 15, 2025</u>; if the renewal right is exercised, the lease termination date would be <u>May 15, 2030</u>, with an increase in rent not to exceed 25% above the initial lease term monthly rent.

[2] The Barrel Back Restaurant's initial monthly rent is $23,000 with 2% annual escalation, with a right to renew for an additional 60-month term. If the renewal right was exercised, the current lease termination date would be <u>May 15, 2029</u>.

[3] The Walloon Lake Inn's initial monthly rent is $5,000 with 2% annual escalation, with a right to renew for an additional 60-month term. If the renewal right was exercised, the current lease termination date would be <u>May 15, 2029</u>.

Direction in the Charlevoix County Register of Deeds at L: 1426 P: 806 # 2025-0000603 NOTICE.

23.    On <u>February 5, 2025</u>, Lender/Assignee mailed via certified mail to Borrower/Landlord and to its tenant, JLB, Lender's "Notice of Default and Notice of Enforcement of Assignment of Leases and Rents" ("**Barrel Back's Payment Direction**"). On <u>February 6, 2025</u>, Lender/Assignee recorded Barrel Back's Payment Direction in the Charlevoix County Register of Deeds at L: 1426 P: 825 # 2025-0000604 NOTICE.

24.    On <u>February 5, 2025</u>, Lender/Assignee mailed via certified mail to Borrower/Landlord and to its tenant, JLB, via certified mail, Lender's "Notice of Default and Notice of Enforcement of Assignment of Leases and Rents" ("**Walloon Lake Inn's Payment Direction"**). On <u>February 6, 2025</u>, Lender/Assignee recorded Walloon Lake Inn's Payment Direction in the Charlevoix County Register of Deeds at L: 1426 P: 788 # 2025-0000602 NOTICE.

[Hotel Walloon's Payment Direction, Barrel Back's Payment Direction, and Walloon Lake Inn's Payment Direction are collectively referred to as the "**Tenant Payment Direction Letters**".]

25.    The form of notice included with each of the three Tenant Payment Direction Letters complies with Michigan's Uniform Assignment of Rents Act ("**MUARA**") M.C.L § 554.1051, *et. seq.,* specifically M.C.L. § 554.1060.

7

### *The Guarantees*

26.    The Loan is supported by unlimited, continuing, unconditional guarantees (collectively the "**Guarantees**") from:

    (a)    the Trust,

    (b)    Matthew Borisch,

    (c)    Jonathan Borisch, and

    (d)    Mary Borisch.

[The Trust, Matthew Borisch, Jonathan Borisch, and Mary Borisch are collectively referred to as "**Guarantors**".]

27.    On September 29, 2023, the Trust, through its duly-authorized trustee, executed an unlimited continuing guarantee (the "**Trust Guarantee**") in favor of Lender to guaranty unconditionally to Lender the full payment and full performance of all obligations and liabilities of Borrower owed to Lender pursuant to the Loan Documents. *See* Exhibit 4. The Trust Guarantee is a guaranty of payment.

28.    On September 29, 2023, Matthew Borisch duly-executed an unlimited continuing guarantee (the "**Matthew Borisch Guarantee**") in favor of Lender to guaranty unconditionally to Lender the full payment and full performance of all obligations and liabilities of Borrower owed to Lender pursuant to the Loan Documents. *See* Exhibit 5.  The Matthew Borisch Guarantee is a guaranty of payment.

29.    On September 29, 2023, Jonathan Borisch duly-executed an unlimited continuing guarantee (the "**J. Borisch Guarantee**") in favor of Lender to guaranty unconditionally to Lender the full payment and full performance of all obligations and

liabilities of Borrower owed to Lender pursuant to the Loan Documents.  *See* Exhibit 6. The J. Borisch Guarantee is a guaranty of payment.

30.    On September 29, 2023, Mary Borisch duly-executed an unlimited continuing guarantee (the "**Mary Borisch Guarantee**") in favor of Lender to guaranty unconditionally to Lender the full payment and full performance of all obligations and liabilities of Borrower owed to Lender pursuant to the Loan Documents.  *See* Exhibit 7. The Mary Borisch Guarantee is a guaranty of payment.

### *The Default*

31.    Pursuant to the Note, Borrower was required to make monthly periodic payments beginning on September 29, 2023 and continuing on the 29th calendar day of each consecutive month thereafter through August 29, 2024, followed by a single balloon payment (the "**Balloon Payment**") of the entire remaining unpaid balance of principal and interest due under the Loan on September 29, 2024 (the "**Maturity Date**").

