**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

PRIVATE FINANCING ALTERNATIVES,
LLC,

           Plaintiff,                 Case No. 1:25-cv-00165-HYJ-MV

v.

                                                   __ANSWER AND AFFIRMATIVE__
WALLOON LAKE HOLDINGS, LLC;          __DEFENSES TO COMPLAINT__
MATTHEW ALLEN BORISCH AS
TRUSTEE OF MATTHEW ALLEN
BORISCH TRUST UNDER AN
AGREEMENT DATED Sept. 19, 2006;
MATTHEW ALLEN BORISCH;
JONATHAN L. BORISCH; MARY K.
BORISCH; JLB RESTAURANT
HOLDINGS, LLC; and HOTEL
WALLOON, LLC,

           Defendants.

---

**THE SOLOMON LAW GROUP, P.A.**
Stanford R. Solomon, Esq.
Robert G. May, Esq.
1881 West Kennedy Boulevard, Suite D
Tampa, Florida 33606-1611
(813) 225-1818 (Tel)
(813) 225-1050 (Fax)
Ssolomon@solomonlaw.com
Rmay@solomonlaw.com
*Attorneys for Plaintiff*

**SARETSKY HART MICHAELS & GOULD PC**
Samuel P. Mauch, Esq.
Brian Witus, Esq.
995 S. Eton St.
Birmingham, Michigan 48009
(248) 502-3300 (Tel)
(248) 502-3301 (Fax)
SMauch@Saretsky.com
BWitus@Saretsky.com
*Attorneys for Plaintiff*

**BODMAN PLC**
Floyd E. Gates, Jr. (P54234)
Melissa K. Bridges (P67898)
J. Grant Semonin (P86855)
Cameron D. Ritsema (P86887)
99 Monroe Ave. NW, Suite 300
Grand Rapids, MI 49503
(616) 205-3123
fgates@bodmanlaw.com
mbridges@bodmanlaw.com
gsemonin@bodmanlaw.com
critsema@bodmanlaw.com
*Attorneys for Defendants*

<u>**ANSWER**</u>

Defendants, Walloon Lake Holdings, LLC, Matthew Allen Borisch as Trustee of Matthew Allen Borisch Trust Under an Agreement dated September 19, 2006, Matthew Allen Borisch, Jonathan L. Borisch, Mary K. Borisch, JLB Restaurant Holdings, LLC, and Hotel Walloon, LLC (collectively, "Defendants"), by and through their attorneys, Bodman PLC, answer Plaintiff Private Financing Alternatives, LLC's ("Plaintiff" or "Lender") Complaint ("Complaint") as follows:

**JURISDICTION, PARTIES, VENUE,**
<u>**AND CHOICE OF LAW**</u>

1.     This Court has diversity jurisdiction conferred by 28 U.S.C. § 1332(a)(1). The action involves complete diversity between citizens of different States and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

**ANSWER:  This allegation calls for a legal conclusion and therefore no answer is required.  To the extent an answer is required and upon information and belief, Defendants admit that jurisdiction is proper in this Court.**

2.     Lender is a Florida limited liability company whose principal place of business, headquarters, and members are all situated in Florida at 14608 North Dale Mabry Highway, Tampa, Hillsborough County, Florida 33618.

**ANSWER:  Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.**

3.     Walloon Holdings is a Michigan limited liability company whose principal place of business, headquarters, and members are all situated in Michigan at 40 Pearl Street NW, Suite 336, Grand Rapids, Kent County, Michigan 49503, or in a state other than Florida.

**ANSWER:  Defendants admit that Walloon Lake Holdings, LLC is a Michigan limited liability company with a registered office mailing address of 40 Pearl Street NW, Suite 336, Grand Rapids, MI 49503.  For further answer, the members of Walloon Lake Holdings, LLC are all presently located in Michigan.  Defendants deny the remaining allegations for the reason they are not true.**

2

4.    The Trust is a Trust formed under the laws of the State of Michigan. The trustee of the Trust is Matthew Borisch, who is a resident and citizen of Michigan.

**ANSWER:  Upon information and belief, Defendants admit.**

5.    Matthew Borisch is an individual residing at 5234 Dayenu Drive SE, Grand Rapids, Kent County, Michigan 49512, and is a resident and citizen of the State of Michigan.

**ANSWER:  Defendants admit.**

6.    Jonathan Borisch is an individual residing at 5200 Dayenu Drive SE, Grand Rapids, Kent County, Michigan 49512, and is a resident and citizen of the State of Michigan.

**ANSWER:  Defendants admit.**

7.    Mary Borisch is an individual residing at 5200 Dayenu Drive SE, Grand Rapids, Kent County, Michigan 49512, and is a resident and citizen of the State of Michigan.

**ANSWER:  Defendants admit.**

8.    JLB is a Michigan limited liability company whose principal place of business, headquarters, and members are all situated in Michigan at 40 Pearl Street NW, Suite 336, Grand Rapids, Kent County, Michigan 49503, or in a state other than Florida.

**ANSWER:  Defendants admit that JLB Restaurant Holdings, LLC is a Michigan limited liability company with a registered office mailing address of 40 Pearl Street NW, Suite 336, Grand Rapids, MI 49503.  For further answer, the members of JLB Restaurant Holdings, LLC are all presently located in Michigan.  Defendants deny the remaining allegations for the reason they are not true.**

9.    Hotel Walloon is a Michigan limited liability company whose principal place of business, headquarters, and members are all situated in Michigan at 40 Pearl Street NW, Suite 336, Grand Rapids, Kent County, Michigan 49503, or in a state other than Florida.

**ANSWER:  Defendants admit that Hotel Walloon, LLC is a Michigan limited liability company with a registered office mailing address of 40 Pearl Street NW, Suite 336, Grand Rapids, MI 49503.  For further answer, the members of Hotel Walloon, LLC are all presently located in Michigan.  Defendants deny the remaining allegations for the reason they are not true.**

10.     Venue is proper in the Western District of Michigan because:

    (a)     all defendants reside in Kent County, Michigan [28 U.S.C. § 1391(b)(1)]; and

    (b)     a substantial part of the property that is the subject of the action is situated in Charlevoix County, Michigan [28 U.S.C. § 1391(b)(2)].

**ANSWER:  Defendants admit that venue is proper.**

11.     This claim arises in the Southern Division because:

    (a)     all defendants reside in Kent County [W.D. Mich. LCivR 3.2(f)]; and

    (b)     the action is local in nature and the real property at issue is located in Charlevoix County [W.D. Mich. LCivR 3.2(c)].

**ANSWER:  Defendants admit that venue is proper.**

12.     The Loan Documents (defined below) designate Michigan law: "This agreement will be governed by, construed, and enforced in accordance with federal law applicable to Lender and, to the extent not preempted by federal law, the laws of the State of Michigan without regard to its conflicts of law provisions. This agreement has been accepted by Lender in the State of Michigan." Exhibit 2 - Mortgage at p.13, Miscellaneous Provisions, § F. Governing Law.

