# EXHIBIT E



**SOLOMON LAW GROUP**

J. ANDREW BALDWIN
VICTORIA CRUZ
LAURA H. HOWARD
TRENTON T. LEIGH
ROBERT G. MAY
ALEXA A. RODRIGUEZ
SABRINA E. SOLOMON
STANFORD R. SOLOMON
MATTHEW E. THATCHER *

*BOARD CERTIFIED IN
MARITAL AND FAMILY LAW

1881 WEST KENNEDY BOULEVARD, SUITE D
TAMPA, FLORIDA 33606-1611

TELEPHONE: (813) 225-1818
TELECOPIER: (813) 225-1050
TOLL FREE: (888) 483-1818
WWW.SOLOMONLAW.COM

*LAW CLERK*
ADAM J. TAMMARO

*PARALEGALS*
STEPHANIE N. MALDONADO
TERRY P. THIELE
ARELY QUILES
ERIN L. MILLMAN

*INFORMATION TECHNOLOGY*
WILLIAM F. KENT

*FIRM ADMINISTRATOR*
JACQUELINE GLADE

March 3, 2025

**VIA EMAIL**
**& FedEx Tracking No. 8176 5131 9376:**
**Bodman PLC**
c/o Floyd E. Gates, Jr., Esq.
[*FGates@BodmanLaw.com*]
c/o Melissa Bridges, Esq.
[*MBridges@BodmanLaw.com*]
c/o Cameron Ritsema, Esq.
[*CRitsema@BodmanLaw.com*]
c/o Grant Semonin, Esq.
[*GSemonin@BodmanLaw.com*]
99 Monroe Ave. NW, Suite 300
Grand Rapids, MI 49503

> **CANCELED NOTES**
> **– AND –**
> **RESPONSE TO RULE 11 LETTER**

Re:    *Private Financing Alternatives, LLC v. Walloon Lake Holdings, LLC, et al.*
Case No. 1:25-cv-00165-HYJ-mv

Ladies & Gentlemen:

We represent Private Financing Alternatives, LLC ("**Lender**") in the above referenced action (the "**Litigation**").

We understand that you represent: (i) Walloon Lake Holdings, LLC ("**Walloon Holdings**"[1]); (ii) the Matthew Allen Borisch Trust Under an Agreement Dated September 19, 2006 (the "**Trust**"); (iii) Matthew Allen Borisch ("**Matthew Borisch**"); (iv) Jonathan L. Borisch ("**J. Borisch**"); (v) Mary K. Borisch ("**Mary Borisch**"[2]); (vi) JLB Restaurant Holdings, LLC ("**JLB**"); and (vii) Hotel Walloon, LLC ("**Hotel Walloon**"[3]). Inasmuch as your firm has not formally entered in the Litigation an appearance on behalf of the Borrower, the Guarantors, or the Tenants[4], please let us know immediately if you are not actually representing any of these parties.

---

[1] Walloon Holdings is referred to as the "**Borrower**".

[2] The Trust, Matthew Borisch, J. Borisch, and Mary Borisch are collectively referred to as the "**Guarantors**".

[3] JLB and Hotel Walloon are collectively referred to as the "**Tenants**".

[4] Walloon Holdings, the Guarantors, and the Tenants are collectively referred to as the "**Defendants**".

Bodman PLC
March 3, 2025
Page 2

Enclosed herewith are the following:

(1) The ***original*** commercial promissory note made by the Trust on September 29, 2023, in the amount of to $2,000,000 (the "**Trust Note**"), which secured the $2,000,000 loan reflected as "**Loan Two**" in the Cross-Collateralization / Cross-Default Agreement (the "**Cross Agreement**") of even date. The ***original*** Trust Note has been marked as "CANCELED". The obligations of the Trust arising exclusively under the Trust Note have been paid in full.

(2) The ***original*** commercial promissory note made by J. Borisch and by Mary Borisch on September 29, 2023, in the amount of $3,000,000 (the "**John and Mary Borisch Note**"), which secured the $3,000,000 loan reflected as "**Loan Three**" in the Cross Agreement of even date. The John and Mary Borisch Note has been marked as "CANCELED". The obligations of J. Borisch and Mary Borisch arising exclusively under the John and Mary Borisch Note have been paid in full.

We would encourage you to retain and to preserve these original instruments.

### RESPONSE TO RULE 11 LETTER

On February 28, 2025, you emailed to Lender's counsel a letter titled "Rule 11 Sanctions Letter" (the "**Sanctions Letter**"). Please allow this to serve as Lender's entire response to the claims made in the Sanctions Letter.

In the Sanctions Letter, you boldly and baselessly contend stated that Lender has made "obvious and material misrepresentations" which "constitute a clear violation of [Rule 11(b)]." The Sanctions Letter refers to another letter, *viz.*: the December 21, 2024 letter (the "**Demand Letter**"), which you transmitted to Lender's representative, Joshua Horrocks, prior to the instant Litigation. The Demand Letter specifically relies upon rule 11(b)(3), which states in full:

> **(b) Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> * * *
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

Rule 11(b)(3) (emphasis from the Sanctions Letter).

Bodman PLC
March 3, 2025
Page 3

The gravamen of the Sanctions Letter's contentions can be summarized as follows:

(1) Lender's assertion [Compl. @ ¶ 14] that the Loan was for $10,000,000.00 is false because the Loan "was actually in the amount of $15,000,000.00" [Sanctions Letter @ p.3, ¶ 2] (the "**Alleged Loan Misrepresentation**").

(2) Lender's assertion [Compl. @ ¶ 17] that the Loan was secured by a mortgage (the "**Mortgage**[5]") encumbering the "13 commercial properties identified in Exhibit 'A' to and incorporated in the Mortgage' (collectively the '**Real Property'**)" is false because: "Not only did the Mortgage you have identified in [the] Complaint include multiple properties qualifying as single family residences, but the Mortgages you have conveniently omitted from your Complaint (i.e. which secured the entirety of the $15,000,000 loan from the inception) included single family residences in both Florida and Michigan." [Sanctions Letter @ p.3, ¶ 3] (the "**Alleged Collateral Misrepresentation**").

Both the Alleged Loan Misrepresentation and the Alleged Collateral Misrepresentation are resolved in Lender's favor by application of the explicit provisions of the Cross Agreement, and by the terms of Walloon Holdings Note (the "**Note Sued Upon**"), the Trust Note, and the John and Mary Borisch Note (collectively the "**Notes**"). Specifically, the Alleged Loan Misrepresentation is belied by the express terms of the Cross Agreement which clearly and unambiguously treats *each loan* made to the Defendants as *separate and distinct obligations*, *viz*.:

WHEREAS, Lender has extended the loans to [the] Borrowers as follows:

(a) A term loan to **WALLOON LAKE HOLDINGS, LLC** dated September 29, 2023 in the original principal amount of $10,000,000.00 secured by a Mortgage, Assignment of Rents, Security Agreement, and Financing Statement recorded on October 10, 2023, Document #2323-005790 (L:1390, P:212) of the Register of Deeds of Charlevoix County, Michigan, encumbering the real property owned by **WALLOON LAKE HOLDINGS, LLC**, particularly described in Exhibit "A" attached hereto and incorporated herein by reference (hereafter "**Loan One**"); and

(b) A term loan to **MATTHEW ALLEN BORISCH TRUST UNDER AN AGREEMENT DATED September 19, 2006** dated September 29, 2023 in the original principal amount of $2,000,000.00 secured by a Mortgage, Security Agreement, and Financing Statement recorded on October 11, 2023, Document

---

[5] **Exhibit "2"** to the Complaint, ECF No. 1-3.