32.    The Note has ***not*** been paid as required by its express terms and by the terms of the other Loan Documents.  Specifically, in addition to multiple other breaches of the Note, the Mortgage, the Assignment, the Guarantees, and the other Loan Documents, Borrower and Guarantors have failed to make all required monthly installment payments when due and have failed to pay the Balloon Payment by the Maturity Date. The Loan is in a continuous state of monetary default attributable solely to Borrower's and Guarantors' failure to make the payments as agreed and as obligated.

33.     On <u>February 5, 2025</u>, Lender mailed to Borrower and to Guarantors via certified mail Lender's "Notice of Default and Notice of Enforcement of Assignment of Leases and Rents" ("**Borrower's Default Notice**").  *See* Exhibit 8.

34.     Borrower's Default Notice explicitly notified Borrower and Guarantors about their monetary default under the Loan Documents and confirmed that Lender had, among other remedies, accelerated all obligations under the Loan Documents.

35.     On <u>February 6, 2025</u>, Lender recorded Borrower's Default Notice in the Charlevoix County Register of Deeds at L: 1426 P: 767 # 2025-0000601 NOTICE. *See* Exhibit 8.

36.     All conditions precedent to commencement and maintenance of this action have been performed, satisfied, or otherwise discharged.  Specifically, and without limitation, Lender has provided all requisite notices and made all requisite demands required by the Loan Documents and by applicable law.

<u>COUNT I – WALLOON HOLDINGS</u>
**(Breach of the Note)**

37.     This is an action against Borrower for money damages for breach of the Note.  *See* Exhibit 1.

38.     Lender realleges and incorporates herein the allegations set forth in paragraphs 14 through 19 and 31 through 36 of this Complaint.

39.     Borrower failed to make and deliver to Lender the payments that became due and owing under the Note, constituting a payment default, including without limitation the Balloon Payment that became due on the Maturity Date.  Exhibit 1 - Note at p.3 ¶ 9.A.

10

40.    Borrower's failure to make and deliver the payments that are due and owing under the Note is a material breach of the Note and of the other Loan Documents, constituting an actionable event of default thereunder.

41.    Borrower's material breach of the Note has caused Lender to suffer damages.

42.    Borrower owes to Lender the principal amount of $9,977,616.01, plus interest at the default rate, attorneys' fees, costs, and other amounts recoverable under the Loan Documents.

43.    Lender has retained the law firms of The Solomon Law Group, P.A. and Saretsky Hart Michaels + Gould PC to prosecute this case on its behalf and it is obligated to compensate its attorneys for their professional services.  Lender is entitled to recover its attorneys' fees and costs pursuant to express terms of the Note.

WHEREFORE, Lender demands judgment against Walloon Lake Holdings, LLC for:

(a)    all amounts due and owing under the Note, including pre-judgment interest, post-judgment interest, and all other amounts recoverable thereunder;

(b)    attorneys' fees, costs, and expenses as set forth in the Note; and

(c)    all other relief appropriate under the circumstances.

## COUNT II – THE TRUST
### (Breach of the Trust Guarantee)

44.     Lender realleges and incorporates herein the allegations set forth in paragraphs 14 through 19, 26 through 36, and 39 through 42 of this Complaint.

45.     This is an action against the Trust for money damages for breach of the Trust Guarantee.  *See* Exhibit 4.

46.     Borrower has failed to make and deliver to Lender the payments that are due and owing under the Loan Documents and the Loan and is in default.

47.     The Trust has been notified of Borrower's default under the Loan Documents. *See* Exhibit 8 (Borrower's Default Notice).

48.     Borrower's Default Notice declared and advised that all payment obligations owed by Borrower to Lender pursuant to the Note, the Mortgage, and all other Loan Documents, including the Trust Guarantee, are delinquent and must be satisfied immediately.

49.     The Trust has failed to make and even tender to Lender payment of the amounts due and owing under the Trust Guarantee.

50.     The Trust's failure to pay the payments that are due and owing under the Trust Guarantee is a material breach of the Trust Guarantee.

51.     As a result of the Trust's material breach of the Trust Guarantee, Lender has suffered damages.

52.     The Trust owes to Lender the principal amount of $9,977,616.01, plus default rate interest, attorneys' fees, costs, and other amounts recoverable under the Loan Documents.