**ANSWER:  Defendants admit only that Exhibit 2 speaks for itself.  For further answer, Defendants have misrepresented to this Court the totality of the "Loan Documents (defined below)" in violation of Fed. R. Civ. P. 11.  ("Rule 11").  See Defendants' February 28, 2025 Letter to Plaintiff's counsel ("Rule 11 Letter") attached to this Answer as Exhibit A.  Moreover, Defendants violation of Rule 11 was knowing and intentional in an effort to tip toe around a usurious loan facility.  Defendants deny any further implications and/or allegations for the reason they are not true.**

## GENERAL ALLEGATIONS

13.     Lender herein asserts causes of action for:

    (a)     Breach of a Commercial Note;

    (b)     Breach of multiple separate Continuing Guaranties;

(c)      Foreclosure of Mortgage encumbering Real Property located in Charlevoix

County, Michigan; and

(d)      Enforcement of Assignment of Leases and Rents.

**ANSWER:  This allegation calls for a legal conclusion and therefore no answer is required.  To the extent an answer is required, Defendants deny that Plaintiff has asserted any viable cause(s) of action due to the usurious nature of the underlying loan facility and the Plaintiff's wrongful and illegal conduct.**

### *The Loan*

14.      On September 29, 2023, Walloon Holdings, as Borrower, obtained from Lender a

loan in the stated principal amount of $10,000,000.00 (the "Loan").

**ANSWER:   Defendants admit only that on or about September 29, 2023, they obtained a loan from Plaintiff for the principal amount of $15,000,000 (the "Actual Loan"). Defendants deny any further implications and/or allegations for the reason they are not true.**

15.      On September 29, 2023, Borrower executed and delivered to Lender a commercial

promissory note (the "Note") to reflect the legal obligation to repay the Loan. See Exhibit 1.

**ANSWER:  This allegation calls for a legal conclusion and therefore no answer is required.  To the extent an answer is required, Defendants admit only that Exhibit 1 should speak for itself.  For further answer, the indebtedness underlying the Actual Loan was memorialized by three (3) Promissory Notes (i.e. Note 1 for $10,000,000; Note 2 for $2,000,000 and Note 3 for $3,000,000)(collectively the "Notes").  The Notes are attached to this Answer as Exhibit B.  Each of the Notes is facially usurious and violates Michigan's criminal usury statute.  Defendants deny any further implications and/or allegations for the reason they are not true.**

16.      Lender owns and holds the original Note and is entitled to enforce the original Note

pursuant to M.C.L. § 440.3301(i).

**ANSWER:  This allegation calls for a legal conclusion and therefore no answer is required.  To the extent an answer is required, Defendants deny that Plaintiff is entitled to enforce any note or loan due to the usurious nature of the underlying loan facility and the Plaintiff's wrongful and illegal conduct.  For further answer, Defendants have been unsuccessfully attempting to obtain an accurate payoff from Plaintiff for months prior to Plaintiff filing its Complaint. See Defendants' December 21, 2024 letter to Plaintiff (attached to this Answer as Exhibit C) explaining usury and enclosing a copy of Plaintiff's own Monthly Billing Statement dated November 29, 2024 showing <u>"Interest Rate: 32%".</u> Defendants deny any further implications and/or allegations for the reason they are not true.**

5

17.     On September 29, 2023, as security for the repayment of the Loan, Borrower, as

mortgagor, and Lender, as mortgagee, entered into a commercial mortgage (the "Mortgage"). See

Exhibit 2. The Mortgage is secured by 13 commercial properties identified in Exhibit "A" attached

to and incorporated in the Mortgage (collectively the "Real Property").

**ANSWER:  Defendants admit only that the Actual Loan was in the principal amount
of $15,000,000 and evidence of this indebtedness was memorialized by the three (3) Notes.
For further answer, Defendants state that in connection with the Actual Loan, they executed
multiple mortgages including, but not limited to, the Mortgage attached as Exhibit 2.
Contrary to Plaintiff's representations to this Court, the Mortgage attached as Exhibit 2
includes 16 single family residences (i.e. condominium units).  The other mortgages executed
by Defendants included 4 additional single family residences in Florida and Michigan.  The
single family residences in Florida were allegedly collateral for a mysterious 4th and 5th
Promissory Note, but all properties, including the single family residences in Florida, were
security for the Actual Loan via a certain Cross Collateralization/Cross Default Agreement
("Cross Collateralization Agreement") that Plaintiff conveniently failed to bring to this
Court's attention.  The Cross Collateralization Agreement (referencing the mysterious 4th
and 5th Promissory Notes) is attached to this Answer as Exhibit D. Defendants deny any
further implications and/or allegations for the reason they are not true.**


18.     On October 10, 2023 Lender perfected its security interest and lien upon the Real

Property by recording the Mortgage in the Charlevoix County Register of Deeds at L: 1390 P: 212

# 2023-0005790 MORT. By virtue of the Mortgage, Lender has and holds a first priority security

interest granted by Borrower to Lender encumbering all of the Real Property described in the

Mortgage. See Exhibit 2. The legal descriptions of the Real Property set forth in Exhibit "A" to

the Mortgage are incorporated herein.

**ANSWER:  This allegation calls for a legal conclusion and therefore no answer is
required.  To the extent an answer is required, Defendants admit only that Exhibit 2 and any
applicable records of the Charlevoix County Register of Deeds should speak for themselves.
While the two (2) single family residences in Florida and the sixteen (16) single family
residences (i.e. included as collateral in Exhibit 2) have now been released in exchange for
paydowns, Plaintiff continues to hold single family residences in Michigan as collateral for
the Actual Loan.  Defendants deny any further implications and/or allegations for the reason
they are not true.**

19.    On February 29, 2024, Lender recorded the duly-executed Corrective Amendment to Mortgage (the "Amendment") in the Charlevoix County Register of Deeds at L: 1399 P: 855 # 2024-0000984 AMEND. The Amendment corrected Lender's name on all Loan Documents from Private Lending Alternatives, LLC to Private Financing Alternatives, LLC. The Amendment is incorporated herein by reference.

> [References to "Loan Documents" are intended to refer collectively to all the documents executed as a part of or in connection with the Loan, including the Note, the Mortgage, the Amendment, the Assignment, and the Guarantees.]

**ANSWER:  Defendants admit only that the document to which the Plaintiff makes reference and the records of the Charlevoix Register of Deeds should speak for themselves. Defendants deny any further implications and/or allegations for the reason they are not true.**

### *The Assignment*

20.    On September 29, 2023, as further security for repayment of the Loan, Borrower, as Assignor, and Lender, as Assignee, entered into an Assignment of Leases and Rents (the "Assignment"). On February 5, 2025, the Assignment was recorded in the Charlevoix County Register of Deeds at L: 1426 P: 725 # 2025-0000594 ASNRENT, and the security interest created thereby was perfected as of that date. See Exhibit 3 (recorded Assignment).

**ANSWER:  This allegation calls for a legal conclusion and therefore no answer is required. To the extent an answer is required, Defendants admit only that the document to which the Plaintiff makes reference and the records of the Charlevoix Register of Deeds should speak for themselves.  Defendants deny any further implications and/or allegations for the reason they are not true.**

21.    At the time the Loan was made, Borrower, as Landlord, had existing commercial lease agreements (collectively the "Leases") with:

(a)     Hotel Walloon, effective on May 15, 2015 for the term of 120 months, providing for the operation of a hotel located at 4127 M-75, Walloon Lake, MI 49796 (the "Hotel")[1];

(b)     JLB, effective May 15, 2019 for the term of 60 months, providing for the operation of the restaurant located at 4069 M-75, Walloon Lake, MI 49796 (the "Barrel Back Restaurant")[2]; and

(c)     JLB, effective May 15, 2019 for the term of 60 months providing for the operation of an Inn located at 4178 West Street, Walloon Lake, MI 49796 (the "Walloon Lake Inn").[3]

[Hotel Walloon and JLB are collectively referred to as the "Tenants". The three demised premises that are the subjects of the Leases are collectively referred to as the "Demised Property".]