Bodman PLC
March 3, 2025
Page 4

#2023-0005800 (L:1390, P:261) of the Register of Deeds of Charlevoix County, Michigan, encumbering the real property owned by **MATTHEW ALLEN BORISCH TRUST UNDER AN AGREEMENT DATED September 19, 2006**, particularly described in Exhibit "A" attached hereto and incorporated herein by reference (hereafter "**Loan Two**"); and

(c) A term loan to **JONATHAN L. BORISCH and MARY K. BORISCH** dated September 29, 2023 in the original principal amount of $3,000,000.00 secured by a Mortgage, Security Agreement, and Financing Statement recorded on October 12, 2023, Document #2023-0005813 (L:1390, P:357) of the Register of Deeds of Charlevoix County, Michigan, encumbering the real property owned by **JONATHAN L. BORISCH and MARY K. BORISCH**, particularly described in Exhibit "A" attached hereto and incorporated herein by reference (hereafter "**Loan Three**"); and

* * *

6) **Separate Obligations**.  Notwithstanding any other provision of this [Cross Agreement], each of Loan One, Loan Two, [and] Loan Three… shall be and remain separate obligations of Borrower, and the promissory notes evidencing each of the Loans and the security therefor may be separately enforceable according to their respective terms. At its option, Lender may institute separate proceedings with respect to each of Loan One, Loan Two, [and] Loan Three . . . simultaneously, or in such order and at such times as Lender may elect. . . . Default under any one or more of the Loans shall constitute a separate cause of action, and the institution of proceedings upon one or more default shall not be construed as a splitting of a cause of action by Lender.

Furthermore, the $10,000,000.00 note from Walloon Holdings that is the subject of the Complaint (i.e., the **Note Sued Upon**), as well as the Trust note, and the John and Mary Borisch Note all contain *identical* provisions related to application of payments made by the respective borrowers, *viz.*:

5. **Payment**.  . . . Each payment I make on this Note will be applied first to late charges that are due, then to interest that is due, then to principal that is due, then to escrow that is due, and finally to fees that are due.  If you and I agree to a different application of payments, we will describe our agreement on this Note. [Lender] may change how payments are applied in [Lender's] sole discretion without notice to me. . . .

Reading these applicable terms in *pari materia*, both the Alleged Loan Misrepresentation and the Alleged Collateral Misrepresentation must be resolved in Lender's favor. Specifically, the Alleged Loan Misrepresentation is belied by the express terms of the Cross Agreement which treats *each loan* made to the Defendants as a *separate and distinct obligation*. The Alleged Collateral Misrepresentation as to the Note Sued Upon is likewise resolved by the

Bodman PLC
March 3, 2025
Page 5

applicable governing documents. Exhibit "A" to the Cross Agreement identifies 13 properties (properties 6-18) which are identical to the "Real Property" identified in the Complaint/Mortgage [ECF No. 1-3 @ 22-27]. The existence of a dispute between the parties as to the characterization of the "Real Property" as commercial versus residential is not sanctionable under rule 11 because "the factual contentions" that we have made "have evidentiary support".

If you choose to file a sanctions motion, we will seek all fees incurred in opposing your effort. We would also seek emission to convert the effort into a dispositive motion on the applicability of the statutory usury exemption. That's the route we are hoping to take anyway.

Sincerely yours,

THE SOLOMON LAW GROUP, P.A.

By: _____

Stanford R. Solomon

SRS/rgm
Enclosures: Original notes as referenced

| NOTE AMOUNT | LOAN NAME | NOTE DATE | MATURITY DATE | LOAN PURPOSE |
|---|---|---|---|---|
| $3,000,000.00 | JONATHAN L. BORISCH & MARY K. BORISCH | September 29, 2023 | September 29, 2024 | Commercial |

## PROMISSORY NOTE
(Commercial - Draw)

**DATE AND PARTIES.**  The date of this Promissory Note (Note) is September 29, 2023.  The parties and their addresses are:

**LENDER:**

**PRIVATE LENDING ALTERNATIVES, LLC**
**a Florida Limited Liability Company**
14608 N. Dale Mabry Highway
Tampa, Florida 33618



**BORROWER:**

**JONATHAN L. BORISCH**
**MARY K. BORISCH**
40 Pearl Street NW, Suite 336
Grand Rapids, Michigan 49503

**1. DEFINITIONS.**  As used in this Note, the terms have the following meanings:

**A. Pronouns.**  The pronouns "I," "me," and "my" refer to each Borrower signing this Note, individually and together with their heirs, successors and assigns, and each other person or legal entity (including guarantors, endorsers, and sureties) who agrees to pay this Note.  "You" and "Your" refer to the Lender, any participants or syndicators, successors and assigns, or any person or company that acquires an interest in the Loan.

**B. Note.**  Note refers to this document, and any extensions, renewals, modifications and substitutions of this Note.

**C. Loan.**  Loan refers to this transaction generally, including obligations and duties arising from the terms of all documents prepared or submitted for this transaction such as applications, security agreements, disclosures or notes, and this Note.

**D. Loan Documents.**  Loan Documents refer to all the documents executed as a part of or in connection with the Loan.

**E. Property.**  Property is any property, real, personal or intangible, that secures my performance of the obligations of this Loan.

**F. Percent.**  Rates and rate change limitations are expressed as annualized percentages.

**G. Dollar Amounts.**  All dollar amounts will be payable in lawful money of the United States of America.

JONATHAN L. BORISCH
MARY K. BORISCH
Michigan **Promissory Note**

Page 1

**2. PROMISE TO PAY.**  For value received, I promise to pay you or your order, at your address, or at such other location as you may designate, amounts advanced from time to time under the terms of this Note up to the maximum total principal balance of **$3,000,000.00 (Principal)** plus interest from the date of disbursement, on the unpaid outstanding Principal balance until this Note matures or this obligation is accelerated.

All advances made will be made subject to the terms of a separate construction loan agreement and all other terms and conditions of the Loan.

**3. INTEREST.**  Interest will be calculated at thirteen and one-half (13 ½) percentage points over the prime rate, as published by the Wall Street Journal, with a floor interest rate of twenty-two percent (22%). Interest will accrue each month during the term of the loan on all amounts due with a balloon payment due upon maturity. Any payments made by Borrower during the term of this loan shall be applied first to interest, and then to principal.