53.     Lender has retained the law firms of The Solomon Law Group, P.A. and Saretsky Hart Michaels + Gould PC to prosecute this case on its behalf and it is obligated to compensate its attorneys for their professional services.  Lender is entitled to recover its attorneys' fees and costs pursuant to express terms of the Trust Guarantee.

WHEREFORE, Lender demands judgment against the Trust for:

(a)     all amounts due and owing under the Trust Guarantee, including pre-judgment interest, post-judgment interest, and all other amounts recoverable thereunder;

(b)     all attorneys' fees, costs, and expenses as set forth in the Trust Guarantee; and

(c)     all other relief appropriate under the circumstances.

### COUNT III – MATTHEW BORISCH
**(Breach of the Matthew Borisch Guarantee)**

54.     Lender realleges and incorporates herein the allegations set forth in paragraphs 14 through 19, 26 through 36, and 39 through 42 of this Complaint.

55.     This is an action against Matthew Borisch for money damages for breach of the Matthew Borisch Guarantee.  *See* Exhibit 5.

56.     Borrower has failed to make and deliver to Lender the payments that are due and owing under the Loan Documents and the Loan and is in default.

57.     Matthew Borisch has been notified of Borrower's default. *See* Exhibit 8 (Borrower's Default Notice).

58.     Borrower's Default Notice declared and advised that all payment obligations owed by Borrower to Lender pursuant to the Note, the Mortgage, and all

other Loan Documents, including the Matthew Borisch Guarantee, are delinquent and must be satisfied immediately.

59.    Matthew Borisch has failed to make and even tender to Lender payment of the amounts due and owing under the Matthew Borisch Guarantee.

60.    Matthew Borisch's failure to pay the payments that are due and owing under the Matthew Borisch Guarantee is a material breach of the Matthew Borisch Guarantee.

61.    As a result of Matthew Borisch's material breach of the Matthew Borisch Guarantee, Lender has suffered damages.

62.    Matthew Borisch owes to Lender the principal amount of $9,977,616.01, plus default rate interest, attorneys' fees, costs, and other amounts recoverable under the Loan Documents.

63.    Lender has retained the law firms of The Solomon Law Group, P.A. and Saretsky Hart Michaels + Gould PC to prosecute this case on its behalf and it is obligated to compensate its attorneys for their professional services.  Lender is entitled to recover its attorneys' fees and costs pursuant to express terms of the Matthew Borisch Guarantee.

WHEREFORE, Lender demands judgment against Matthew Borisch for:

(a)    all amounts due and owing under the Matthew Borisch Guarantee, including pre-judgment interest, post-judgment interest, and all other amounts recoverable thereunder;

(b)    all attorneys' fees, costs, and expenses as set forth in the Matthew Borisch Guarantee;

(c)    all other relief appropriate under the circumstances.

### COUNT IV – JONATHAN BORISCH
### (Breach of the J. Borisch Guarantee)

64.    Lender realleges and incorporates herein the allegations set forth in paragraphs 14 through 19, 26 through 36, and 39 through 42 of this Complaint.

65.    This is an action against Jonathan Borisch for money damages for breach of the J. Borisch Guarantee.  *See* Exhibit 6.

66.    Borrower has failed to make and deliver to Lender the payments that are due and owing under the Loan Documents and the Loan and is in default.

67.    Jonathan Borisch has been notified of Borrower's default under the Loan Documents. *See* Exhibit 8 (Borrower's Default Notice).

68.    Borrower's Default Notice declared and advised that all payment obligations owed by Borrower to Lender pursuant to the Note, Mortgage, and all other Loan Documents, including the J. Borisch Guarantee, are delinquent and must be satisfied immediately.

69.    Jonathan Borisch has failed to make and even tender to Lender payment of the amounts due and owing under the J. Borisch Guarantee.

70.    Jonathan Borisch's failure to pay the payments that are due and owing under the J. Borisch Guarantee is a material breach of the J. Borisch Guarantee.

71.    As a result of Jonathan Borisch's material breach of the J. Borisch Guarantee, Lender has suffered damages.

72.     Jonathan Borisch owes to Lender the principal amount of $9,977,616.01, plus default rate interest, attorneys' fees, costs, and other amounts recoverable under the Loan Documents.

73.     Lender has retained the law firms of The Solomon Law Group, P.A. and Saretsky Hart Michaels + Gould PC to prosecute this case on its behalf and it is obligated to compensate its attorneys for their professional services.  Lender is entitled to recover its attorneys' fees and costs pursuant to the express terms of J. Borisch Guarantee.