**ANSWER:  Defendants admit only that the terms of any such "Leases" should speak for themselves.  Defendants deny any further implications and/or allegations for the reason they are not true.**

22.     On February 5, 2025, Lender as Assignee mailed via certified mail to Borrower/Landlord and to its tenant, Hotel Walloon, Lender's "Notice of Default and Notice of Enforcement of Assignment of Leases and Rents" ("Hotel Walloon's Payment Direction"). On

---

[1] The Hotel's initial monthly rent is $29,000, with a right to renew for an additional 60-month term. The current lease term expires May 15, 2025; if the renewal right is exercised, the lease termination date would be May 15, 2030, with an increase in rent not to exceed 25% above the initial lease term monthly rent.

[2] The Barrel Back Restaurant's initial monthly rent is $23,000 with 2% annual escalation, with a right to renew for an additional 60-month term. If the renewal right was exercised, the current lease termination date would be May 15, 2029.

[3] The Walloon Lake Inn's initial monthly rent is $5,000 with 2% annual escalation, with a right to renew for an additional 60-month term. If the renewal right was exercised, the current lease termination date would be May 15, 2029.

February 6, 2025, Lender/Assignee recorded Hotel Walloon's Payment Direction in the Charlevoix County Register of Deeds at L: 1426 P: 806 # 2025-0000603 NOTICE.

**ANSWER:  Defendants admit only that the "Hotel Walloon's Payment Direction" to which Plaintiff makes reference and any applicable records of the Charlevoix County Register of Deeds should speak for themselves.  For further answer, Plaintiff has not yet provided Defendants with an accurate payoff despite repeated requests.  Apparently the Plaintiff is still trying to figure out an accurate payoff for itself given that as recent as March 3, 2025 (three weeks after filing its Complaint), the Plaintiff communicated that it had just "CANCELED" Notes 2 and 3 thereby further reducing the alleged principal balance owing.  See letter and "CANCELED" notes attached to this Answer at Exhibit E.  Exhibit E was in response to Defendants' Rule 11 Letter and an all too transparent (albeit unsuccessful) effort to avoid its usury violations.  Defendants deny any further implications and/or allegations for the reason they are not true.**

23.    On February 5, 2025, Lender/Assignee mailed via certified mail to Borrower/Landlord and to its tenant, JLB, Lender's "Notice of Default and Notice of Enforcement of Assignment of Leases and Rents" ("Barrel Back's Payment Direction"). On February 6, 2025, Lender/Assignee recorded Barrel Back's Payment Direction in the Charlevoix County Register of Deeds at L: 1426 P: 825 # 2025-0000604 NOTICE.

**ANSWER:  Defendants admit only that the "Barrel Back's Payment Direction" to which Plaintiff makes reference and any applicable records of the Charlevoix County Register of Deeds should speak for themselves.  For further answer, Plaintiff has not yet provided Defendants with an accurate payoff despite repeated requests.  Apparently the Plaintiff is still trying to figure out an accurate payoff for itself given that as recent as March 3, 2025 (three weeks after filing its Complaint), the Plaintiff communicated that it had just "CANCELED" Notes 2 and 3 thereby further reducing the alleged principal balance owing.  See letter and "CANCELED" notes attached to this Answer at Exhibit E.  Exhibit E was in response to Defendants' Rule 11 Letter and an all too transparent (albeit unsuccessful) effort to avoid its usury violations.  Defendants deny any further implications and/or allegations for the reason they are not true.**

24.    On February 5, 2025, Lender/Assignee mailed via certified mail to Borrower/Landlord and to its tenant, JLB, via certified mail, Lender's "Notice of Default and Notice of Enforcement of Assignment of Leases and Rents" ("Walloon Lake Inn's Payment Direction"). On February 6, 2025, Lender/Assignee recorded Walloon Lake Inn's Payment Direction in the Charlevoix County Register of Deeds at L: 1426 P: 788 # 2025-0000602 NOTICE.

[Hotel Walloon's Payment Direction, Barrel Back's Payment Direction, and Walloon Lake Inn's Payment Direction are collectively referred to as the "Tenant Payment Direction Letters".]

**ANSWER:  Defendants admit only that the "Walloon Lake Inn's Payment Direction" to which Plaintiff makes reference and any applicable records of the Charlevoix County Register of Deeds should speak for themselves.  For further answer, Plaintiff has not yet provided Defendants with an accurate payoff despite repeated requests.  Apparently the Plaintiff is still trying to figure out an accurate payoff for itself given that as recent as March 3, 2025 (three weeks after filing its Complaint), the Plaintiff communicated that it had just "CANCELED" Notes 2 and 3 thereby further reducing the alleged principal balance owing.  See letter and "CANCELED" notes attached to this Answer at Exhibit E.  Exhibit E was in response to Defendants' Rule 11 Letter and an all too transparent (albeit unsuccessful) effort to avoid its usury violations.  Defendants deny any further implications and/or allegations for the reason they are not true.**

25.    The form of notice included with each of the three Tenant Payment Direction Letters complies with Michigan's Uniform Assignment of Rents Act ("MUARA") M.C.L § 554.1051, et. seq., specifically M.C.L. § 554.1060.

**ANSWER:  This allegation calls for a legal conclusion and therefore no answer is required.**

### *The Guarantees*

26.    The Loan is supported by unlimited, continuing, unconditional guarantees (collectively the "Guarantees") from:

        (a)    the Trust,

        (b)    Matthew Borisch,

        (c)    Jonathan Borisch, and

        (d)    Mary Borisch.

[The Trust, Matthew Borisch, Jonathan Borisch, and Mary Borisch are collectively referred to as "Guarantors".]

**ANSWER:  This allegation calls for a legal conclusion and therefore no answer is required.  To the extent an answer is required, Defendants admit only that the "Guarantees" to which Plaintiff makes reference should speak for themselves.  For further answer, Defendants also confirm that individuals to which Plaintiff makes reference (i.e. "the Trust, Jonathan Borisch and Mary [Kay] Borisch") are Borrowers on the Actual Loan.  Defendants deny any further implications and/or allegations for the reason they are not true.**

27.    On September 29, 2023, the Trust, through its duly-authorized trustee, executed an unlimited continuing guarantee (the "Trust Guarantee") in favor of Lender to guaranty unconditionally to Lender the full payment and full performance of all obligations and liabilities of Borrower owed to Lender pursuant to the Loan Documents. See Exhibit 4. The Trust Guarantee is a guaranty of payment.

**ANSWER:  This allegation calls for a legal conclusion and therefore no answer is required.  To the extent an answer is required, Defendants admit only that the "Trust Guarantee" to which Plaintiff makes reference should speak for itself.  Defendants deny any further implications and/or allegations for the reason they are not true.**

28.    On September 29, 2023, Matthew Borisch duly-executed an unlimited continuing guarantee (the "Matthew Borisch Guarantee") in favor of Lender to guaranty unconditionally to Lender the full payment and full performance of all obligations and liabilities of Borrower owed to Lender pursuant to the Loan Documents. See Exhibit 5. The Matthew Borisch Guarantee is a guaranty of payment.