Borrower agrees that Lender will earn a minimum of three million, three hundred thousand dollars ($3,300,000.00) of interest during the term of this loan. In the event the loan is to be paid in full or in part prior to the maturity date and the minimum interest requirement has not yet been met, there will be a prepayment premium equal to the unpaid minimum amount of interest that would have been payable to Lender under the Note if the Note had not been prepaid, less the yield on One Year Treasury Constant Maturities as published in the Wall Street Journal on the last Business Day prior to the prepayment.

    **A. Interest After Default.**  If you declare a default under the terms of the Loan, including for failure to pay in full at maturity, you may increase the Interest Rate payable on the outstanding Principal balance of this Note.  In such event, interest will accrue on the outstanding Principal balance at the Interest Rate in effect from time to time, plus an additional 10.000 percent, until paid in full.

    **B. Maximum Interest Amount.**  Any amount assessed or collected as interest under the terms of this Note will be limited to the maximum lawful amount of interest allowed by applicable law.  Amounts collected in excess of the maximum lawful amount will be applied first to the unpaid Principal balance.  Any remainder will be refunded to me.

    **C. Accrual.**  Interest accrues using an Actual/360 days counting method.

**4. REMEDIAL CHARGES.**  In addition to interest or other finance charges, I agree that I will pay these additional fees based on my method and pattern of payment.  Additional remedial charges may be described elsewhere in this Note.

    **A. Late Charge.**  If a payment is more than **15** days late, I will be charged **5.000** percent of the Amount of Payment.  I will pay this late charge promptly but only once for each late payment.

    **B. Returned Check Charge.**  I agree to pay a fee not to exceed $40.00 for each check, negotiable order of withdrawal or draft I issue in connection with the Loan that is returned because it has been dishonored.

    **C. Stop Payment Fee.**  A Stop Payment Fee equal to $30.00.

**5. PAYMENT.**  I agree to pay this Note in 12 installment payments. Interest will be calculated at thirteen and one-half (13 ½) percentage points over the prime rate, as published by the Wall Street Journal, with a floor interest rate of twenty-two percent (22%). Interest will accrue each month during the term of the loan on all amounts due with a balloon payment due upon maturity. Any payments made by Borrower during the term of this loan shall be applied first to interest, and then to principal.

Borrower agrees that Lender will earn a minimum of three million, three hundred thousand dollars ($3,300,000.00) of interest during the term of this loan. In the event the loan is to be paid in full or in part prior to the maturity date and the minimum interest

JONATHAN L. BORISCH
MARY K. BORISCH
Michigan **Promissory Note**

requirement has not yet been met, there will be a prepayment premium equal to the unpaid minimum amount of interest that would have been payable to Lender under the Note if the Note had not been prepaid, less the yield on One Year Treasury Constant Maturities as published in the Wall Street Journal on the last Business Day prior to the prepayment. During the first phase of the Loan.

I will make 12 payments of beginning on September 29, 2023, and on the 29th day of each month thereafter. A single "balloon payment" of the entire unpaid balance of Principal and interest will be due September 29, 2024.

Payments will be rounded up to the nearest $.01. With the final payment I also agree to pay any additional fees or charges owing and the amount of any advances you have made to others on my behalf. Payments scheduled to be paid on the 29th, 30th or 31st day of a month that contains no such day will, instead, be made on the last day of such month.

Each payment I make on this Note will be applied first to late charges that are due, then to interest that is due, then to principal that is due, then to escrow that is due, and finally to fees that are due. If you and I agree to a different application of payments, we will describe our agreement on this Note. You may change how payments are applied in your sole discretion without notice to me. The actual amount of my final payment will depend on my payment record.

**6. PREPAYMENT.** I may prepay this Loan in full or in part at any time. Any partial prepayment will not excuse any later scheduled payments until I pay in full.

**7. LOAN PURPOSE.** Funds from this loan will be used to pay down the existing credit line with M/T Bank and as operating capital.

**8. SECURITY.** The Loan is secured by separate security instruments prepared together with this Note as follows:

| Document Name | Parties to Document |
|---|---|
| Personal Guarantee – JONATHAN L. BORISCH | JONATHAN L. BORISCH |
| Personal Guarantee – MARY K. BORISCH | MARY K. BORISCH |
| UCC Financing Statement – on all assets of JONATHAN L.BORISCH and MARY K. BORISCH | Private Financing Alternatives, LLC JONATHAN L. BORISCH MARY K. BORISCH |

**9. DEFAULT.** I will be in default if any of the following events (known separately and collectively as an Event of Default) occur:

**A. Payments.** I fail to make a payment in full when due.

**B. Insolvency or Bankruptcy.** The death, dissolution or insolvency of, appointment of a receiver by or on behalf of, application of any debtor relief law, the assignment for the benefit of creditors by or on behalf of, the voluntary or involuntary termination of existence by, or the commencement of any proceeding under any present or future federal or state insolvency, bankruptcy, reorganization, composition or debtor relief law by or against me or any co-signer, endorser, surety or guarantor of this Note or any other obligations I have with you.

JONATHAN L. BORISCH
MARY K. BORISCH
Michigan **Promissory Note**

**C. Business Termination.** I merge, dissolve, reorganize, end my business or existence, or a partner or majority owner dies or is declared legally incompetent.

**D. New Organizations.** Without your written consent, I organize, merge into, or consolidate with an entity; acquire all or substantially all of the assets of another; materially change the legal structure, management, ownership or financial condition; or effect or enter into a domestication, conversion or interest exchange.

**E. Failure to Perform.** I fail to perform any condition or to keep any promise or covenant of this Note.

**F. Other Documents.** A default occurs under the terms of any other Loan Document.

**G. Other Agreements.** I am in default on any other debt or agreement I have with you.

**H. Misrepresentation.** I make any verbal or written statement or provide any financial information that is untrue, inaccurate, or conceals a material fact at the time it is made or provided.

**I. Judgment.** I fail to satisfy or appeal any judgment against me.

**J. Forfeiture.** The Property is used in a manner or for a purpose that threatens confiscation by a legal authority.

**K. Name Change.** I change my name or assume an additional name without notifying you before making such a change.

**L. Property Transfer.** I transfer all or a substantial part of my money or property.

**M. Property Value.** You determine in good faith that the value of the Property has declined or is impaired.

**N. Material Change.** Without first notifying you, there is a material change in my business, including ownership, management, and financial conditions.

**O. Insecurity.** You determine in good faith that a material adverse change has occurred in my financial condition from the conditions set forth in my most recent financial statement before the date of this Note or that the prospect for payment or performance of the Loan is impaired for any reason.

**10. DUE ON SALE OR ENCUMBRANCE.** You may, at your option, declare the entire balance of this Note to be immediately due and payable upon the creation of, or contract for the creation of, any lien, encumbrance, transfer or sale of all or any part of the Property. This right is subject to the restrictions imposed by federal law, as applicable.