WHEREFORE, Lender demands judgment against Jonathan Borisch for:

(a)     all amounts due and owing under the J. Borisch Guarantee, including pre-judgment interest, post-judgment interest, and all other amounts recoverable thereunder;

(b)     all attorneys' fees, costs, and expenses as set forth in the J. Borisch Guarantee; and

(c)     all other relief appropriate under the circumstances.

### COUNT V – MARY BORISCH
**(Breach of the Mary Borisch Guarantee )**

74.     Lender realleges and incorporates herein the allegations set forth in paragraphs 14 through 19, 26 through 36, and 39 through 42 of this Complaint.

75.     This is an action against Mary Borisch for money damages for breach of the Mary Borisch Guarantee.  *See* Exhibit 7.

76.     Borrower has failed to make and deliver to Lender the payments that are due and owing under the Loan Documents and the Loan and is in default.

77.     Mary Borisch has been notified of Borrower's default under the Loan Documents. *See* Exhibit 8 (Borrower's Default Notice).

78.     Borrower's Default Notice declared and advised that all payment obligations owed by Borrower to Lender pursuant to the Note, the Mortgage, and all other Loan Documents, including the Mary Borisch Guarantee, are delinquent and must be satisfied immediately.

79.     Mary Borisch has failed to make and even tender to Lender payment of the amounts due and owing under the Mary Borisch Guarantee.

80.     Mary Borisch's failure to pay the payments that are due and owing under the Mary Borisch Guarantee is a material breach of the Mary Borisch Guarantee.

81.     As a result of Mary Borisch's material breach of the Mary Borisch Guarantee, Lender has suffered damages.

82.     Mary Borisch owes to Lender the principal amount of $9,977,616.01, plus default rate interest, attorneys' fees, costs, and amounts recoverable under the loan Documents.

83.     Lender has retained the law firms of The Solomon Law Group, P.A. and Saretsky Hart Michaels + Gould PC to prosecute this case on its behalf and it is obligated to compensate its attorneys for their professional services.  Lender is entitled to recover its attorneys' fees and costs pursuant to express terms of the Mary Borisch Guarantee.

WHEREFORE, Lender demands judgment against Mary Borisch for:

(a)    all amounts due and owing under the Mary Borisch Guarantee, including pre-judgment interest, post-judgment interest, and all other amounts recoverable thereunder;

(b)    all attorneys' fees, costs, and expenses as set forth in the Mary Borisch Guarantee;

(c)    all other relief appropriate under the circumstances.

### COUNT VI – WALLOON HOLDINGS & TENANTS
**(Foreclosure of Mortgage)**

84.    Lender realleges and incorporates herein the allegations set forth in paragraphs 14 through 19, 31 through 36, and 39 through 42 of this Complaint.

85.    This is an action to foreclose the Mortgage encumbering the Real Property and other rights associated with the Real Property situated in Charlevoix County, Michigan.

86.    The Mortgage creates a valid and fully enforceable mortgage lien and security interest in the Real Property that is comprised of 13 commercial properties that are identified with specificity in Exhibit "A" to the Mortgage to secure and to ensure payment and performance of all obligations arising under the Note and the other Loan Documents. *See* Exhibit 2 at Exhibit "A" thereto.

87.    Lender has and holds a *first priority* lien and security interest granted by Borrower to Lender encumbering all of the Real Property described in Exhibit "A" to the Mortgage - - with the one exception of the parcel identified in Exhibit "A" to the

Mortgage as property #10 [4127 M75, Walloon Lake, MI 49796] in which Lender holds a *second priority* lien and security interest.

88.     Borrower has or may claim an interest in the Real Property by virtue of Borrower's ownership or possession of the Real Property or otherwise. However, any interest that has been, now is, or may be held or claimed in the Real Property, by Borrower or by anyone associated with Borrower or whose interest is derived from Borrower, if any, is subordinate and inferior to the lien of the Mortgage and to the security interest(s) held by Lender.

89.     Tenants or any of them may have or may claim an interest in the Demised Property encompassed within the Real Property by virtue of actual or constructive possession of the Demised Property or other rights relating thereto.  However, any and all interests that have been, now are, or may be held by Tenants or by any of them in the Demised Property, if any, are subordinate and inferior to the lien of the Mortgage and to the security interest(s) held by Lender.