**ANSWER:  This allegation calls for a legal conclusion and therefore no answer is required.  To the extent an answer is required, Defendants admit only that the "Matthew Borisch Guarantee" to which Plaintiff makes reference should speak for itself.  Defendants deny any further implications and/or allegations for the reason they are not true.**

29.    On September 29, 2023, Jonathan Borisch duly-executed an unlimited continuing guarantee (the "J. Borisch Guarantee") in favor of Lender to guaranty unconditionally to Lender the full payment and full performance of all obligations and liabilities of Borrower owed to Lender pursuant to the Loan Documents. See Exhibit 6. The J. Borisch Guarantee is a guaranty of payment.

**ANSWER:  This allegation calls for a legal conclusion and therefore no answer is required.  To the extent an answer is required, Defendants admit only that the "J. Borisch Guarantee" to which Plaintiff makes reference should speak for itself.  Defendants deny any further implications and/or allegations for the reason they are not true.**

30.    On September 29, 2023, Mary Borisch duly-executed an unlimited continuing guarantee (the "Mary Borisch Guarantee") in favor of Lender to guaranty unconditionally to Lender the full payment and full performance of all obligations and liabilities of Borrower owed

to Lender pursuant to the Loan Documents. See Exhibit 7. The Mary Borisch Guarantee is a guaranty of payment.

**ANSWER:  This allegation calls for a legal conclusion and therefore no answer is required.  To the extent an answer is required, Defendants admit only that the "Mary Borisch Guarantee" to which Plaintiff makes reference should speak for itself.  Defendants deny any further implications and/or allegations for the reason they are not true.**

### *The Default*

31.     Pursuant to the Note, Borrower was required to make monthly periodic payments beginning on September 29, 2023 and continuing on the 29th calendar day of each consecutive month thereafter through August 29, 2024, followed by a single balloon payment (the "Balloon Payment") of the entire remaining unpaid balance of principal and interest due under the Loan on September 29, 2024 (the "Maturity Date").

**ANSWER: Defendants admit only that the terms of the Note to which Plaintiff makes reference should speak for itself.  Defendants deny any further implications and/or allegations for the reason they are not true.**

32.     The Note has not been paid as required by its express terms and by the terms of the other Loan Documents. Specifically, in addition to multiple other breaches of the Note, the Mortgage, the Assignment, the Guarantees, and the other Loan Documents, Borrower and Guarantors have failed to make all required monthly installment payments when due and have failed to pay the Balloon Payment by the Maturity Date. The Loan is in a continuous state of monetary default attributable solely to Borrower's and Guarantors' failure to make the payments as agreed and as obligated.

**ANSWER:  Defendants deny any implication and/or allegation that the interest payments due pursuant to the Actual Loan were not paid through the date of maturity for the reason that is not true.  All such payments were made.  The Ballon Payment to which Plaintiff makes reference has not been paid due to Plaintiff's unwillingness to provide an accurate payoff statement despite repeated requests.  Plaintiff has gone to great lengths to leverage Defendants into continuing to pay usurious monthly interest payments and renewing a usurious loan facility.  Those efforts included a recent attempt by Plaintiff's counsel to interfere with Defendants' pending refinance. Defendants also deny any further implications and/or allegations for the reason they are not true.**

33.      On February 5, 2025, Lender mailed to Borrower and to Guarantors via certified mail Lender's "Notice of Default and Notice of Enforcement of Assignment of Leases and Rents" ("Borrower's Default Notice"). See Exhibit 8.

**ANSWER:  Defendants admit receiving "Borrower's Default Notice" to which Plaintiff makes reference.  Defendants deny any further implications and/or allegations for the reason they are not true.**

34.      Borrower's Default Notice explicitly notified Borrower and Guarantors about their monetary default under the Loan Documents and confirmed that Lender had, among other remedies, accelerated all obligations under the Loan Documents.

**ANSWER:  Defendants admit the Notice of Default and Notice of Enforcement of Assignment of Leases and Rents to which Plaintiff makes reference should speak for itself. Defendants deny any further implications and/or allegations for the reason they are not true.**

35.      On February 6, 2025, Lender recorded Borrower's Default Notice in the Charlevoix County Register of Deeds at L: 1426 P: 767 # 2025-0000601 NOTICE. See Exhibit 8.

**ANSWER:  Defendants admit only that the records of the Charlevoix County Register of Deeds should speak for themselves.  Defendants deny any further implications and/or allegations for the reason they are not true.**

36.      All conditions precedent to commencement and maintenance of this action have been performed, satisfied, or otherwise discharged. Specifically, and without limitation, Lender has provided all requisite notices and made all requisite demands required by the Loan Documents and by applicable law.

**ANSWER:  This allegation calls for a legal conclusion and therefore no answer is required.  To the extent an answer is required, Defendants deny the implications and/or allegations for the reason they are not true.**

### COUNT I – WALLOON HOLDINGS
**(Breach of the Note)**

37.      This is an action against Borrower for money damages for breach of the Note. See Exhibit 1.

**ANSWER: Defendants admit that Plaintiff's Complaint seeks money damages. Defendants deny any further implications and/or allegations for the reason they are not true.**

38.     Lender realleges and incorporates herein the allegations set forth in paragraphs 14 through 19 and 31 through 36 of this Complaint.

**ANSWER: Defendants incorporate by reference their answers to all preceding paragraphs.**

39.     Borrower failed to make and deliver to Lender the payments that became due and owing under the Note, constituting a payment default, including without limitation the Balloon Payment that became due on the Maturity Date. Exhibit 1 - Note at p.3 ¶ 9.A.

**ANSWER: Defendants deny these implications and/or allegations for the reasons set forth above.**

40.     Borrower's failure to make and deliver the payments that are due and owing under the Note is a material breach of the Note and of the other Loan Documents, constituting an actionable event of default thereunder.

**ANSWER: This allegation calls for a legal conclusion and therefore no answer is required. To the extent an answer is required, Defendants deny these implications and/or allegations for the reasons set forth above.**

41.     Borrower's material breach of the Note has caused Lender to suffer damages.

**ANSWER: This allegation calls for a legal conclusion and therefore no answer is required. To the extent an answer is required, Defendants deny these implications and/or allegations for the reasons set forth above.**

42.     Borrower owes to Lender the principal amount of $9,977,616.01, plus interest at the default rate, attorneys' fees, costs, and other amounts recoverable under the Loan Documents.

**ANSWER: This allegation calls for a legal conclusion and therefore no answer is required. To the extent an answer is required, Defendants deny these implications and/or allegations for the reasons set forth above.**

43.     Lender has retained the law firms of The Solomon Law Group, P.A. and Saretsky Hart Michaels + Gould PC to prosecute this case on its behalf and it is obligated to compensate its

4916-4470-9148_4

attorneys for their professional services. Lender is entitled to recover its attorneys' fees and costs

pursuant to express terms of the Note.

**ANSWER:  Defendants lack knowledge or information sufficient to form a belief as to the relationship between Plaintiff and the law firms who have appeared in this matter. Upon information and belief, Defendants admit that Plaintiff has apparently retained the law firms referenced.  As it relates to Plaintiff being "entitled to recover its attorneys' fees and costs", that calls for a legal conclusion and therefore no answer is required.  To the extent an answer is required, Defendants deny these implications and/or allegations for the reasons set forth above.  Defendants are entitled to recover their costs and attorney fees incurred in defending this matter pursuant to Michigan statute.**

**WHEREFORE, Defendants respectfully requests that this Court dismiss with prejudice Count I of Plaintiff's Complaint and award Defendants their costs and reasonable attorney fees incurred in defending this action pursuant to Michigan statute.  Defendants further request that this Court grant any such other relief which this Court deems just and equitable.**

## COUNT II – THE TRUST
### (Breach of the Trust Guarantee)

44.    Lender realleges and incorporates herein the allegations set forth in paragraphs 14

through 19, 26 through 36, and 39 through 42 of this Complaint.