**11. WAIVERS AND CONSENT.** To the extent not prohibited by law, I waive protest, presentment for payment, demand, notice of acceleration, notice of intent to accelerate and notice of dishonor.

**A. Additional Waivers By Borrower.** In addition, I, and any party to this Note and Loan, to the extent permitted by law, consent to certain actions you may take, and generally waive defenses that may be available based on these actions or based on the status of a party to this Note.

    **(1)** You may renew or extend payments on this Note, regardless of the number of such renewals or extensions.

    **(2)** You may release any Borrower, endorser, guarantor, surety, accommodation maker or any other co-signer.

    **(3)** You may release, substitute or impair any Property securing this Note.

    **(4)** You, or any institution participating in this Note, may invoke your right of set-off.

JONATHAN L. BORISCH
MARY K. BORISCH
Michigan **Promissory Note**

**(5)** You may enter into any sales, repurchases or participations of this Note to any person in any amounts and I waive notice of such sales, repurchases or participations.

**(6)** I agree that any of us signing this Note as a Borrower is authorized to modify the terms of this Note or any instrument securing, guarantying or relating to this Note.

**(7)** I agree that you may inform any party who guarantees this Loan of any Loan accommodations, renewals, extensions, modifications, substitutions or future advances.

**B. No Waiver By Lender.** Your course of dealing, or your forbearance from, or delay in, the exercise of any of your rights, remedies, privileges or right to insist upon my strict performance of any provisions contained in this Note, or any other Loan Document, shall not be construed as a waiver by you, unless any such waiver is in writing and is signed by you.

**12. REMEDIES.** After I default, you may at your option do any one or more of the following.

**A. Acceleration.** You may make all or any part of the amount owing by the terms of this Note immediately due.

**B. Sources.** You may use any and all remedies you have under state or federal law or in any Loan Document.

**C. Insurance Benefits.** You may make a claim for any and all insurance benefits or refunds that may be available on my default.

**D. Payments Made On My Behalf.** Amounts advanced on my behalf will be immediately due and may be added to the balance owing under the terms of this Note, and accrue interest at the highest post-maturity interest rate.

**E. Termination.** You may terminate my rights to obtain advances or other extensions of credit by any of the methods provided in this Note.

**F. Set-Off.** You may use the right of set-off. This means you may set-off any amount due and payable under the terms of this Note against any right I have to receive money from you.

My right to receive money from you includes any deposit or share account balance I have with you; any money owed to me on an item presented to you or in your possession for collection or exchange; and any repurchase agreement or other non-deposit obligation. "Any amount due and payable under the terms of this Note" means the total amount to which you are entitled to demand payment under the terms of this Note at the time you set-off.

Subject to any other written contract, if my right to receive money from you is also owned by someone who has not agreed to pay this Note, your right of set-off will apply to my interest in the obligation and to any other amounts I could withdraw on my sole request or endorsement.

In addition, you may also have rights under a "statutory lien". A "statutory lien" means your right under state or federal law to establish a right in, or claim to, my shares and dividends to the extent of any outstanding financial obligations that I have with you. If you have a statutory lien, you may without further notice, impress and enforce the statutory lien on my shares and dividends to the extent of any sums due and payable under the terms of this Note that I fail to satisfy.

Your set-off and statutory lien rights do not apply to an account or other obligation where my rights arise only in a representative capacity. They also do not apply to any Individual Retirement Account or other tax-deferred retirement account.

JONATHAN L. BORISCH
MARY K. BORISCH
Michigan **Promissory Note**

You will not be liable for the dishonor of any check or share draft when the dishonor occurs because you set-off against any of my accounts, or exercised your statutory lien rights. I agree to hold you harmless from any such claims arising as a result of your exercise of your right of set-off or statutory lien rights.

**G. Waiver.** Except as otherwise required by law, by choosing any one or more of these remedies you do not give up your right to use any other remedy. You do not waive a default if you choose not to use a remedy. By electing not to use any remedy, you do not waive your right to later consider the event a default and to use any remedies if the default continues or occurs again.

**13. COLLECTION EXPENSES AND ATTORNEYS' FEES.** On or after the occurrence of an Event of Default, to the extent permitted by law, I agree to pay all expenses of collection, enforcement or protection of your rights and remedies under this Note or any other Loan Document. Expenses include, but are not limited to, attorneys' fees, court costs and other legal expenses. These expenses are due and payable immediately. If not paid immediately, these expenses will bear interest from the date of payment until paid in full at the highest interest rate in effect as provided for in the terms of this Note. All fees and expenses will be secured by the Property I have granted to you, if any. In addition, to the extent permitted by the United States Bankruptcy Code, I agree to pay the reasonable attorneys' fees incurred by you to protect your rights and interests in connection with any bankruptcy proceedings initiated by or against me.

**14. COMMISSIONS.** I understand and agree that you (or your affiliate) will earn commissions or fees on any insurance products, and may earn such fees on other services that I buy through you or your affiliate.

**15. WARRANTIES AND REPRESENTATIONS.** I make to you the following warranties and representations which will continue as long as this Note is in effect:

**A. Power.** I am duly organized, and validly existing and in good standing in all jurisdictions in which I operate. I have the power and authority to enter into this transaction and to carry on my business or activity as it is now being conducted and, as applicable, am qualified to do so in each jurisdiction in which I operate.

**B. Authority.** The execution, delivery and performance of this Note and the obligation evidenced by this Note are within my powers, have been duly authorized, have received all necessary governmental approval, will not violate any provision of law, or order of court or governmental agency, and will not violate any agreement to which I am a party or to which I am or any of my Property is subject.

**C. Name and Place of Business.** Other than previously disclosed in writing to you I have not changed my name or principal place of business within the last 10 years and have not used any other trade or fictitious name. Without your prior written consent, I do not and will not use any other name and will preserve my existing name, trade names and franchises.

**16. APPLICABLE LAW.** This Note is governed by the laws of Michigan, the United States of America, and to the extent required, by the laws of the jurisdiction where the Property is located, except to the extent such state laws are preempted by federal law.

**17. JOINT AND INDIVIDUAL LIABILITY AND SUCCESSORS.** My obligation to pay the Loan is independent of the obligation of any other person who has also agreed to pay it. You may sue me alone, or anyone else who is obligated on the Loan, or any number of us together, to collect the Loan. Extending the Loan or new obligations under the Loan, will not affect my duty under the Loan and I will still be obligated to pay the Loan. This Note shall inure to the benefit of and be enforceable by you and your successors

and assigns and shall be binding upon and enforceable against me and my personal representatives, successors, heirs and assigns.

**18. AMENDMENT, INTEGRATION AND SEVERABILITY.** This Note may not be amended or modified by oral agreement. No amendment or modification of this Note is effective unless made in writing and executed by you and me. This Note and the other Loan Documents are the complete and final expression of the agreement. If any provision of this Note is unenforceable, then the unenforceable provision will be severed and the remaining provisions will still be enforceable. No present or future agreement securing any other debt I owe you will secure the payment of this Loan if, with respect to this loan, you fail to fulfill any necessary requirements or fail to conform to any limitations of the Truth in Lending Act (Regulation Z) or the Real Estate Settlement Procedures Act (Regulation X) that are required for loans secured by the Property or if, as a result, this Loan would become subject to Section 670 of the John Warner National Defense Authorization Act for Fiscal Year 2007.