90.     The Loan secured by the Real Property has been and is in a continuous state of monetary default by virtue of Borrower's failure to make the Loan payments as agreed and as required by the Loan Documents.

91.     The default under the Note and the other Loan Documents constitutes an event of default under the Mortgage. *See* Exhibit 2 - Mortgage "Default." P.9 ¶ A.

92.     As a result of Borrower's material breach of the Note and of the Mortgage, Lender has suffered damages.

93.    Based on Borrower's default under the Note and the Mortgage, Lender has elected to foreclose the lien and the security interest granted and created by the Mortgage on all of the Real Property.

94.    Lender also intends to pursue any and all deficiencies that remain following foreclosure of the lien and the security interest created by the Mortgage and reserves all rights to do so.

95.    Lender has retained the law firms of The Solomon Law Group, P.A. and Saretsky Hart Michaels + Gould PC to prosecute this case on its behalf and it is obligated to compensate its attorneys for their professional services.  Lender is entitled to recover its attorneys' fees and costs pursuant to the express terms of the Mortgage.

WHEREFORE, Lender requests that the Court:

(a)    perform an accounting of the sums due Lender; and

(b)    foreclose the lien and the security interest created by the Mortgage and order the Real Property to be sold with the judicial sale proceeds applied toward satisfaction of amounts owed to Lender under the Loan Documents, including principal, interest, attorneys' fees, costs, expenses and other amounts; and

(c)    reserve jurisdiction to award a deficiency judgment for all amounts not satisfied by application of the proceeds of the judicial sale.

## COUNT VII – WALLOON HOLDINGS AND TENANTS
**(Enforcement of Assignment and Specific Performance)**

96.    This is an action against Borrower/Assignor and Tenants for enforcement of the Assignment.  *See* Exhibit 3.

97.    Lender/Assignee realleges and incorporates herein the allegations set forth in paragraphs 14 through 25, 31 through 36, and 39 through 42 of this Complaint.

98.    Borrower/Assignor and Guarantors have failed to perform and to discharge as required the obligations imposed by and assumed under the Loan Documents.

99.    Borrower/Assignor and Guarantors' failure to discharge the obligations under the Loan Documents constitutes a material breach under the Assignment and entitles Lender/Assignee to enforce the remedies specified in the Assignment and available under Michigan Law.

100.    Lender/Assignee has elected to enforce the Assignment to the fullest extent allowable.

101.    All rights, claims, and defenses of the Tenants and each of them are subordinate and inferior to the rights and claims of Lender/Assignee as provided by the Assignment.

102.    Lender has provided all requisite notices and made all requisite demands required by the Assignment, the Leases, and by applicable law – including mailing and recording the Tenant Payment Direction Letters as provided by M.C.L. § 554.1060 -

to place Borrower/Assignor and Tenants on Notice of their obligations to pay rents otherwise due Borrower/Landlord to be paid to Lender/Assignee.

103. Lender has retained the law firms of The Solomon Law Group, P.A. and Saretsky Hart Michaels + Gould PC to prosecute this case on its behalf and it is obligated to compensate its attorneys for their professional services. Lender is entitled to recover its attorneys' fees and costs pursuant to the express terms of the Assignment.

WHEREFORE, Lender/Assignee demands specific performance and enforcement of the Assignment by requiring Tenants and each of them to pay over to Lender/Assignee all rents and other payables under the respective Leases.

**RESPECTFULLY SUBMITTED,**

*/s/ Stanford R. Solomon*
Stanford R. Solomon, Esq.
Robert G. May, Esq.
**THE SOLOMON LAW GROUP, P.A.**
1881 West Kennedy Boulevard, Suite D
Tampa, Florida 33606-1611
(813) 225-1818 (Tel)
(813) 225-1050 (Fax)
*Attorneys for Plaintiff*
**PRIVATE FINANCING ALTERNATIVES, LLC**
Ssolomon@solomonlaw.com
Rmay@solomonlaw.com

AND

*/s/ Samuel P. Mauch*
Samuel P. Mauch, Esq.
Brian Witus, Esq.
**SARETSKY HART MICHAELS & GOULD PC**
995 S. Eton St.
Birmingham, Michigan 48009
(248) 502-3300 (Tel)
(248) 502-3301 (Fax)
*Attorneys for Plaintiff*
**PRIVATE FINANCING ALTERNATIVES, LLC**
SMauch@Saretsky.com
BWitus@Saretsky.com

Dated this 12th day of February, 2025.