**ANSWER:  Defendants incorporate by reference their answers to all preceding paragraphs.**

45.    This is an action against the Trust for money damages for breach of the Trust

Guarantee. See Exhibit 4.

**ANSWER:  Defendants admit that Plaintiff's Complaint seeks money damages. Defendants deny any further implications and/or allegations for the reason they are not true.**

46.    Borrower has failed to make and deliver to Lender the payments that are due and

owing under the Loan Documents and the Loan and is in default.

**ANSWER:  Defendants deny these implications and/or allegations for the reasons set forth above.**

47.    The Trust has been notified of Borrower's default under the Loan Documents. See

Exhibit 8 (Borrower's Default Notice).

4916-4470-9148_4

**ANSWER:  Defendants admit receiving "Borrower's Default Notice" to which Plaintiff makes reference.  Defendants deny any further implications and/or allegations for the reasons set forth above.**

48.     Borrower's Default Notice declared and advised that all payment obligations owed by Borrower to Lender pursuant to the Note, the Mortgage, and all other Loan Documents, including the Trust Guarantee, are delinquent and must be satisfied immediately.

**ANSWER:  This allegation calls for a legal conclusion and therefore no answer is required.  To the extent an answer is required, Defendants deny these implications and/or allegations for the reasons set forth above.**

49.     The Trust has failed to make and even tender to Lender payment of the amounts due and owing under the Trust Guarantee.

**ANSWER:  This allegation calls for a legal conclusion and therefore no answer is required.  To the extent an answer is required, Defendants deny these implications and/or allegations for the reasons set forth above.**

50.     The Trust's failure to pay the payments that are due and owing under the Trust Guarantee is a material breach of the Trust Guarantee.

**ANSWER:  This allegation calls for a legal conclusion and therefore no answer is required.  To the extent an answer is required, Defendants deny these implications and/or allegations for the reasons set forth above.**

51.     As a result of the Trust's material breach of the Trust Guarantee, Lender has suffered damages.

**ANSWER:  This allegation calls for a legal conclusion and therefore no answer is required.  To the extent an answer is required, Defendants deny these implications and/or allegations for the reasons set forth above.**

52.     The Trust owes to Lender the principal amount of $9,977,616.01, plus default rate interest, attorneys' fees, costs, and other amounts recoverable under the Loan Documents.

**ANSWER:  This allegation calls for a legal conclusion and therefore no answer is required.  To the extent an answer is required, Defendants deny these implications and/or allegations for the reasons set forth above.**

4916-4470-9148_4

53.    Lender has retained the law firms of The Solomon Law Group, P.A. and Saretsky Hart Michaels + Gould PC to prosecute this case on its behalf and it is obligated to compensate its attorneys for their professional services. Lender is entitled to recover its attorneys' fees and costs pursuant to express terms of the Trust Guarantee.

**ANSWER:  Defendants lack knowledge or information sufficient to form a belief as to the relationship between Plaintiff and the law firms who have appeared in this matter. Upon information and belief, Defendants admit that Plaintiff has apparently retained the law firms referenced.  As it relates to Plaintiff being "entitled to recover its attorneys' fees and costs", that calls for a legal conclusion and therefore no answer is required.  To the extent an answer is required, Defendants deny these implications and/or allegations for the reasons set forth above.  Defendants are entitled to recover their costs and attorney fees incurred in defending this matter pursuant to Michigan statute.**

**WHEREFORE, Defendants respectfully requests that this Court dismiss with prejudice Count II of Plaintiff's Complaint and award Defendants their costs and reasonable attorney fees incurred in defending this action pursuant to Michigan statute.  Defendants further request that this Court grant any such other relief which this Court deems just and equitable.**

## <u>COUNT III – MATTHEW BORISCH</u>
### (Breach of the Matthew Borisch Guarantee)

54.    Lender realleges and incorporates herein the allegations set forth in paragraphs 14 through 19, 26 through 36, and 39 through 42 of this Complaint.

**ANSWER:  Defendants incorporate by reference their answers to all preceding paragraphs.**

55.    This is an action against Matthew Borisch for money damages for breach of the Matthew Borisch Guarantee. See Exhibit 5.

**ANSWER:  Defendants admit that Plaintiff's Complaint seeks money damages. Defendants deny any further implications and/or allegations for the reason they are not true.**

56.    Borrower has failed to make and deliver to Lender the payments that are due and owing under the Loan Documents and the Loan and is in default.

**ANSWER:  This allegation calls for a legal conclusion and therefore no answer is required.  To the extent an answer is required, Defendants deny these implications and/or allegations for the reasons set forth above.**

17

57.     Matthew Borisch has been notified of Borrower's default. See Exhibit 8 (Borrower's Default Notice).

**ANSWER:  Defendants admit receiving "Borrower's Default Notice" to which Plaintiff makes reference.  Defendants deny any further implications and/or allegations for the reasons set forth above.**

58.     Borrower's Default Notice declared and advised that all payment obligations owed by Borrower to Lender pursuant to the Note, the Mortgage, and all other Loan Documents, including the Matthew Borisch Guarantee, are delinquent and must be satisfied immediately.

**ANSWER:  This allegation calls for a legal conclusion and therefore no answer is required.  To the extent an answer is required, Defendants deny these implications and/or allegations for the reasons set forth above.**

59.     Matthew Borisch has failed to make and even tender to Lender payment of the amounts due and owing under the Matthew Borisch Guarantee.

**ANSWER:  This allegation calls for a legal conclusion and therefore no answer is required.  To the extent an answer is required, Defendants deny these implications and/or allegations for the reasons set forth above.**

60.     Matthew Borisch's failure to pay the payments that are due and owing under the Matthew Borisch Guarantee is a material breach of the Matthew Borisch Guarantee.

**ANSWER:  This allegation calls for a legal conclusion and therefore no answer is required.  To the extent an answer is required, Defendants deny these implications and/or allegations for the reasons set forth above.**

61.     As a result of Matthew Borisch's material breach of the Matthew Borisch Guarantee, Lender has suffered damages.

**ANSWER:  This allegation calls for a legal conclusion and therefore no answer is required.  To the extent an answer is required, Defendants deny these implications and/or allegations for the reasons set forth above.**

62.     Matthew Borisch owes to Lender the principal amount of $9,977,616.01, plus default rate interest, attorneys' fees, costs, and other amounts recoverable under the Loan Documents.

**ANSWER:  This allegation calls for a legal conclusion and therefore no answer is required.  To the extent an answer is required, Defendants deny these implications and/or allegations for the reasons set forth above.**

63.    Lender has retained the law firms of The Solomon Law Group, P.A. and Saretsky Hart Michaels + Gould PC to prosecute this case on its behalf and it is obligated to compensate its attorneys for their professional services. Lender is entitled to recover its attorneys' fees and costs pursuant to express terms of the Matthew Borisch Guarantee.