**19. INTERPRETATION.** Whenever used, the singular includes the plural and the plural includes the singular. The section headings are for convenience only and are not to be used to interpret or define the terms of this Note.

**20. NOTICE, FINANCIAL REPORTS AND ADDITIONAL DOCUMENTS.** Unless otherwise required by law, any notice will be given by delivering it or mailing it by first class mail to the appropriate party's address listed in the DATE AND PARTIES section, or to any other address designated in writing. Notice to one Borrower will be deemed to be notice to all Borrowers. I will inform you in writing of any change in my name, address or other application information. I will provide you any correct and complete financial statements or other information you request. I agree to sign, deliver, and file any additional documents or certifications that you may consider necessary to perfect, continue, and preserve my obligations under this Loan and to confirm your lien status on any Property. Time is of the essence.

**21. CREDIT INFORMATION.** I agree to supply you with whatever information you reasonably request. You will make requests for this information without undue frequency, and will give me reasonable time in which to supply the information.

**22. ERRORS AND OMISSIONS.** I agree, if requested by you, to fully cooperate in the correction, if necessary, in the reasonable discretion of you of any and all loan closing documents so that all documents accurately describe the loan between you and me. I agree to assume all costs including by way of illustration and not limitation, actual expenses, legal fees and marketing losses for failing to reasonably comply with your requests within thirty (30) days.

**23. AGREEMENT TO ARBITRATE.** You or I may submit to binding arbitration any dispute, claim or other matter in question between or among you and me that arises out of or relates to this Transaction (Dispute), except as otherwise indicated in this section or as you and I agree to in writing. For purposes of this section, this Transaction includes this Note and the other Loan Documents, and proposed loans or extensions of credit that relate to this Note. You or I will not arbitrate any Dispute within any "core proceedings" under the United States bankruptcy laws.

You and I must consent to arbitrate any Dispute concerning a debt secured by real estate at the time of the proposed arbitration. You may foreclose or exercise any powers of sale against real property securing a debt underlying any Dispute before, during or after any arbitration. You may also enforce a debt secured by this real property and underlying the Dispute before, during or after any arbitration.

JONATHAN L. BORISCH
MARY K. BORISCH
Michigan **Promissory Note**

You or I may, whether or not any arbitration has begun, pursue any self-help or similar remedies, including taking property or exercising other rights under the law; seek attachment, garnishment, receivership or other provisional remedies from a court having jurisdiction to preserve the rights of or to prevent irreparable injury to you or me; or foreclose against any property by any method or take legal action to recover any property. Foreclosing or exercising a power of sale, beginning and continuing a judicial action or pursuing self-help remedies will not constitute a waiver of the right to compel arbitration.

The arbitrator will determine whether a Dispute can be arbitrated. A single arbitrator will resolve any Dispute, whether individual or joint in nature, or whether based on contract, tort, or any other matter at law or in equity. The arbitrator may consolidate any Dispute with any related disputes, claims or other matters in question not arising out of this Transaction. Any court having jurisdiction may enter a judgment or decree on the arbitrator's award. The judgment or decree will be enforced as any other judgment or decree.

You and I acknowledge that the agreements, transactions or the relationships which result from the agreements or transactions between and among you and me involve interstate commerce. The United States Arbitration Act will govern the interpretation and enforcement of this section.

The American Arbitration Association's Commercial Arbitration Rules, in effect on the date of this Note, will govern the selection of the arbitrator and the arbitration process, unless otherwise agreed to in this Note or another writing.

**24. WAIVER OF TRIAL FOR ARBITRATION. You and I understand that the parties have the right or opportunity to litigate any Dispute through a trial by judge or jury, but that the parties prefer to resolve Disputes through arbitration instead of litigation. If any Dispute is arbitrated, you and I voluntarily and knowingly waive the right to have a trial by jury or judge during the arbitration.**

**25. WAIVER OF JURY TRIAL. If the parties do not opt for arbitration, then all of the parties to this Note knowingly and intentionally, irrevocably and unconditionally, waive any and all right to a trial by jury in any litigation arising out of or concerning this Note or any other Loan Document or related obligation. All of these parties acknowledge that this section has either been brought to the attention of each party's legal counsel or that each party had the opportunity to do so.**

**26. SIGNATURES.** By signing, I agree to the terms contained in this Note. I also acknowledge receipt of a copy of this Note.

BORROWER:

JONATHAN L. BORISCH & MARY K. BORISCH

By: _____
Jonathan L. Borish

CANCELED

By: _____
Mary K. Borisch

JONATHAN L. BORISCH
MARY K. BORISCH
Michigan **Promissory Note**

| NOTE AMOUNT | LOAN NAME | NOTE DATE | MATURITY DATE | LOAN PURPOSE |
|---|---|---|---|---|
| $2,000,000.00 | Matthew Allen Borisch Trust UAD September 19, 2006 | September 29, 2023 | September 29, 2024 | Commercial |

## PROMISSORY NOTE
(Commercial - Draw)

**DATE AND PARTIES.**  The date of this Promissory Note (Note) is September 29, 2023.  The parties and their addresses are:

**LENDER:**

**PRIVATE LENDING ALTERNATIVES, LLC**
**a Florida Limited Liability Company**
14608 N. Dale Mabry Highway
Tampa, Florida 33618



**BORROWER:**

**MATTHEW ALLEN BORISCH TRUST**
**UNDER AN AGREEMENT DATED**
**September 19, 2006**
40 Pearl Street NW, Suite 336
Grand Rapids, Michigan 49503

**1. DEFINITIONS.**  As used in this Note, the terms have the following meanings:

**A. Pronouns.**  The pronouns "I," "me," and "my" refer to each Borrower signing this Note, individually and together with their heirs, successors and assigns, and each other person or legal entity (including guarantors, endorsers, and sureties) who agrees to pay this Note.  "You" and "Your" refer to the Lender, any participants or syndicators, successors and assigns, or any person or company that acquires an interest in the Loan.

**B. Note.**  Note refers to this document, and any extensions, renewals, modifications and substitutions of this Note.

**C. Loan.**  Loan refers to this transaction generally, including obligations and duties arising from the terms of all documents prepared or submitted for this transaction such as applications, security agreements, disclosures or notes, and this Note.

**D. Loan Documents.**  Loan Documents refer to all the documents executed as a part of or in connection with the Loan.

**E. Property.**  Property is any property, real, personal or intangible, that secures my performance of the obligations of this Loan.