**ANSWER:  Defendants lack knowledge or information sufficient to form a belief as to the relationship between Plaintiff and the law firms who have appeared in this matter. Upon information and belief, Defendants admit that Plaintiff has apparently retained the law firms referenced.  As it relates to Plaintiff being "entitled to recover its attorneys' fees and costs", that calls for a legal conclusion and therefore no answer is required.  To the extent an answer is required, Defendants deny these implications and/or allegations for the reasons set forth above.  Defendants are entitled to recover their costs and attorney fees incurred in defending this matter pursuant to Michigan statute.**

**WHEREFORE, Defendants respectfully requests that this Court dismiss with prejudice Count III of Plaintiff's Complaint and award Defendants their costs and reasonable attorney fees incurred in defending this action pursuant to Michigan statute. Defendants further request that this Court grant any such other relief which this Court deems just and equitable.**

## COUNT IV – JONATHAN BORISCH
### (Breach of the J. Borisch Guarantee)

64.    Lender realleges and incorporates herein the allegations set forth in paragraphs 14 through 19, 26 through 36, and 39 through 42 of this Complaint.

**ANSWER:  Defendants incorporate by reference their answers to all preceding paragraphs.**

65.    This is an action against Jonathan Borisch for money damages for breach of the J. Borisch Guarantee. See Exhibit 6.

**ANSWER:  Defendants admit that Plaintiff's Complaint seeks money damages. Defendants deny any further implications and/or allegations for the reason they are not true.**

66.    Borrower has failed to make and deliver to Lender the payments that are due and owing under the Loan Documents and the Loan and is in default.

**ANSWER:  This allegation calls for a legal conclusion and therefore no answer is required.  To the extent an answer is required, Defendants deny these implications and/or allegations for the reasons set forth above.**

67.    Jonathan Borisch has been notified of Borrower's default under the Loan Documents. See Exhibit 8 (Borrower's Default Notice).

**ANSWER:  Defendants admit receiving "Borrower's Default Notice" to which Plaintiff makes reference.  Defendants deny any further implications and/or allegations for the reasons set forth above.**

**.**

68.    Borrower's Default Notice declared and advised that all payment obligations owed by Borrower to Lender pursuant to the Note, Mortgage, and all other Loan Documents, including the J. Borisch Guarantee, are delinquent and must be satisfied immediately.

**ANSWER:  This allegation calls for a legal conclusion and therefore no answer is required.  To the extent an answer is required, Defendants deny these implications and/or allegations for the reasons set forth above.**

69.    Jonathan Borisch has failed to make and even tender to Lender payment of the amounts due and owing under the J. Borisch Guarantee.

**ANSWER:  This allegation calls for a legal conclusion and therefore no answer is required.  To the extent an answer is required, Defendants deny these implications and/or allegations for the reasons set forth above.**

70.    Jonathan Borisch's failure to pay the payments that are due and owing under the J. Borisch Guarantee is a material breach of the J. Borisch Guarantee.

**ANSWER:  This allegation calls for a legal conclusion and therefore no answer is required.  To the extent an answer is required, Defendants deny these implications and/or allegations for the reasons set forth above.**

71.    As a result of Jonathan Borisch's material breach of the J. Borisch Guarantee, Lender has suffered damages.

**ANSWER:  This allegation calls for a legal conclusion and therefore no answer is required.  To the extent an answer is required, Defendants deny these implications and/or allegations for the reasons set forth above.**

72.    Jonathan Borisch owes to Lender the principal amount of $9,977,616.01, plus default rate interest, attorneys' fees, costs, and other amounts recoverable under the Loan Documents.

**ANSWER:  This allegation calls for a legal conclusion and therefore no answer is required.  To the extent an answer is required, Defendants deny these implications and/or allegations for the reasons set forth above.**

73.    Lender has retained the law firms of The Solomon Law Group, P.A. and Saretsky Hart Michaels + Gould PC to prosecute this case on its behalf and it is obligated to compensate its attorneys for their professional services. Lender is entitled to recover its attorneys' fees and costs pursuant to the express terms of J. Borisch Guarantee.

**ANSWER:  Defendants lack knowledge or information sufficient to form a belief as to the relationship between Plaintiff and the law firms who have appeared in this matter. Upon information and belief, Defendants admit that Plaintiff has apparently retained the law firms referenced.  As it relates to Plaintiff being "entitled to recover its attorneys' fees and costs", that calls for a legal conclusion and therefore no answer is required.  To the extent an answer is required, Defendants deny these implications and/or allegations for the reasons set forth above.  Defendants are entitled to recover their costs and attorney fees incurred in defending this matter pursuant to Michigan statute.**

**WHEREFORE, Defendants respectfully requests that this Court dismiss with prejudice Count IV of Plaintiff's Complaint and award Defendants their costs and reasonable attorney fees incurred in defending this action pursuant to Michigan statute. Defendants further request that this Court grant any such other relief which this Court deems just and equitable.**

## <u>COUNT V – MARY BORISCH</u>
### (Breach of the Mary Borisch Guarantee )

74.    Lender realleges and incorporates herein the allegations set forth in paragraphs 14 through 19, 26 through 36, and 39 through 42 of this Complaint.

**ANSWER:  Defendants incorporate by reference their answers to all preceding paragraphs.**

75.    This is an action against Mary Borisch for money damages for breach of the Mary Borisch Guarantee. See Exhibit 7.

**ANSWER:  Defendants admit that Plaintiff's Complaint seeks money damages. Defendants deny any further implications and/or allegations for the reason they are not true.**

76.     Borrower has failed to make and deliver to Lender the payments that are due and owing under the Loan Documents and the Loan and is in default.

**ANSWER:  This allegation calls for a legal conclusion and therefore no answer is required.  To the extent an answer is required, Defendants deny these implications and/or allegations for the reasons set forth above.**

77.     Mary Borisch has been notified of Borrower's default under the Loan Documents. See Exhibit 8 (Borrower's Default Notice).

**ANSWER:  Defendants admit receiving "Borrower's Default Notice" to which Plaintiff makes reference.  Defendants deny any further implications and/or allegations for the reasons set forth above.**

78.     Borrower's Default Notice declared and advised that all payment obligations owed by Borrower to Lender pursuant to the Note, the Mortgage, and all other Loan Documents, including the Mary Borisch Guarantee, are delinquent and must be satisfied immediately.

**ANSWER:  This allegation calls for a legal conclusion and therefore no answer is required.  To the extent an answer is required, Defendants deny these implications and/or allegations for the reasons set forth above.**

79.     Mary Borisch has failed to make and even tender to Lender payment of the amounts due and owing under the Mary Borisch Guarantee.

**ANSWER:  This allegation calls for a legal conclusion and therefore no answer is required.  To the extent an answer is required, Defendants deny these implications and/or allegations for the reasons set forth above.**

80.     Mary Borisch's failure to pay the payments that are due and owing under the Mary Borisch Guarantee is a material breach of the Mary Borisch Guarantee.

**ANSWER:  This allegation calls for a legal conclusion and therefore no answer is required.  To the extent an answer is required, Defendants deny these implications and/or allegations for the reasons set forth above.**

81.     As a result of Mary Borisch's material breach of the Mary Borisch Guarantee, Lender has suffered damages.

22

**ANSWER:  This allegation calls for a legal conclusion and therefore no answer is required.  To the extent an answer is required, Defendants deny these implications and/or allegations for the reasons set forth above.**

82.     Mary Borisch owes to Lender the principal amount of $9,977,616.01, plus default

rate interest, attorneys' fees, costs, and amounts recoverable under the loan Documents.