**F. Percent.**  Rates and rate change limitations are expressed as annualized percentages.

MATTHEW ALLEN BORISCH TRUST
UNDER AN AGREEMENT DATED
SEPTEMBER 19, 2006
Michigan **Promissory Note**

**G. Dollar Amounts.** All dollar amounts will be payable in lawful money of the United States of America.

**2. PROMISE TO PAY.** For value received, I promise to pay you or your order, at your address, or at such other location as you may designate, amounts advanced from time to time under the terms of this Note up to the maximum total principal balance of **$2,000,000.00 (Principal)** plus interest from the date of disbursement, on the unpaid outstanding Principal balance until this Note matures or this obligation is accelerated.

All advances made will be made subject to the terms of a separate construction loan agreement and all other terms and conditions of the Loan.

**3. INTEREST.** Interest will be calculated at thirteen and one-half (13 ½) percentage points over the prime rate, as published by the Wall Street Journal, with a floor interest rate of twenty-two percent (22%). Interest will accrue each month during the term of the loan on all amounts due with a balloon payment due upon maturity. Any payments made by Borrower during the term of this loan shall be applied first to interest, and then to principal.

Borrower agrees that Lender will earn a minimum of three million, three hundred thousand dollars ($3,300,000.00) of interest during the term of this loan. In the event the loan is to be paid in full or in part prior to the maturity date and the minimum interest requirement has not yet been met, there will be a prepayment premium equal to the unpaid minimum amount of interest that would have been payable to Lender under the Note if the Note had not been prepaid, less the yield on One Year Treasury Constant Maturities as published in the Wall Street Journal on the last Business Day prior to the prepayment.

    **A. Interest After Default.** If you declare a default under the terms of the Loan, including your failure to pay in full at maturity, you may increase the Interest Rate payable on the outstanding Principal balance of this Note. In such event, interest will accrue on the outstanding Principal balance at the Interest Rate in effect from time to time, plus an additional 10.000 percent, until paid in full.

    **B. Maximum Interest Amount.** Any amount assessed or collected as interest under the terms of this Note will be limited to the maximum lawful amount of interest allowed by applicable law. Amounts collected in excess of the maximum lawful amount will be applied first to the unpaid Principal balance. Any remainder will be refunded to me.

    **C. Accrual.** Interest accrues using an Actual/360 days counting method.

**4. REMEDIAL CHARGES.** In addition to interest or other finance charges, I agree that I will pay these additional fees based on my method and pattern of payment. Additional remedial charges may be described elsewhere in this Note.

    **A. Late Charge.** If a payment is more than **15** days late, I will be charged **5.000** percent of the Amount of Payment. I will pay this late charge promptly but only once for each late payment.

    **B. Returned Check Charge.** I agree to pay a fee not to exceed $40.00 for each check, negotiable order of withdrawal or draft I issue in connection with the Loan that is returned because it has been dishonored.

    **C. Stop Payment Fee.** A Stop Payment Fee equal to $30.00.

**5. PAYMENT.** I agree to pay this Note in 12 installment payments. Interest will be calculated at thirteen and one-half (13 ½) percentage points over the prime rate, as published by the Wall Street Journal, with a floor interest rate of twenty-two percent (22%). Interest will accrue each month during the term of the loan on all amounts due with a balloon payment due upon maturity. Any payments made by Borrower during the term of this loan shall be applied first to interest, and then to principal.

MATTHEW ALLEN BORISCH TRUST
UNDER AN AGREEMENT DATED
SEPTEMBER 19, 2006
Michigan **Promissory Note**

Borrower agrees that Lender will earn a minimum of three million, three hundred thousand dollars ($3,300,000.00) of interest during the term of this loan. In the event the loan is to be paid in full or in part prior to the maturity date and the minimum interest requirement has not yet been met, there will be a prepayment premium equal to the unpaid minimum amount of interest that would have been payable to Lender under the Note if the Note had not been prepaid, less the yield on One Year Treasury Constant Maturities as published in the Wall Street Journal on the last Business Day prior to the prepayment. During the first phase of the Loan.

I will make 12 payments of beginning on September 29, 2023, and on the 29th day of each month thereafter. A single "balloon payment" of the entire unpaid balance of Principal and interest will be due September 29, 2024.

Payments will be rounded up to the nearest $.01. With the final payment I also agree to pay any additional fees or charges owing and the amount of any advances you have made to others on my behalf. Payments scheduled to be paid on the 29th, 30th or 31st day of a month that contains no such day will, instead, be made on the last day of such month.

Each payment I make on this Note will be applied first to late charges that are due, then to interest that is due, then to principal that is due, then to escrow that is due, and finally to fees that are due. If you and I agree to a different application of payments, we will describe our agreement on this Note. You may change how payments are applied in your sole discretion without notice to me. The actual amount of my final payment will depend on my payment record.

**6. PREPAYMENT.** I may prepay this Loan in full or in part at any time. Any partial prepayment will not excuse any later scheduled payments until I pay in full.

**7. LOAN PURPOSE.** Funds from this loan will be used to pay down the existing credit line with M/T Bank and as operating capital.

**8. SECURITY.** The Loan is secured by separate security instruments prepared together with this Note as follows:

| Document Name | Parties to Document |
|---|---|
| Personal Guarantee – MATTHEW ALLEN BORISCH TRUST UNDER AN AGREEMENT DATED SEPTEMBER 19, 2006 | MATTHEW ALLEN BORISCH, TRUSTEE MATTHEW ALLEN BORISCH TRUST UNDER AN AGREEMENT DATED SEPTEMBER 19, 2006 |
| Personal Guarantee – MATTHEW ALLEN BORISCH | MATTHEW ALLEN BORISCH |
| UCC Financing Statement – on all assets of MATTHEW ALLEN BORISCH TRUST UNDER AN AGREEMENT DATED September 19, 2006 | Private Financing Alternatives, LLC MATTHEW ALLEN BORISCH TRUST UNDER AN AGREEMENT DATED September 19, 2006 |

**9. DEFAULT.** I will be in default if any of the following events (known separately and collectively as an Event of Default) occur:

**A. Payments.** I fail to make a payment in full when due.

**B. Insolvency or Bankruptcy.** The death, dissolution or insolvency of, appointment of a receiver by or on behalf of, application of any debtor relief law, the assignment for the benefit of creditors by or on behalf of, the voluntary or involuntary termination of existence by, or the commencement of any proceeding under any present or future federal or state insolvency, bankruptcy, reorganization, composition or debtor relief law by or against me or any co-signer, endorser, surety or guarantor of this Note or any other obligations I have with you.

**C. Business Termination.** I merge, dissolve, reorganize, end my business or existence, or a partner or majority owner dies or is declared legally incompetent.

**D. New Organizations.** Without your written consent, I organize, merge into, or consolidate with an entity; acquire all or substantially all of the assets of another; materially change the legal structure, management, ownership or financial condition; or effect or enter into a domestication, conversion or interest exchange.