**ANSWER:  This allegation calls for a legal conclusion and therefore no answer is required.  To the extent an answer is required, Defendants deny these implications and/or allegations for the reasons set forth above.**

83.     Lender has retained the law firms of The Solomon Law Group, P.A. and Saretsky

Hart Michaels + Gould PC to prosecute this case on its behalf and it is obligated to compensate its

attorneys for their professional services. Lender is entitled to recover its attorneys' fees and costs

pursuant to express terms of the Mary Borisch Guarantee.

**ANSWER:  Defendants lack knowledge or information sufficient to form a belief as to the relationship between Plaintiff and the law firms who have appeared in this matter. Upon information and belief, Defendants admit that Plaintiff has apparently retained the law firms referenced.  As it relates to Plaintiff being "entitled to recover its attorneys' fees and costs", that calls for a legal conclusion and therefore no answer is required.  To the extent an answer is required, Defendants deny these implications and/or allegations for the reasons set forth above.  Defendants are entitled to recover their costs and attorney fees incurred in defending this matter pursuant to Michigan statute.**

**WHEREFORE, Defendants respectfully requests that this Court dismiss with prejudice Count V of Plaintiff's Complaint and award Defendants their costs and reasonable attorney fees incurred in defending this action pursuant to Michigan statute.  Defendants further request that this Court grant any such other relief which this Court deems just and equitable.**

## COUNT VI – WALLOON HOLDINGS & TENANTS
### (Foreclosure of Mortgage)

84.     Lender realleges and incorporates herein the allegations set forth in paragraphs 14

through 19, 31 through 36, and 39 through 42 of this Complaint.

**ANSWER:  Defendants incorporate by reference their answers to all preceding paragraphs.**

85.     This is an action to foreclose the Mortgage encumbering the Real Property and other rights associated with the Real Property situated in Charlevoix County, Michigan.

**ANSWER:  Defendants admit that Plaintiff's Complaint seeks to foreclose the referenced Mortgage.  Defendants deny any further implications and/or allegations for the reason they are not true.**

86.     The Mortgage creates a valid and fully enforceable mortgage lien and security interest in the Real Property that is comprised of 13 commercial properties that are identified with specificity in Exhibit "A" to the Mortgage to secure and to ensure payment and performance of all obligations arising under the Note and the other Loan Documents. See Exhibit 2 at Exhibit "A" thereto.

**ANSWER:  This allegation calls for a legal conclusion and therefore no answer is required.  To the extent an answer is required, Defendants deny these implications and/or allegations for the reasons set forth above.**

87.     Lender has and holds a first priority lien and security interest granted by Borrower to Lender encumbering all of the Real Property described in Exhibit "A" to the Mortgage - - with the one exception of the parcel identified in Exhibit "A" to the Mortgage as property #10 [4127 M75, Walloon Lake, MI 49796] in which Lender holds a second priority lien and security interest.

**ANSWER:  This allegation calls for a legal conclusion and therefore no answer is required.  To the extent an answer is required, Defendants deny these implications and/or allegations for the reasons set forth above.**

88.     Borrower has or may claim an interest in the Real Property by virtue of Borrower's ownership or possession of the Real Property or otherwise. However, any interest that has been, now is, or may be held or claimed in the Real Property, by Borrower or by anyone associated with Borrower or whose interest is derived from Borrower, if any, is subordinate and inferior to the lien of the Mortgage and to the security interest(s) held by Lender.

**ANSWER:  This allegation calls for a legal conclusion and therefore no answer is required.  To the extent an answer is required, Defendants deny these implications and/or allegations for the reasons set forth above.**

89.    Tenants or any of them may have or may claim an interest in the Demised Property encompassed within the Real Property by virtue of actual or constructive possession of the Demised Property or other rights relating thereto. However, any and all interests that have been, now are, or may be held by Tenants or by any of them in the Demised Property, if any, are subordinate and inferior to the lien of the Mortgage and to the security interest(s) held by Lender.

**ANSWER:  This allegation calls for a legal conclusion and therefore no answer is required.  To the extent an answer is required, Defendants deny these implications and/or allegations for the reasons set forth above.**

90.    The Loan secured by the Real Property has been and is in a continuous state of monetary default by virtue of Borrower's failure to make the Loan payments as agreed and as required by the Loan Documents.

**ANSWER:  This allegation calls for a legal conclusion and therefore no answer is required.  To the extent an answer is required, Defendants deny these implications and/or allegations for the reasons set forth above.**

91.    The default under the Note and the other Loan Documents constitutes an event of default under the Mortgage. See Exhibit 2 - Mortgage "Default." P.9 ¶ A.

**ANSWER:  This allegation calls for a legal conclusion and therefore no answer is required.  To the extent an answer is required, Defendants deny these implications and/or allegations for the reasons set forth above.**

92.    As a result of Borrower's material breach of the Note and of the Mortgage, Lender has suffered damages.

**ANSWER:  This allegation calls for a legal conclusion and therefore no answer is required.  To the extent an answer is required, Defendants deny these implications and/or allegations for the reasons set forth above.**

93.    Based on Borrower's default under the Note and the Mortgage, Lender has elected to foreclose the lien and the security interest granted and created by the Mortgage on all of the Real Property.

4916-4470-9148_4

**ANSWER:  This allegation calls for a legal conclusion and therefore no answer is required.  To the extent an answer is required, Defendants deny these implications and/or allegations for the reasons set forth above.**

94.    Lender also intends to pursue any and all deficiencies that remain following foreclosure of the lien and the security interest created by the Mortgage and reserves all rights to do so.

**ANSWER:  This allegation calls for a legal conclusion and therefore no answer is required.  To the extent an answer is required, Defendants deny these implications and/or allegations for the reasons set forth above.**

95.    Lender has retained the law firms of The Solomon Law Group, P.A. and Saretsky Hart Michaels + Gould PC to prosecute this case on its behalf and it is obligated to compensate its attorneys for their professional services. Lender is entitled to recover its attorneys' fees and costs pursuant to the express terms of the Mortgage.

**ANSWER:  Defendants lack knowledge or information sufficient to form a belief as to the relationship between Plaintiff and the law firms who have appeared in this matter. Upon information and belief, Defendants admit that Plaintiff has apparently retained the law firms referenced.  As it relates to Plaintiff being "entitled to recover its attorneys' fees and costs", that calls for a legal conclusion and therefore no answer is required.  To the extent an answer is required, Defendants deny these implications and/or allegations for the reasons set forth above.  Defendants are entitled to recover their costs and attorney fees incurred in defending this matter pursuant to Michigan statute.**

**WHEREFORE, Defendants respectfully requests that this Court dismiss with prejudice Count VI of Plaintiff's Complaint and award Defendants their costs and reasonable attorney fees incurred in defending this action pursuant to Michigan statute. Defendants further request that this Court grant any such other relief which this Court deems just and equitable.**

## COUNT VII – WALLOON HOLDINGS AND TENANTS
### (Enforcement of Assignment and Specific Performance)

96.    This is an action against Borrower/Assignor and Tenants for enforcement of the Assignment. See Exhibit 3.

**ANSWER:  Defendants admit only that Exhibit 3 speaks for itself.  Defendants deny any further implications and/or allegations.**

97.     Lender/Assignee realleges and incorporates herein the allegations set forth in paragraphs 14 through 25, 31 through 36, and 39 through 42 of this Complaint.

**ANSWER:  In answer to paragraph 97 of the Complaint, Defendants reiterate and incorporate their answers to the preceding paragraphs.**

98.     Borrower/Assignor and Guarantors have failed to perform and to discharge as required the obligations imposed by and assumed under the Loan Documents.