**E. Failure to Perform.** I fail to perform any condition or to keep any promise or covenant of this Note.

**F. Other Documents.** A default occurs under the terms of any other Loan Document.

**G. Other Agreements.** I am in default on any other debt or agreement I have with you.

**H. Misrepresentation.** I make any verbal or written statement or provide any financial information that is untrue, inaccurate, or conceals a material fact at the time it is made or provided.

**I. Judgment.** I fail to satisfy or appeal any judgment against me.

**J. Forfeiture.** The Property is used in a manner or for a purpose that threatens confiscation by a legal authority.

**K. Name Change.** I change my name or assume an additional name without notifying you before making such a change.

**L. Property Transfer.** I transfer all or a substantial part of my money or property.

**M. Property Value.** You determine in good faith that the value of the Property has declined or is impaired.

**N. Material Change.** Without first notifying you, there is a material change in my business, including ownership, management, and financial conditions.

**O. Insecurity.** You determine in good faith that a material adverse change has occurred in my financial condition from the conditions set forth in my most recent financial statement before the date of this Note or that the prospect for payment or performance of the Loan is impaired for any reason.

**10. DUE ON SALE OR ENCUMBRANCE.** You may, at your option, declare the entire balance of this Note to be immediately due and payable upon the creation of, or contract for the creation of, any lien, encumbrance, transfer or sale of all or any part of the Property. This right is subject to the restrictions imposed by federal law, as applicable.

**11. WAIVERS AND CONSENT.** To the extent not prohibited by law, I waive protest, presentment for payment, demand, notice of acceleration, notice of intent to accelerate and notice of dishonor.

**A. Additional Waivers By Borrower.** In addition, I, and any party to this Note and Loan, to the extent permitted by law, consent to certain actions you may take, and generally waive defenses that may be available based on these actions or based on the status of a party to this Note.

(1) You may renew or extend payments on this Note, regardless of the number of such renewals or extensions.

---

MATTHEW ALLEN BORISCH TRUST
UNDER AN AGREEMENT DATED
SEPTEMBER 19, 2006
Michigan **Promissory Note**

**(2)** You may release any Borrower, endorser, guarantor, surety, accommodation maker or any other co-signer.

**(3)** You may release, substitute or impair any Property securing this Note.

**(4)** You, or any institution participating in this Note, may invoke your right of set-off.

**(5)** You may enter into any sales, repurchases or participations of this Note to any person in any amounts and I waive notice of such sales, repurchases or participations.

**(6)** I agree that any of us signing this Note as a Borrower is authorized to modify the terms of this Note or any instrument securing, guarantying or relating to this Note.

**(7)** I agree that you may inform any party who guarantees this Loan of any Loan accommodations, renewals, extensions, modifications, substitutions or future advances.

**B. No Waiver By Lender.** Your course of dealing, or your forbearance from, or delay in, the exercise of any of your rights, remedies, privileges or right to insist upon my strict performance of any provisions contained in this Note, or any other Loan Document, shall not be construed as a waiver by you, unless any such waiver is in writing and is signed by you.

**12. REMEDIES.** After I default, you may at your option do any one or more of the following.

**A. Acceleration.** You may make all or any part of the amount owing by the terms of this Note immediately due.

**B. Sources.** You may use any and all remedies you have under state or federal law or in any Loan Document.

**C. Insurance Benefits.** You may make a claim for any and all insurance benefits or refunds that may be available on my default.

**D. Payments Made On My Behalf.** Amounts advanced on my behalf will be immediately due and may be added to the balance owing under the terms of this Note, and accrue interest at the highest post-maturity interest rate.

**E. Termination.** You may terminate my rights to obtain advances or other extensions of credit by any of the methods provided in this Note.

**F. Set-Off.** You may use the right of set-off. This means you may set-off any amount due and payable under the terms of this Note against any right I have to receive money from you.

My right to receive money from you includes any deposit or share account balance I have with you; any money owed to me on an item presented to you or in your possession for collection or exchange; and any repurchase agreement or other non-deposit obligation. "Any amount due and payable under the terms of this Note" means the total amount to which you are entitled to demand payment under the terms of this Note at the time you set-off.

Subject to any other written contract, if my right to receive money from you is also owned by someone who has not agreed to pay this Note, your right of set-off will apply to my interest in the obligation and to any other amounts I could withdraw on my sole request or endorsement.

In addition, you may also have rights under a "statutory lien". A "statutory lien" means your right under state or federal law to establish a right in, or claim to, my shares and dividends to the extent of any outstanding financial obligations that I

MATTHEW ALLEN BORISCH TRUST
UNDER AN AGREEMENT DATED
SEPTEMBER 19, 2006
Michigan **Promissory Note**

have with you.  If you have a statutory lien, you may without further notice, impress and enforce the statutory lien on my shares and dividends to the extent of any sums due and payable under the terms of this Note that I fail to satisfy.

Your set-off and statutory lien rights do not apply to an account or other obligation where my rights arise only in a representative capacity.  They also do not apply to any Individual Retirement Account or other tax-deferred retirement account.

You will not be liable for the dishonor of any check or share draft when the dishonor occurs because you set-off against any of my accounts, or exercised your statutory lien rights.  I agree to hold you harmless from any such claims arising as a result of your exercise of your right of set-off or statutory lien rights.

**G. Waiver.**  Except as otherwise required by law, by choosing any one or more of these remedies you do not give up your right to use any other remedy.  You do not waive a default if you choose not to use a remedy.  By electing not to use any remedy, you do not waive your right to later consider the event a default and to use any remedies if the default continues or occurs again.

**13. COLLECTION EXPENSES AND ATTORNEYS' FEES.**  On or after the occurrence of an Event of Default, to the extent permitted by law, I agree to pay all expenses of collection, enforcement or protection of your rights and remedies under this Note or any other Loan Document.  Expenses include, but are not limited to, attorneys' fees, court costs and other legal expenses.  These expenses are due and payable immediately.  If not paid immediately, these expenses will bear interest from the date of payment until paid in full at the highest interest rate in effect as provided for in the terms of this Note.  All fees and expenses will be secured by the Property I have granted to you, if any.  In addition, to the extent permitted by the United States Bankruptcy Code, I agree to pay the reasonable attorneys' fees incurred by you to protect your rights and interests in connection with any bankruptcy proceedings initiated by or against me.

**14. COMMISSIONS.**  I understand and agree that you (or your affiliate) will earn commissions or fees on any insurance products, and may earn such fees on other services that I buy through you or your affiliate.

**15. WARRANTIES AND REPRESENTATIONS.**  I make to you the following warranties and representations which will continue as long as this Note is in effect:

**A. Power.**  I am duly organized, and validly existing and in good standing in all jurisdictions in which I operate.  I have the power and authority to enter into this transaction and to carry on my business or activity as it is now being conducted and, as applicable, am qualified to do so in each jurisdiction in which I operate.

**B. Authority.**  The execution, delivery and performance of this Note and the obligation evidenced by this Note are within my powers, have been duly authorized, have received all necessary governmental approval, will not violate any provision of law, or order of court or governmental agency, and will not violate any agreement to which I am a party or to which I am or any of my Property is subject.