**ANSWER:  Denied as untrue.**

99.     Borrower/Assignor and Guarantors' failure to discharge the obligations under the Loan Documents constitutes a material breach under the Assignment and entitles Lender/Assignee to enforce the remedies specified in the Assignment and available under Michigan Law.

**ANSWER:  This allegation calls for a legal conclusion and therefore no answer is required.  To the extent an answer is required, Defendants deny as untrue.**

100.     Lender/Assignee has elected to enforce the Assignment to the fullest extent allowable.

**ANSWER:  Defendants neither admit nor deny for lack of knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.**

101.     All rights, claims, and defenses of the Tenants and each of them are subordinate and inferior to the rights and claims of Lender/Assignee as provided by the Assignment.

**ANSWER:  Defendants neither admit nor deny for lack of knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.**

102.     Lender has provided all requisite notices and made all requisite demands required by the Assignment, the Leases, and by applicable law – including mailing and recording the Tenant Payment Direction Letters as provided by M.C.L. § 554.1060 - to place Borrower/Assignor and Tenants on Notice of their obligations to pay rents otherwise due Borrower/Landlord to be paid to Lender/Assignee.

**ANSWER:  Defendants neither admit nor deny for lack of knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.**

103.    Lender has retained the law firms of The Solomon Law Group, P.A. and Saretsky Hart Michaels + Gould PC to prosecute this case on its behalf and it is obligated to compensate its attorneys for their professional services. Lender is entitled to recover its attorneys' fees and costs pursuant to the express terms of the Assignment.

**ANSWER:  Defendants lack knowledge or information sufficient to form a belief as to the relationship between Plaintiff and the law firms who have appeared in this matter. Upon information and belief, Defendants admit that Plaintiff has apparently retained the law firms referenced.  As it relates to Plaintiff being "entitled to recover its attorneys' fees and costs", that calls for a legal conclusion and therefore no answer is required.  To the extent an answer is required, Defendants deny these implications and/or allegations for the reasons set forth above.  Defendants are entitled to recover their costs and attorney fees incurred in defending this matter pursuant to Michigan statute.**

**WHEREFORE, Defendants respectfully requests that this Court dismiss with prejudice Count VII of Plaintiff's Complaint and award Defendants their costs and reasonable attorney fees incurred in defending this action pursuant to Michigan statute. Defendants further request that this Court grant any such other relief which this Court deems just and equitable.**

Date: March 7, 2025

By:  */s/ Floyd E. Gates, Jr.*
**BODMAN PLC**
Floyd E. Gates, Jr. (P54234)
Melissa K. Bridges (P67898)
J. Grant Semonin (P86855)
Cameron D. Ritsema (P86887)
99 Monroe Ave. NW, Suite 300
Grand Rapids, MI 49503
(616) 205-3123
fgates@bodmanlaw.com
mbridges@bodmanlaw.com
gsemonin@bodmanlaw.com
critsema@bodmanlaw.com
*Attorneys for Defendants*

4916-4470-9148_4

## <u>AFFIRMATIVE DEFENSES</u>

Defendants, Walloon Lake Holdings, LLC, Matthew Allen Borisch as Trustee of Matthew Allen Borisch Trust Under an Agreement dated September 19, 2006, Matthew Allen Borisch, Jonathan L. Borisch, Mary K. Borisch, JLB Restaurant Holdings, LLC, and Hotel Walloon, LLC (collectively "Defendants"), by and through their attorneys Bodman PLC, submit the following Affirmative Defenses:

1.      Plaintiff fails to state a claim against Defendants upon which relief can be granted, and Defendants are entitled to judgment as a matter of law.

2.      There is no genuine issue of material fact regarding the illegality (including usury) of Plaintiff's loan facility and Defendants are entitled to judgment as a matter of law.

3.      Plaintiff's claims are barred or precluded, either in whole or in part, because Plaintiff cannot establish the elemental prerequisites to recovery.

4.      Plaintiff's claims are barred, precluded, or limited, in whole or in part, by the doctrines of laches or unclean hands.

5.      Plaintiff's claims are or may be barred, in whole or in part, by the doctrines of estoppel and/or waiver.

6.      Plaintiff's claims are or may be barred, in whole or in part, by the doctrine of consent.

7.      Plaintiff's claims are or may be barred, in whole or in part, by the doctrine of ratification.

8.      Plaintiff's claims are or may be barred, in whole or in part, by a failure of consideration.

9.      Plaintiff's claims are or may be barred, in whole or in part, by its first material breach.

10.     Plaintiff has violated the covenants of good faith and fair dealing.

11.     Plaintiff's claims are or may be barred, in whole or in part, by the applicable statute of limitations and/or statute of repose.

12.     Plaintiff's claims are or may be barred, in whole or in part, by its failure to mitigate damages.

13.      Plaintiff's claims are or may be barred, in whole or in part, due to its lack of authority to transact business and failure to be properly licensed.

14.     Plaintiff and its counsel have misrepresented the underlying loan facility to this Court in violation of Fed. R. Civ. P. 11.

15.     Defendants have provided Plaintiff and its counsel with opportunity to correct their misrepresentations to this Court and thus far, Plaintiff and its counsel have declined.

16.     Defendants intend to seek appropriate sanctions against Plaintiff and its counsel for their violation of Fed. R. Civ. P. 11.

17.     Plaintiff's claims are or may be barred, in whole or in part, due to the underlying loan facility being in violation of Michigan's usury statute (i.e. including criminal usury).

18.     Plaintiff's security for the underlying loan facility at issue at the time the loan was made included not less than twenty (20) parcels/units of real property which qualified as a single family residence.

19.      Plaintiff's claims are or may be barred, in whole or in part, pursuant to the wrongful conduct rule.

20.     Plaintiff has failed to name necessary parties to the litigation.

21.     Plaintiff's wrongful conduct was/is knowing and intentional.

22.     Plaintiff's refusal to provide a proper payoff/commit to providing discharges despite repeated requests is a violation of Michigan statute.

23.     Otherwise privileged communication will be discoverable based on the crime/fraud exception.

24.     Defendants will bring a proper Counterclaim/Thid-Party Claim in connection with this action premised on breach of contract, fraudulent misrepresentation, tortious interference with contract/business expectancy, defamation, civil extortion and abuse of process.

25.     Defendants and their businesses have been significantly damaged/damages are continuing to accrue.

26.     Defendants reserve the right to assert additional Affirmative Defenses as the same may become known, up to and through the date of trial.

WHEREFORE, Defendants respectfully requests that this Court dismiss with prejudice Plaintiff's Complaint in its entirely and award Defendants their costs and reasonable attorney fees incurred in defending this action pursuant to Michigan statute.  Defendants further request that this Court grant any such other relief which this Court deems just and equitable.


Date: March 7, 2025

By:  */s/ Floyd E. Gates, Jr.*
**BODMAN PLC**
Floyd E. Gates, Jr. (P54234)
Melissa K. Bridges (P67898)
J. Grant Semonin (P86855)
Cameron D. Ritsema (P86887)
99 Monroe Ave. NW, Suite 300
Grand Rapids, MI 49503
(616) 205-3123
fgates@bodmanlaw.com
mbridges@bodmanlaw.com
gsemonin@bodmanlaw.com
critsema@bodmanlaw.com
*Attorneys for Defendants*

4916-4470-9148_4