**C. Name and Place of Business.**  Other than previously disclosed in writing to you I have not changed my name or principal place of business within the last 10 years and have not used any other trade or fictitious name.  Without your prior written consent, I do not and will not use any other name and will preserve my existing name, trade names and franchises.

**16. APPLICABLE LAW.**  This Note is governed by the laws of Michigan, the United States of America, and to the extent required, by the laws of the jurisdiction where the Property is located, except to the extent such state laws are preempted by federal law.

MATTHEW ALLEN BORISCH TRUST
UNDER AN AGREEMENT DATED
SEPTEMBER 19, 2006
Michigan **Promissory Note**

**17. JOINT AND INDIVIDUAL LIABILITY AND SUCCESSORS.** My obligation to pay the Loan is independent of the obligation of any other person who has also agreed to pay it. You may sue me alone, or anyone else who is obligated on the Loan, or any number of us together, to collect the Loan. Extending the Loan or new obligations under the Loan, will not affect my duty under the Loan and I will still be obligated to pay the Loan. This Note shall inure to the benefit of and be enforceable by you and your successors and assigns and shall be binding upon and enforceable against me and my personal representatives, successors, heirs and assigns.

**18. AMENDMENT, INTEGRATION AND SEVERABILITY.** This Note may not be amended or modified by oral agreement. No amendment or modification of this Note is effective unless made in writing and executed by you and me. This Note and the other Loan Documents are the complete and final expression of the agreement. If any provision of this Note is unenforceable, then the unenforceable provision will be severed and the remaining provisions will still be enforceable. No present or future agreement securing any other debt I owe you will secure the payment of this Loan if, with respect to this loan, you fail to fulfill any necessary requirements or fail to conform to any limitations of the Truth in Lending Act (Regulation Z) or the Real Estate Settlement Procedures Act (Regulation X) that are required for loans secured by the Property or if, as a result, this Loan would become subject to Section 670 of the John Warner National Defense Authorization Act for Fiscal Year 2007.

**19. INTERPRETATION.** Whenever used, the singular includes the plural and the plural includes the singular. The section headings are for convenience only and are not to be used to interpret or define the terms of this Note.

**20. NOTICE, FINANCIAL REPORTS AND ADDITIONAL DOCUMENTS.** Unless otherwise required by law, any notice will be given by delivering it or mailing it by first class mail to the appropriate party's address listed in the DATE AND PARTIES section, or to any other address designated in writing. Notice to one Borrower will be deemed to be notice to all Borrowers. I will inform you in writing of any change in my name, address or other application information. I will provide you any correct and complete financial statements or other information you request. I agree to sign, deliver, and file any additional documents or certifications that you may consider necessary to perfect, continue, and preserve my obligations under this Loan and to confirm your lien status on any Property. Time is of the essence.

**21. CREDIT INFORMATION.** I agree to supply you with whatever information you reasonably request. You will make requests for this information without undue frequency, and will give me reasonable time in which to supply the information.

**22. ERRORS AND OMISSIONS.** I agree, if requested by you, to fully cooperate in the correction, if necessary, in the reasonable discretion of you of any and all loan closing documents so that all documents accurately describe the loan between you and me. I agree to assume all costs including by way of illustration and not limitation, actual expenses, legal fees and marketing losses for failing to reasonably comply with your requests within thirty (30) days.

**23. AGREEMENT TO ARBITRATE.** You or I may submit to binding arbitration any dispute, claim or other matter in question between or among you and me that arises out of or relates to this Transaction (Dispute), except as otherwise indicated in this section or as you and I agree to in writing. For purposes of this section, this Transaction includes this Note and the other Loan Documents, and proposed loans or extensions of credit that relate to this Note. You or I will not arbitrate any Dispute within any "core proceedings" under the United States bankruptcy laws.

MATTHEW ALLEN BORISCH TRUST
UNDER AN AGREEMENT DATED
SEPTEMBER 19, 2006
Michigan **Promissory Note**

You and I must consent to arbitrate any Dispute concerning a debt secured by real estate at the time of the proposed arbitration.  You may foreclose or exercise any powers of sale against real property securing a debt underlying any Dispute before, during or after any arbitration.  You may also enforce a debt secured by this real property and underlying the Dispute before, during or after any arbitration.

You or I may, whether or not any arbitration has begun, pursue any self-help or similar remedies, including taking property or exercising other rights under the law; seek attachment, garnishment, receivership or other provisional remedies from a court having jurisdiction to preserve the rights of or to prevent irreparable injury to you or me; or foreclose against any property by any method or take legal action to recover any property.  Foreclosing or exercising a power of sale, beginning and continuing a judicial action or pursuing self-help remedies will not constitute a waiver of the right to compel arbitration.

The arbitrator will determine whether a Dispute can be arbitrated.  A single arbitrator will resolve any Dispute, whether individual or joint in nature, or whether based on contract, tort, or any other matter at law or in equity.  The arbitrator may consolidate any Dispute with any related disputes, claims or other matters in question not arising out of this Transaction.  Any court having jurisdiction may enter a judgment or decree on the arbitrator's award.  The judgment or decree will be enforced as any other judgment or decree.

You and I acknowledge that the agreements, transactions or the relationships which result from the agreements or transactions between and among you and me involve interstate commerce.  The United States Arbitration Act will govern the interpretation and enforcement of this section.

The American Arbitration Association's Commercial Arbitration Rules, in effect on the date of this Note, will govern the selection of the arbitrator and the arbitration process, unless otherwise agreed to in this Note or another writing.

**24. WAIVER OF TRIAL FOR ARBITRATION.  You and I understand that the parties have the right or opportunity to litigate any Dispute through a trial by judge or jury, but that the parties prefer to resolve Disputes through arbitration instead of litigation.  If any Dispute is arbitrated, you and I voluntarily and knowingly waive the right to have a trial by jury or judge during the arbitration.**

**25. WAIVER OF JURY TRIAL.  If the parties do not opt for arbitration, then all of the parties to this Note knowingly and intentionally, irrevocably and unconditionally, waive any and all right to a trial by jury in any litigation arising out of or concerning this Note or any other Loan Document or related obligation.  All of these parties acknowledge that this section has either been brought to the attention of each party's legal counsel or that each party had the opportunity to do so.**

**26. SIGNATURES.**  By signing, I agree to the terms contained in this Note.  I also acknowledge receipt of a copy of this Note.

MATTHEW ALLEN BORISCH TRUST
UNDER AN AGREEMENT DATED
SEPTEMBER 19, 2006
Michigan **Promissory Note**

**BORROWER:**

MATTHEW ALLEN BORISCH TRUST
UNDER AN AGREEMENT DATED
September 19, 2006

*CANCELED*

By:        Matthew Allen Borisch
Its:       Trustee

MATTHEW ALLEN BORISCH TRUST
UNDER AN AGREEMENT DATED
SEPTEMBER 19, 2006
Michigan **Promissory Note**

Page 9