# EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PRIVATE FINANCING
ALTERNATIVES, LLC,

              Plaintiff,

v.

WALLOON LAKE HOLDINGS, LLC;
MATTHEW ALLEN  BORISCH AS
TRUSTEE OF MATTHEW ALLEN
BORISCH TRUST UNDER AN
AGREEMENT DATED Sept. 19, 2006;
MATTHEW ALLEN BORISCH;
JONATHAN L. BORISCH;
MARY K. BORISCH;
JLB RESTAURANT HOLDINGS, LLC;
and HOTEL WALLOON, LLC,

              Defendants.

Case No. 1:25-cv-00165-HYJ

**PRIVATE FINANCING ALTERNATIVES, LLC'S
REPLY TO RESPONSE
<u>TO MOTION TO STRIKE AFFIRMATIVE DEFENSES</u>**

Private Financing Alternatives, LLC ("**Plaintiff**"), replies to the Response to Plaintiff's Motion to Strike (the "**Response**") [ECF No. 21] filed by Walloon Lake Holdings, LLC ("**Borrower**"), Matthew Allen Borisch as Trustee of Matthew Allen Borisch Trust Under an Agreement Dated September 19, 2006 (the "**Trust**"),   Matthew Allen Borisch ("**Matthew Borisch**"), Jonathan L. Borisch ("**Jonathan Borisch**"), Mary K. Borisch ("**Mary Borisch**"), JLB Restaurant Holdings, LLC ("**JLB**"), and Hotel Walloon, LLC ("**Hotel Walloon**") [collectively "**Defendants**"].

In support of this reply Plaintiff asserts:

<u>RELEVANT FACTS</u>

I.    *The Loans*

1.    On <u>September 29, 2023</u>, Walloon Lake Holdings, LLC ("**Borrower**") borrowed from Plaintiff the sum of $10,000,000.00 (the "**Loan**") [ECF No. 1-2]; Matthew Allen Borisch as Trustee of Matthew Allen Borisch Trust Under an Agreement Dated September 19, 2006 (the "**Trust**") borrowed from Plaintiff the sum of $2,000,000.00 (the "**Second Loan**") [ECF No. 18-2, PageID.334]; and Jonathan Borisch and Mary K. Borisch ("**Mary Borisch**") borrowed from Plaintiff the sum of $3,000,000.00 (the "**Third Loan**") [ECF No. 18-2, PageID.326].  The Second Loan and the Third Loan have both been paid, satisfied and cancelled.

2.    On <u>September 29, 2023</u>, Borrower, the Trust, Jonathan Borish, and Mary Borish executed a Cross-Collateralization/Cross-Default Agreement (the "**Cross-Agreement**") [ECF No. 18-8].

3.    The Cross-Agreement provides, in pertinent part [¶ 6]:

Notwithstanding any other provision of this Agreement, **each [the Loan, the Second Loan[1] and the Third Loan[2] shall be and remain**

---

[1]  The Mortgage securing the <u>Second Loan</u> [ECF No. 18-7] encumbers the residential real property located at 7598 Valley Brook Ave., Boyne City, Michigan, with a taxable value of $912,012.00 and a Stated Assessed Value of $1,425,300.00.

[2]  The Mortgage securing the <u>Third Loan</u> [ECF No. 18-6] encumbers the following residential real property:

(a)    7596 Valley Brook Ave., Boyne City, Michigan 49712, with a taxable value of $313,548.00 and a Stated Asset Value of $890.800.00;

(b)    5333 Dayenu Dr. SE., Grand Rapids Michigan 49512, with a taxable value of $106,378.00 and a Stated Asset Value of $109,800.00;

(c)    5354 Dayenu Dr. SE., Grand Rapids Michigan 49512, with a taxable value of $121,400.00 and a Stated Asset Value of $121,400.00; and

(d)    5320 Dayenu Dr. SE., Grand Rapids Michigan 49512, with a taxable value of $125,200.00 and a Stated Asset Value of $125,200.00.

2

**separate obligations of Borrower** [each Loan has a different borrower], **and the promissory notes evidencing each of the Loans and the security therefor may be separately enforceable according to their respective terms**. At its option, Lender may institute separate proceedings with respect to each [loan] simultaneously, or in such order and at such times as Lender may elect. The pendency of any proceedings with respect to any one or more of the Loans shall not be grounds for the abatement of or for hindering, delaying or preventing any proceedings with respect to the other Loan. Default under any one or more of the Loans shall constitute a separate cause of action, and the institution of proceedings upon one or more default shall not be construed as a splitting of a cause of action.

(Emphasis added).

## II.    *Communications of Counsel*

4.      Plaintiff's counsel acknowledges that Plaintiff's counsel failed to confer with Defendant's counsel before filing Plaintiff's Motion to Strike Affirmative Defenses to the Complaint [ECF No. 20] (the "**Motion to Strike**") and thus failed to comply with LCivR 7.1(d)(ii)(A).   Plaintiff's counsel's omission was not a willful disregard to the Court's Local Rules and it will not happen again.    Accordingly, Plaintiff's counsel request the Court's leniency and requests the Court to consider the merits of Plaintiff's Motion to Strike.

5.      Plaintiff's counsel is not attempting to excuse counsel's failure to comply with LCivR 7.1(d)(ii)(A).  However, in the past, when Plaintiff's counsel has attempted to communicate with Mr. Floyd E. Gates, Jr., Defendants' counsel, such attempts have been met with hostility or have been completely ignored.

4896-8572-8575, v. 1

6.     On <u>February 12, 2025</u>, Plaintiff commenced this action by filing the Complaint [ECF No. 1].

7.     On <u>February 21, 2025</u>, Plaintiff's counsel, Stanford R. Solomon, reached out to Mr. Gates to schedule a rule 26 conference.   Mr. Gates did not respond. The February 21, 2025 email is attached hereto as Exhibit "A".

8.     On <u>February 24, 2025</u>, again Plaintiff counsel, Mr. Solomon, emailed Mr. Gates to schedule a rule 26(f) conference, Mr. Gates responded with threats and did not offer dates for the rule 26 conference.  The February 24-25, 2025 email exchange is attached hereto as Exhibit "B".

9.     On <u>March 4, 2025,</u> Plaintiff's counsel, Robert May, emailed Mr. Gates and other attorneys at his firm asking Mr. Gates whether Mr. Gates had received the original promissory notes for the Second and Third Loans.   No one responded to the email. The March 4, 2025 email is attached hereto as Exhibit "C".

10.     On <u>March 6, 2025</u>, Mr. May emailed Mr. Gates and other attorneys at his firm asking whether the firm represented the tenant.  Mr. May received no response to his email.  The March 6, 2025 email is attached hereto as Exhibit "D".

11.     On <u>March 8, 2025</u>, Mr. Solomon emailed Mr. Gates four separate times inquiring whether Mr. Gates: (a) would be willing to confer regarding a discovery plan; (b) would be willing to engage in a meaningful case management conference; (c) represented the tenants; and (d) had any mediator recommendations.  Mr. Gates did not respond to any of the emails.  The March 8, 2025 emails are attached hereto as composite Exhibit "E".

12.    On <u>March 14, 2025</u>, Mr. Gates called Plaintiff's local counsel, Mr. Brian Witus, in an attempt to meet and confer on a Rule 11 Motion Mr. Gates ostensibly intends to file.  Mr. Witus instructed Mr. Gates to call the undersigned counsel, who is the lead counsel in this action, and Mr. Gates declined, stating that he cannot and will not communicate with the undersigned.  The March 14, 2025 email I received from Mr. Witus is attached hereto as Exhibit "F".

13.    On <u>April 10, 2025</u>, Plaintiff filed the Motion to Strike [ECF No. 20].

**MEMORANDUM OF LAW**

## I.    *Non-Compliance with LCivR 7.1(d)(ii)(A)*

As stated above, the undersigned recognizes his failure to comply with LCivR 7.1(d)(ii)(A).    Such infraction will not be repeated.    However, while LCivR 7.1(d)(iii) authorizes the Court to impose sanctions for a party's non-compliance with rule 7.1(d)(ii), the rule is discretionary and given the circumstances of this case, specifically that: (a) lead counsel is not from this jurisdiction; (b) this is the first infraction; and (c) such conference would have been futile as demonstrated by the Response and opposing counsel's failure to respond in the past,  Plaintiff's counsel requests the Court to forgo the imposition of sanctions and to address the merits of Plaintiff's Motion to Strike.

## II.    *Defendants' Affirmative Defenses Do Not Give Fair Notice or are Meritless*

**<u>First Affirmative Defense</u>**

There is no fair notice when the claim to which the defense is directed is not identified.  If the First Affirmative Defense is directed to all claims asserted, Defendants

5

should file a more definite statement and say so.

**Second Affirmative Defense**

The Response provides no legal authority to support the position taken by Defendants that the standard for summary judgment is a cognizable affirmative defense. If Usury is the basis for the Second Affirmative Defense, the Second Affirmative Defense is duplicative, and should be stricken.[3]

**Third Affirmative Defense**

Defendant's combine their response to the Third Affirmative Defense with their response to the Second Affirmative Defense.  However, Defendants offer no explanation as to what they mean by "prerequisites to recovery" or how such prerequisites are not a condition precedent that requires compliance with rule 9(c).

**Fourth Affirmative Defense**

If the basis for the laches and unclean hands Fourth Affirmative Defense is usury, the Fourth Affirmative Defense is duplicative and should be stricken.

**Fifth Affirmative Defense**

While Defendant's may have provided fair notice of Estoppel, there are no facts in the pleadings or any facts that Defendants could plead in good faith that would support an estoppel defense.  Plaintiff made no representations to Defendants outside of the Loan Documents.  The only real issue in this case is whether the Michigan usury  laws apply to the Loan or whether the Loan was exempt from the usury laws pursuant to M.C.L. § 438.31c (11).

---

[3] The Seventeenth and Eighteenth Affirmative Defenses are usury defenses.

**Sixth Affirmative Defense**

The insufficiency of the Sixth Affirmative Defense is clearly apparent from the pleadings.  Plaintiff did not consent to Defendant's default or to any breaches of Defendants' obligations pursuant to the Loan Documents.

**Seventh Affirmative Defense**

The insufficiency of the Seventh Affirmative Defense is clearly apparent from the pleadings.  Agency is not an issue in this case.  Defendants have admitted that the loan was funded.  Plaintiff complied with its material obligations pursuant to the Loan Documents.

**Eighth Affirmative Defense**

The insufficiency of the Sixth affirmative defense is apparent from the pleadings. Plaintiff complied with its material obligations pursuant to the Loan Documents. If  failure of consideration relates to Plaintiff's performance of the contract, the only appropriate affirmative defense would be first breach, which is asserted in the Ninth Affirmative Defense.  Accordingly, the Eighth Affirmative Defense is either a denial of the allegations in the Complaint or duplicative and it should be stricken.

**Ninth Affirmative Defense**

While the Ninth Affirmative Defense may provide sufficient notice of the first breach defense, the insufficiency of the Ninth Affirmative Defense is clearly apparent from the pleadings.  Defendants admit that the Loan was funded and that they have failed to pay the amounts due on the Note.

**Tenth Affirmative Defense**

There can be no sufficient notice of a violation of the covenant of good faith and fair dealing without a statement identifying the discretionary provision of the contract that Plaintiff allegedly violated.

**Eleventh Affirmative Defense**

The Response all but admits that there is no basis for the statute of limitations or statute of repose defenses.  Allowing an affirmative defense that is clearly without merit would be prejudicial to Plaintiff.  Plaintiff should not have to spend time and resources on discovery or defense of a statute of limitations or statute of repose defense that should be denied on its face.

**Twelfth Affirmative Defense**

Mitigation of damages is not and cannot be an issue in this action when the lender has no control over the assets being foreclosed and the Loan was fully funded.  Defendants cannot raise the mitigation of damages defense in good faith there is no possible relationship between the mitigation defense and the damages suffered by Plaintiff in this case.  Defendants have total control over the assets and Plaintiff's funds.

**Thirteenth Affirmative Defense**

The face of the Loan Documents and the facts alleged and admitted in the pleadings demonstrate that the Loan is a commercial Loan.  The Borrower is a limited liability company and the first page of the Mortgage states that the purpose of the Loan is "**commercial**" (emphasis added).  [ECF No. 1-3].  The Thirteenth Affirmative Defense should be stricken.

**Fourteenth, Fifteenth, and Sixteenth Affirmative Defenses**

While "[a]ll affirmative defense must be raised with Rule 11 in mind and are relevant to the determination of whether the claim and counterclaim are logically related", Rule 11 does not create an independent affirmative defense. *McPherson v. Comerica Bank*, 1993 WL 939366, at *9 (E.D. Mich. 1993).

**Nineteenth and Twenty-First Affirmative Defenses**

Plaintiff is not guilty of criminal usury and the claims asserted in the Complaint are not barred by the wrongful conduct rule.  The Loan is exempt from the Michigan usury laws pursuant to M.C.L. § 438.31c.  **The *bona fide* <u>primary security</u> for repayment of the Loan pursuant to the Note are the commercial properties that are the subject of this mortgage foreclosure proceeding**.   None of the properties sought to be foreclosed or that are or were ever encumbered by the Mortgage are single-family dwellings.  To the extent that the Collateralization Agreement provides single-family residential dwellings as security for the Loan, such security is not the primary security for the Loan as evidence by the filing of this action seeking the foreclosure of the properties encumbered by the Mortgage only.

The title of in M.C.L. § 438.31c is not "prohibitions when security is single-family dwelling unit".   The title is "Transactions and rates of interest; limitations; conditions and fees on loans, mortgages, and land contracts; basis for computing interest; enforcement."  Further, the Nineteenth and Twenty-First Affirmative Defenses are not usury defenses, they are wrongful conduct defenses.  The Michigan Supreme Court ruling has clearly and unequivocally stated that, "MCL 438.41 . . . cannot form the basis

9

for invoking the wrongful-conduct rule when defending a civil action." *Soaring Pine Capital Real Estate and Debt Fund II, LLC v. Park Street Group Realty Services, LLC*, 999 N.W.2d 8, 32 (Mich. 2023).

**Twentieth Affirmative Defenses**

Defendants Response asserts no good faith basis for invoking the failure to join indispensable party affirmative defense.  A review of the pleadings and of the Loan Documents demonstrates that all indispensable parties to this action have been joined.

**Twenty-Second through Twenty-Fifth Affirmative Defenses**

Defendants now allege that the allegation that "Plaintiff has refused to provide a proper payoff/commit to providing discharges despite repeated requests is a violation of Michigan Statute" supports the wrongful termination defense is an admission that the wrongful conduct defense is not clearly or properly pled and should be stricken. The wrongful conduct defense requires that the conduct be prohibited by a penal or criminal statute.  Nothing in paragraphs 22 through 25 of Defendants affirmative defenses makes such allegation.

**Twenty-Sixth Affirmative Defenses**

Although Federal Rule of Civil Procedure 15(a) allows Defendants to request leave of Court to assert additional defenses, no additional affirmative defenses  may be asserted without the Courts authorization.  Thus, paragraph 26 is unnecessary surplusage.

## CONCLUSION

Here, there are no facts that Defendants have alleged or could allege in good faith that would suffice to support affirmative defenses 1 through 16 and 19 through 25. Accordingly, this Court should strike affirmative defenses 1 through 16 and 19 through 25.

*/s/ Stanford R. Solomon*
Stanford R. Solomon, Esq.
Robert G. May, Esq.
**THE SOLOMON LAW GROUP, P.A.**
1881 West Kennedy Boulevard, Suite D
Tampa, Florida 33606-1611
(813) 225-1818 (Tel)
(813) 225-1050 (Fax)
*Attorneys for Plaintiff*
**PRIVATE FINANCING ALTERNATIVES, LLC**
Ssolomon@solomonlaw.com
Rmay@solomonlaw.com

AND

*/s/ Samuel P. Mauch*
Samuel P. Mauch, Esq.
Brian Witus, Esq.
**SARETSKY HART MICHAELS & GOULD PC**
995 S. Eton St.
Birmingham, Michigan 48009
(248) 502-3300 (Tel)
(248) 502-3301 (Fax)
*Attorneys for Plaintiff*
**PRIVATE FINANCING ALTERNATIVES, LLC**
SMauch@Saretsky.com
BWitus@Saretsky.com

4896-8572-8575, v. 1

## Certification of Service

I HEREBY CERTIFY that a copy of the foregoing **Reply to Response to Motion to Strike** has been filed and served through the CM/ECF System for filing and transmittal Notice of Electronic Filing upon all counsel of record, on May 5, 2025.

## Certification of Compliance

Pursuant to LCivR 7.3(b)(ii), this certifies that the foregoing **Reply to Response to Motion to Strike** is submitted in Microsoft Word 25.04, Book Antiqua 12-point font, and has a word count of 2630.

/s/ Stanford R. Solomon
Stanford R. Solomon, Esq.
Robert G. May, Esq.
**THE SOLOMON LAW GROUP, P.A.**
1881 West Kennedy Boulevard, Suite D
Tampa, Florida 33606-1611
(813) 225-1818 (Tel)
(813) 225-1050 (Fax)
*Attorneys for Plaintiff*
**PRIVATE FINANCING ALTERNATIVES, LLC**
Ssolomon@solomonlaw.com
Rmay@solomonlaw.com

AND

/s/ Samuel P. Mauch
Samuel P. Mauch, Esq.
Brian Witus, Esq.
**SARETSKY HART MICHAELS & GOULD PC**
995 S. Eton St.
Birmingham, Michigan 48009
(248) 502-3300 (Tel)
(248) 502-3301 (Fax)
*Attorneys for Plaintiff*
**PRIVATE FINANCING ALTERNATIVES, LLC**
SMauch@Saretsky.com
BWitus@Saretsky.com

# EXHIBIT "A"

**Jennifer Santana**

---

| | |
|---|---|
| **From:** | Stanford Solomon |
| **Sent:** | Friday, February 21, 2025 10:28 PM |
| **To:** | Floyd Gates; Melissa Bridges; Grant Semonin; Katherine Laitila; Cameron Ritsema |
| **Cc:** | Robert May; Jennifer Santana |
| **Subject:** | Private Financing Alternatives, LLC/Borisch and Walloon Lake Holdings: REQUEST FOR CONFERENCE OF COUNSEL |
| **Attachments:** | SLG_Vert_logo_015142b9-4da8-4f0d-aed3-8d49c66e35e8.png; image001.png; image001.png; image001.png; image002.png; image001.png |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Ladies and Gentlemen,

We would like to confer with you as soon as possible regarding the trajectory of this case. When can we have our rule 16 conference of counsel?

At the very least, we would like to start a dialogue regarding both the procedural aspects of this case as well as the possibility of early resolution through mediation or through direct negotiations. Please let us know whether you will agree to participate in such a conference.

Also, we must discuss with you asap zzzour intention to file a Petition for Appointment of Receiver to collect and remit to us the rents from the various commercial leases pursuant to the collateral assignment of leases and rents. We have to believe that we will be able to agree upon a mechanism for securing the rents that would reduce or possibly eliminate costs and fees normally associated with the appointment of a receiver.  We are most eager to address with you this issue before "pulling the trigger". If you are willing, we would like to do so before Monday, if possible, but certainly no later than Monday. Please let us know what works for you.

The last point for now is to advise you of our intention to file a rule 56 Motion for Summary Judgment in the very near future. If there is any discovery that you believe may be necessary to enable you to respond to our MSJ, please be sure to let us know and we will expedite our discovery responses and production, so that you will not be disadvantaged by an early-filed dispositive motion.  As far as we can tell, you are already in possession of everything that you could need or want to have through more formal discovery, but we welcome your requests so that we can avoid the delays and additional fees that are not normally associated with drawn-out discovery.

We hope to hear from you soonest on all of these issues. However, we think it fair to say that the rents issue is the most time-sensitive because of the fast-approaching the start of a new calendar month when rents are customarily payable and paid.

We sincerely appreciate your consideration and will look forward to your rapid response.

Thank you.

Sandy

Stanford R. Solomon
THE SOLOMON LAW GROUP, P.A.
1881 West Kennedy Blvd. Suite D
Tampa, Florida 33606-1611
(813) 225.1818 (Tel)
(813) 810.7718 (Cell)
(813) 225.1050 (Fax)
ssolomon@solomonlaw.com

## THE SOLOMON LAW GROUP, P.A.

**Stanford R. Solomon**

Phone: 813-225-1818
Mobile: 813-810-7718
Fax: 813-225-1050
Email: SSolomon@SolomonLaw.com

www.solomonlaw.com



**1881 West Kennedy Boulevard, Suite D • Tampa  • Florida • 33606-1611**

On Feb 21, 2025, at 9:39 AM, Robert May <rmay@solomonlaw.com> wrote:

Mr. Gates, are you free at 11 today to discuss this matter? Thank you, Rob

Get Outlook for iOS

## THE SOLOMON LAW GROUP, P.A.

**Robert May**

Phone: 813-225-1818
Fax: 813-225-1050

<SLG_Vert_logo_015142b9-
4da8-4f0d-aed3-
8d49c66e35e8.png>

Email: rmay@solomonlaw.com

[www.solomonlaw.com](http://www.solomonlaw.com)

**1881 West Kennedy Boulevard, Suite D • Tampa  • Florida • 33606-1611**

---

**From:** Robert May <rmay@solomonlaw.com>
**Sent:** Friday, February 14, 2025 6:40:49 PM
**To:** Gates, Floyd <FGates@BODMANLAW.COM>; Stanford Solomon <SSolomon@SolomonLaw.com>
**Cc:** Bridges, Melissa <MBridges@BODMANLAW.COM>; Laitila, Katherine <KLaitila@BODMANLAW.COM>; Jennifer Santana <jsantana@solomonlaw.com>; Semonin, Grant <GSemonin@bodmanlaw.com>; Ritsema, Cameron <CRitsema@BODMANLAW.COM>
**Subject:** Re: Private Financing Alternatives, LLC : Borisch / Walloon Lake Holdings, LLC

Will you agree to a 21-day response deadline from Monday?

Get [Outlook for iOS](http://outlook.com)

**THE SOLOMON LAW GROUP, P.A.**

**Robert May**

Phone: 813-225-1818
Fax: 813-225-1050
Email: rmay@solomonlaw.com

<SLG_Vert_logo_015142b9-4da8-4f0d-aed3-8d49c66e35e8.png>

[www.solomonlaw.com](http://www.solomonlaw.com)

**1881 West Kennedy Boulevard, Suite D • Tampa  • Florida • 33606-1611**

Confidentiality Statement: The information transmitted is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any transmission of confidential and/or privileged material to persons or entities other than intended recipients shall not be construed as a waiver of such privileges or confidence. Any review, retransmission, dissemination, or other use of this information by persons or entities other than the intended recipient is prohibited. Any action taken in reliance of this information by any persons or entities who are not intended recipients is also prohibited. If you receive this in error, please contact the sender of the email and delete the material from any computer or electronic device. Fair Debt Collection Practices Act: You are advised that this office may be deemed a debt collector and any information obtained will be used to effect collection of a debt.

---

**From:** Gates, Floyd <FGates@BODMANLAW.COM>
**Sent:** Friday, February 14, 2025 5:56:06 PM
**To:** Robert May <rmay@solomonlaw.com>; Stanford Solomon <SSolomon@SolomonLaw.com>
**Cc:** Bridges, Melissa <MBridges@BODMANLAW.COM>; Laitila, Katherine <KLaitila@BODMANLAW.COM>; Jennifer Santana <jsantana@solomonlaw.com>; Semonin, Grant <GSemonin@bodmanlaw.com>; Ritsema, Cameron <CRitsema@BODMANLAW.COM>
**Subject:** RE: Private Financing Alternatives, LLC : Borisch / Walloon Lake Holdings, LLC

This message was sent securely using Zix®

Gentlemen:

I believe your process server just attempted to serve my clients.  I would be glad to waive/accept service on behalf of my clients if you would like to email your Summons and Complaint (including exhibits) along with the waiver to me.  Have a great weekend and thank you  for finally getting your Complaint filed.


**Floyd E. Gates Jr.**
616-205-1860
FGates@BODMANLAW.COM



---

**From:** Gates, Floyd
**Sent:** Wednesday, February 5, 2025 6:37 PM
**To:** Robert May <rmay@solomonlaw.com>; Stanford Solomon <SSolomon@SolomonLaw.com>
**Cc:** Bridges, Melissa <MBridges@BODMANLAW.COM>; Laitila, Katherine <KLaitila@BODMANLAW.COM>; Jennifer Santana <jsantana@solomonlaw.com>
**Subject:** RE: Private Financing Alternatives, LLC : Borisch / Walloon Lake Holdings, LLC
**Importance:** High

Gentlemen:

To my knowledge, I have not been given the courtesy of a response to my email below.  More importantly, if my client is unable to timely provide his new lender with a payoff letter and lien releases to be executed/provided by your client at closing, my client's damages/your client's exposure will significantly increase.  In an effort to mitigate those damages/that exposure, my client had what I believe is a very good idea which should allow your client to redeploy its underlying principal balance at issue and preserves all claims for both sides to be litigated (i.e. without jeopardizing the pending refinance).  In summary, my client's idea is as follows:

- At closing on the pending refinance, my client would disburse $6,000,000 to your client (i.e. the $6,000,000 is our calculation of the "Payoff" identified in my correspondence dated December 17, 2024 less $564,179.78 which we will agree to hold in escrow for the purpose of covering the costs and legal fees to be incurred by my client should we prevail on our criminal usery defense/claim pursuant to Michigan statute).
- Your client will in turn discharge all collateral leaving $4,403,645.89 (as of your client's November 29, 2024 payoff statement) in dispute/expressly preserved between our respective clients to be litigated (i.e. assuming further efforts to settle are unsuccessful).  In this regard, if your client is interested in reaching a complete resolution of the underlying dispute, we could certainly discuss an early facilitative mediation.

As I have stated in all of my prior communication, time is of the essence.  My client's new lender has completed all its necessary diligence and has recently provided draft loan documentation for his review.  The only issue holding up a closing is your client's unwillingness to provide a payoff letter and lien releases.  Please discuss with your client

4

asap and provide any comments, thoughts, concerns you/your client may have regarding the above proposal.  As I stated, it seems like a good idea to me.  It gets virtually all of your client's principal balance returned for redeployment and preserves all substantive claims between our clients.  Obviously, we would document the understanding in a substantive Settlement Agreement to be executed by all parties.

This proposal remains subject to my client's final approval in all respects.

**Floyd E. Gates Jr.**
616-205-1860
FGates@BODMANLAW.COM



**From:** Gates, Floyd
**Sent:** Friday, January 31, 2025 1:00 AM
**To:** 'Robert May' <rmay@solomonlaw.com>; Stanford Solomon <SSolomon@SolomonLaw.com>
**Cc:** Bridges, Melissa <MBridges@BODMANLAW.COM>; Laitila, Katherine <KLaitila@BODMANLAW.COM>; Jennifer Santana <jsantana@solomonlaw.com>
**Subject:** RE: Private Financing Alternatives, LLC : Borisch / Walloon Lake Holdings, LLC
**Importance:** High

Gentlemen:

It has now been three (3) weeks since our call and six (6) weeks since we sent our detailed and legally supported demand letter to your client.  During our call, Mr. Sanford came out swinging premised on the authority of the "AI research" he had conducted into the applicable criminal usery statute.  I hope by now you have had sufficient time to thoroughly investigate the underling facts of the Loan at issue and actually research your legal position.   Presumably you have and thus the reason you have not moved forward with the Complaint you promised to file.  If that is the case and you would like to discuss a resolution (rather than argue an untenable legal position), we should probably talk...and soon.  If that is not the case, please advise as to when I can expect to receive your Complaint.  I am confident that we have adequately explained your client's exposure should it cause my clients to lose their pending refinance opportunity.  As such, I won't revisit the potential exposure here.  Suffice it to say, your client's exposure is substantial and includes the recovery of all cost and legal fees by my client.

If you have no interest in resolution and you have changed your mind on moving forward with your Complaint, please advise so that I may file the appropriate action in order to move this matter forward.  Time is of the essence.  Please confirm if you would be authorized to accept service of same on behalf of your client.  Thank you.

**Floyd E. Gates Jr.**
616-205-1860
FGates@BODMANLAW.COM



---

**From:** Robert May <rmay@solomonlaw.com>
**Sent:** Saturday, January 11, 2025 10:02 AM
**To:** Gates, Floyd <FGates@BODMANLAW.COM>; Stanford Solomon <SSolomon@SolomonLaw.com>
**Cc:** Bridges, Melissa <MBridges@BODMANLAW.COM>; Laitila, Katherine <KLaitila@BODMANLAW.COM>; Jennifer Santana <jsantana@solomonlaw.com>
**Subject:** Re: Private Financing Alternatives, LLC : Borisch / Walloon Lake Holdings, LLC

> **CAUTION: External Sender.**

---

Mr. Gates,

Respectfully, we do not agree with and categorically reject your attempt to recharacterize our conference and the matters addressed therein. For starters, you and your partner clearly advised that you had no intention or desire to litigate the dispute during the conference and we tried to respect that limitation. We were and are prepared to address the issues based on Michigan law, but that was not to be.

As we indicated repeatedly, we are interested in framing the disputes and narrowing the areas of disagreement in hopes of reaching a reasonable and expeditious compromise. The last thing we want to do is to interfere with another transaction, particularly if it is designed to pay off the $15,000,000 loan facility at issue here.

In hopes of bringing the issues and the parties closer to resolution, we asked:

(1) Do you agree that MCL 438.31c(11) is an available exception to the usury limitation and allows a lender to charge absolutely any rate of interest as long as the requirement of that subdivision are satisfied?

(2) If so, what facts or factors relevant to this loan transaction prevent the lender from reliance on MCL 438.31c(11)?

You and your partner declined to respond.
Instead, you threatened us and invited us to seek judicial intervention.  As long as that is your approach, we do not perceive an alternative to filing suit, which we intend to do soonest. We appreciate and accept your agreement to accept service of process on behalf of all defendants. Doing so should expedite resolution.

As we move forward, if there are portions of the collateral that the borrowers want or need released, please identify specifically the particular collateral and the proposed terms for the release of encumbrances thereon.

As soon as we commence the litigation, would you be willing to commence discovery right away so that we could quickly assemble an agreed set of facts that would be the basis for prompt consideration of competing motions for summary judgment?

We are disappointed that yesterday's Zoom conference was not nearly as productive as we had hoped, but your "admittedly-terse" approach right out-of-the-box and your uncompromising refusal to consider an open and non-confrontational discourse has told us everything that we needed to know for now.

If our position was not clearer during our conference, we categorically reject the offer/demand set forth in your December 21, 2024 letter. If the matters set forth in your December 21st letter reflect your true negotiating position, we believe that your hardline stance will not serve your clients' best interests, now or ever.

From our perspective, your December 21st letter did not serve as a valid starting point because your letter did not (a) recognize the usury exemption that we believe is clearly applicable to this loan or (b) explain why the usury exemption should not be applied to this loan.  No one was expecting you to "bid against yourself"; all we wanted was to engage in a substantive conversation that recognized and valued the competing points of law and fact in an effort to better appreciate the potential range of viable settlement positions. We are sorry that our intentions and expectations were not more clear.

We would prefer to be able to engage in meaningful exchanges, but we are not willing to be bullied. If there are any points of law or facts that you would like us to consider as we proceed with our analysis, it would be helpful if you would pass them along rather than hold back. You will have to disclose your legal and factual eventually; so, why not do so now?

Thank you.

Get Outlook for iOS

**THE SOLOMON LAW GROUP, P.A.**

**Robert May**

Phone: 813-225-1818
Fax: 813-225-1050
Email: rmay@solomonlaw.com

www.solomonlaw.com



**1881 West Kennedy Boulevard, Suite D • Tampa  • Florida • 33606-1611**

Confidentiality Statement: The information transmitted is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any transmission of confidential and/or privileged material to persons or entities other than intended recipients shall not be construed as a waiver of such privileges or confidence. Any review, retransmission, dissemination, or other use of this information by persons or entities other than the intended recipient is prohibited. Any action taken in reliance of this information by any persons or entities who are not intended recipients is also prohibited. If you receive this in error, please contact the sender of the email and delete the material from any computer or electronic device. Fair Debt Collection Practices Act: You are advised that this office may be deemed a debt collector and any information obtained will be used to effect collection of a debt.

**From:** Gates, Floyd <FGates@BODMANLAW.COM>
**Sent:** Friday, January 10, 2025 4:25:06 PM
**To:** Robert May <rmay@solomonlaw.com>; Stanford Solomon <SSolomon@SolomonLaw.com>
**Cc:** Bridges, Melissa <MBridges@BODMANLAW.COM>; Laitila, Katherine
<KLaitila@BODMANLAW.COM>; Bridges, Melissa <MBridges@BODMANLAW.COM>; Laitila, Katherine
<KLaitila@BODMANLAW.COM>; Jennifer Santana <jsantana@solomonlaw.com>
**Subject:** RE: Private Financing Alternatives, LLC : Borisch / Walloon Lake Holdings, LLC

This message was sent securely using Zix®

Gentlemen:

Thank you for your time today.  Regrettably, I do not believe we made significant progress other than to confirm your confidence that your client benefits from what you represent to be the "exception" found at MCL 438.31c(11).  Given your confidence, perhaps you could send us the appraisals upon which you and your client have relied to support your confidence.  Or, better yet, perhaps you could forward the appraisals upon which your client and its counsel relied at the origination of loan.  Given the short duration of our call, we did not have the opportunity to remind you that 3 of the obligors on the loan facility at issue are individual borrowers.  I would suggest that you might want to take that fact into consideration as well (along with 3-4 other significant issues not identified in our December 21 letter).

You asked what we are "looking for" during our discussion.  Our demand is set forth in the second to last paragraph of our December 21 letter.  Should your client have an alternative proposal you like our clients to consider, you are welcome to send it our way for consideration and response.  I would have expected you to know going into our discussion that we would not negotiate against ourselves.

Finally, you asked if I would accept service on behalf of my clients.  I informed you that I would and I will.  However, I would encourage you to proceed with your complaint quickly given the fact that your client will most certainly be interfering with the global refinancing opportunities my clients have pending.  In fact, if we are proceeding with litigation, your client may give thought to releasing a substantial portion of its collateral in order to limit its exposure to my clients.  During our brief call, I believe I heard the intention on the part of your client to refuse such a request in order to compel our clients' cooperation with respect to your client's demand for the payment of criminal usery.

If you believe I have not memorialized our discussion accurately, you are welcome to clarify via responsive email.  During our discussion, when I asked you to put your substantive legal and factual arguments to my December 21 letter in writing, I detected a strong adversion to your doing so.  Given your confidence, I don't understand why.

Again, thank you for your time today.

**Floyd E. Gates Jr.**
616-205-1860
FGates@BODMANLAW.COM



ATTORNEYS & COUNSELORS

**From:** Robert May <rmay@solomonlaw.com>
**Sent:** Thursday, January 9, 2025 5:04 PM
**To:** Gates, Floyd <FGates@BODMANLAW.COM>
**Cc:** Bridges, Melissa <MBridges@BODMANLAW.COM>; Laitila, Katherine <KLaitila@BODMANLAW.COM>; Bridges, Melissa <MBridges@BODMANLAW.COM>; Laitila, Katherine <KLaitila@BODMANLAW.COM>; Jennifer Santana <jsantana@solomonlaw.com>
**Subject:** RE: Private Financing Alternatives, LLC : Borisch / Walloon Lake Holdings, LLC

> **CAUTION: External Sender.**

Floyd, would you be ok with converting this to a zoom meeting? If so, my asst (Jennifer) will send a link momentarily. Thanks,

**THE SOLOMON LAW GROUP, P.A.**

**Robert May**

Phone: 813-225-1818
Fax: 813-225-1050
Email: rmay@solomonlaw.com

www.solomonlaw.com



**1881 West Kennedy Boulevard, Suite D • Tampa  • Florida • 33606-1611**

Confidentiality Statement: The information transmitted is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any transmission of confidential and/or privileged material to persons or entities other than intended recipients shall not be construed as a waiver of such privileges or confidence. Any review, retransmission, dissemination, or other use of this information by persons or entities other than the intended recipient is prohibited. Any action taken in reliance of this information by any persons or entities who are not intended recipients is also prohibited. If you receive this in error, please contact the sender of the email and delete the material from any computer or electronic device. Fair Debt Collection Practices Act: You are advised that this office may be deemed a debt collector and any information obtained will be used to effect collection of a debt.

**From:** Gates, Floyd <FGates@BODMANLAW.COM>
**Sent:** Thursday, January 9, 2025 9:53 AM
**To:** Robert May <rmay@solomonlaw.com>
**Cc:** Bridges, Melissa <MBridges@BODMANLAW.COM>; KLaitila@BODMANLAW.COM; Bridges, Melissa <MBridges@BODMANLAW.COM>; KLaitila@BODMANLAW.COM
**Subject:** Re: Private Financing Alternatives, LLC : Borisch / Walloon Lake Holdings, LLC

| This message was sent securely using Zix® |
| --- |

Will do.

Floyd E. Gates, Jr.
Bodman PLC
Office:  616-205-1860
Mobile:  616-490-9883


On Jan 9, 2025, at 9:24 AM, Robert May <rmay@solomonlaw.com> wrote:


**CAUTION: External Sender.**


Hello, Friday (1/10) at 1:00 pm eastern works for us. Please call in to this number: 813-867-2096. Thank you, Rob



**THE SOLOMON LAW GROUP, P.A.**

**Robert May**

Phone: 813-225-1818
Fax: 813-225-1050
Email: rmay@solomonlaw.com

www.solomonlaw.com



---

**1881 West Kennedy Boulevard, Suite D • Tampa  • Florida • 33606-1611**

Confidentiality Statement: The information transmitted is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any transmission of confidential and/or privileged material to persons or entities other than intended recipients shall not be construed as a waiver of such privileges or confidence. Any review, retransmission, dissemination, or other use of this information by persons or entities other than the intended recipient is prohibited. Any action taken in reliance of this information by any persons or entities who are not intended recipients is also prohibited. If you receive this in error, please contact the sender of the email and delete the material from any computer or electronic device. Fair Debt Collection Practices Act: You are advised that this office may be deemed a debt collector and any information obtained will be used to effect collection of a debt.

**From:** Gates, Floyd <FGates@BODMANLAW.COM>
**Sent:** Wednesday, January 8, 2025 5:38 PM
**To:** Robert May <rmay@solomonlaw.com>
**Cc:** Bridges, Melissa <MBridges@BODMANLAW.COM>; Laitila, Katherine <KLaitila@BODMANLAW.COM>
**Subject:** RE: Private Financing Alternatives, LLC : Borisch / Walloon Lake Holdings, LLC

| This message was sent securely using Zix® |
| --- |

Robert:

Thank you for reaching out.  I can make time on Friday (1/10) between 1 - 3:30 pm eastern.  If that window does not work for you, please propose an alternate time and I will do my best to accommodate.

**Floyd E. Gates Jr.**
99 Monroe Ave NW | Suite 300 | Grand Rapids MI 49503
o: 616-205-1860 | c: 616-490-9883 | FGates@BODMANLAW.COM

| Bio  | vCard | b inclusive





CONFIDENTIALITY NOTICE The contents of this message from Bodman PLC may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this messa not intended to waive any applicable privilege. Please do not disseminate this message without the permission of t author.

**From:** Robert May <rmay@solomonlaw.com>
**Sent:** Wednesday, January 8, 2025 4:53 PM
**To:** Gates, Floyd <FGates@BODMANLAW.COM>
**Subject:** Private Financing Alternatives, LLC : Borisch / Walloon Lake Holdings, LLC

**CAUTION: External Sender.**

Hello Mr. Gates,

Sandy Solomon and I represent Private Financing Alternatives, LLC. Our client provided to us your December 21, 2024 letter addressed to Mr. Horrocks regarding the matter above. We have been analyzing the issues raised and would like to speak with you Friday afternoon if possible. Please let me know if you have time to do so. Thank you, Rob

## THE SOLOMON LAW GROUP, P.A.

**Robert May**

Phone: 813-225-1818
Fax: 813-225-1050
Email: rmay@solomonlaw.com

www.solomonlaw.com



**1881 West Kennedy Boulevard, Suite D • Tampa  • Florida • 33606-1611**

Confidentiality Statement: The information transmitted is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any transmission of confidential and/or privileged material to persons or entities other than intended recipients shall not be construed as a waiver of such privileges or confidence. Any review, retransmission, dissemination, or other use of this information by persons or entities other than the intended recipient is prohibited. Any action taken in reliance of this information by any persons or entities who are not intended recipients is also prohibited. If you receive this in error, please contact the sender of the email and delete the material from any computer or electronic device. Fair Debt Collection Practices Act: You are advised that this office may be deemed a debt collector and any information obtained will be used to effect collection of a debt.

This message was secured by Zix®.

This message was secured by **Zix**®.

This message was secured by **Zix**®.

This message was secured by **Zix**®.

# EXHIBIT "B"

**Jennifer Santana**

---

| | |
|---|---|
| **From:** | Stanford Solomon |
| **Sent:** | Monday, February 24, 2025 11:18 AM |
| **To:** | Floyd E. Gates Jr. |
| **Cc:** | Robert May |
| **Subject:** | DiGerlando/Borisch: ADR |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Mr. Gates,

We are very interested in engaging promptly in an Alternative Dispute Resolution process. Would your clients and you be willing to go so within the next few weeks?

If so, our preference would be to retain a neutral mediator to facilitate negotiations between the parties. The mediator would be expected to evaluate the claims and assist the parties in breaking down the issues into smaller pieces so that we could narrow the issues and expedite resolution. We would certainly be willing to travel to you for this effort and would also dedicate a weekend to the effort to facilitate scheduling.

Please let us know soonest. If you would like to discuss, please call anytime or suggest a time certain.

Thank you.

Sandy

Stanford R. Solomon
THE SOLOMON LAW GROUP, P.A.
1881 West Kennedy Blvd. Suite D
Tampa, Florida 33606-1611
(813) 225.1818 (Tel)
(813) 810.7718 (Cell)
(813) 225.1050 (Fax)
ssolomon@solomonlaw.com

**THE SOLOMON LAW GROUP, P.A.**

**Stanford R. Solomon**

Phone: 813-225-1818
Mobile: 813-810-7718
Fax: 813-225-1050
Email: SSolomon@SolomonLaw.com

www.solomonlaw.com



**1881 West Kennedy Boulevard, Suite D • Tampa  • Florida • 33606-1611**

**Jennifer Santana**

---

**From:**      Stanford Solomon
**Sent:**       Monday, February 24, 2025 11:44 AM
**To:**         Floyd E. Gates, Jr.
**Cc:**         Robert May
**Subject:**    DiGerlando/Borisch: Rule 26(f)

**Follow Up Flag:**    Follow up
**Flag Status:**       Flagged

Mr. Gates,

Pursuant to rule 26(f) [please forgive the typo in prior email that incorrectly referred to rule 16], "the parties must confer as soon as practicable". We have reached out previously and are doing so again here to invite you to a rule 26(f) conference of counsel.

We are ready and able to discuss with you a discovery plan and the preservation of discoverable information. Since this is the first time that we are working with you and your firm, we are unfamiliar with the manner in which you prefer to proceed. We would prefer to meet first and then circulate a draft Discovery Plan, but we are flexible and willing to accommodate your preferred manner in which to proceed.

Please let us know how you would suggest we proceed with scheduling the rule 26(f) conference of counsel. We are ready to get moving forward.

On a related note, please be sure to preserve all communications between or among all parties concerning the loan relationship that is the subject of the pending action. We will send a more formal and more specific request for preservation of discovery materials, but will rely on your good faith compliance with this request. Please let us know if our reliance is misplaced or unjustified.

Thank you for your consideration.

Sandy

Stanford R. Solomon
THE SOLOMON LAW GROUP, P.A.
1881 West Kennedy Blvd. Suite D
Tampa, Florida 33606-1611
(813) 225.1818 (Tel)
(813) 810.7718 (Cell)
(813) 225.1050 (Fax)
ssolomon@solomonlaw.com

## THE SOLOMON LAW GROUP, P.A.

**Stanford R. Solomon**

Phone: 813-225-1818
Mobile: 813-810-7718
Fax: 813-225-1050
Email: SSolomon@SolomonLaw.com

www.solomonlaw.com



**1881 West Kennedy Boulevard, Suite D • Tampa  • Florida • 33606-1611**

**Jennifer Santana**

| | |
|---|---|
| **From:** | Stanford Solomon |
| **Sent:** | Monday, February 24, 2025 5:36 PM |
| **To:** | fgates@bodmanlaw.com |
| **Cc:** | Robert May |
| **Subject:** | DiGerlando/Borisch: Attempt to Meet and Confer |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Mr. Gates,

Today at 5:08 p.m., Rob May and I reached out to you by telephone to see if we could move the ball down the field by addressing the scheduling of a rule 26(f) conference and discussing the possibility of alternative dispute resolution. Unfortunately, while threatening us no fewer than five times with sanctions under rule 11, you declined to address any issue substantively and then abruptly hung up on our call after only seven minutes and 27 seconds (7:27).  Your attitude was unnecessarily combative and confrontational.

We posed several substantive questions that you declined to address. One such question was the status of the take-out loan from HRG that we were advised would be used to pay the amounts owed to our client. Can you tell us whether the anticipated loan from HRG was consummated and, if so, can you please send to us the closing documents for that transaction. You declined to respond, but we could not discern the basis for your refusal. Therefore, we reiterate our request for confirmation regarding the status of the HRG transaction and for a copy of the closing documents.

While we spar, would you please let us know who you would suggest to serve as a mediator in this case. It has been our experience that the most-skilled mediators are booked months out. Therefore, it would be incumbent on us to select a skilled mediator and try to reserve time on his/her calendar now, so that we will be able to proceed with mediation on a timely basis. Please let us know who you would suggest.

We certainly hope that our future exchanges can be more productive.

Thank you for your consideration.

Sandy

Stanford R. Solomon
THE SOLOMON LAW GROUP, P.A.
1881 West Kennedy Blvd. Suite D
Tampa, Florida 33606-1611
(813) 225.1818 (Tel)
(813) 810.7718 (Cell)
(813) 225.1050 (Fax)
ssolomon@solomonlaw.com

## THE SOLOMON LAW GROUP, P.A.

**Stanford R. Solomon**

Phone: 813-225-1818
Mobile: 813-810-7718
Fax: 813-225-1050
Email: SSolomon@SolomonLaw.com

www.solomonlaw.com



**1881 West Kennedy Boulevard, Suite D • Tampa  • Florida • 33606-1611**

**Jennifer Santana**

---

| | |
|---|---|
| **From:** | Stanford Solomon |
| **Sent:** | Tuesday, February 25, 2025 9:01 AM |
| **To:** | Floyd Gates |
| **Cc:** | Robert May |
| **Subject:** | DiGerlando/Borisch: Attempt to Meet and Confer |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Mr. Gates,

Your nastiness will not change the facts.

Your threats will not enhance your clients' position.

We did not record the call. We took notes to make a record of your baseless threats.

Sandy

Stanford R. Solomon
THE SOLOMON LAW GROUP, P.A.
1881 West Kennedy Blvd. Suite D
Tampa, Florida 33606-1611
(813) 225.1818 (Tel)
(813) 810.7718 (Cell)
(813) 225.1050 (Fax)
ssolomon@solomonlaw.com

**THE SOLOMON LAW GROUP, P.A.**

**Stanford R. Solomon**

Phone: 813-225-1818
Mobile: 813-810-7718
Fax: 813-225-1050
Email: SSolomon@SolomonLaw.com

www.solomonlaw.com



**1881 West Kennedy Boulevard, Suite D • Tampa • Florida • 33606-1611**

On Feb 24, 2025, at 7:25 PM, Gates, Floyd <FGates@bodmanlaw.com> wrote:

> This message was sent securely using Zix®

Mr. Solomon:

During our brief call, I initially asked you if you were recording the call. After you stumbled all over yourself attempting to convince me that you were not, I told you that I was in the process of preparing a Rule 11 letter to you and your Michigan co-counsel due to the factual misrepresentations set forth in your Complaint. I believe I have authored two (2) such letters in my career and recovered sanctions from each recipient. Perhaps upon receipt of my Rule 11 letter, you and your co-counsel will revisit your pleadings in an effort to fully and accurately disclose the underlying loan facility to the Court. I also told you that I was in the process of preparing responsive pleadings to your Complaint. You clearly called with an agenda of litigating the case over the phone and when it became clear that you were actually recording the call (contrary to representation), I simply ended the call. Please save the recording and you might want to review the MRPC as well if you are going to appear in a court in this state.

As for ADR, I told you that my client and I have no problem participating in ADR after we conduct necessary formal discovery. In that regard, please connect with Mssrs. Joseph DiGerlando and Josh Horrocks so that we can begin with their depositions right out of the gate. As soon as we have our Rule 16 Conference, I will be ready to proceed with their depositions. I think you will find that we have no interest in delaying this case. Thanks.

**Floyd E. Gates Jr.**
616-205-1860
FGates@BODMANLAW.COM



**From:** Stanford Solomon <SSolomon@SolomonLaw.com>
**Sent:** Monday, February 24, 2025 5:36 PM
**To:** Gates, Floyd <FGates@BODMANLAW.COM>
**Cc:** Robert May <rmay@solomonlaw.com>
**Subject:** DiGerlando/Borisch: Attempt to Meet and Confer

**CAUTION: External Sender.**

Mr. Gates,

Today at 5:08 p.m., Rob May and I reached out to you by telephone to see if we could move the ball down the field by addressing the scheduling of a rule 26(f) conference and discussing the possibility of alternative dispute resolution. Unfortunately, while threatening us no fewer than five times with sanctions under rule 11, you declined to address any issue substantively and then abruptly hung up on our call after only seven minutes and 27 seconds (7:27).  Your attitude was unnecessarily combative and confrontational.

We posed several substantive questions that you declined to address. One such question was the status of the take-out loan from HRG that we were advised would be used to pay the amounts owed to our client. Can you tell us whether the anticipated loan from HRG was consummated and, if so, can you please send to us the closing documents for that transaction. You declined to respond, but we could not discern the basis for your refusal. Therefore, we reiterate our request for confirmation regarding the status of the HRG transaction and for a copy of the closing documents.

While we spar, would you please let us know who you would suggest to serve as a mediator in this case. It has been our experience that the most-skilled mediators are booked months out. Therefore, it would be incumbent on us to select a skilled mediator and try to reserve time on his/her calendar now, so that we will be able to proceed with mediation on a timely basis. Please let us know who you would suggest.

We certainly hope that our future exchanges can be more productive.

Thank you for your consideration.

Sandy

Stanford R. Solomon
THE SOLOMON LAW GROUP, P.A.
1881 West Kennedy Blvd. Suite D
Tampa, Florida 33606-1611

3

(813) 225.1818 (Tel)
(813) 810.7718 (Cell)
(813) 225.1050 (Fax)
ssolomon@solomonlaw.com

## THE SOLOMON LAW GROUP, P.A.

**Stanford R. Solomon**

Phone: 813-225-1818
Mobile: 813-810-7718
Fax: 813-225-1050
Email: SSolomon@SolomonLaw.com

www.solomonlaw.com





**1881 West Kennedy Boulevard, Suite D • Tampa  • Florida • 33606-1611**

Confidentiality Statement: The information transmitted is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any transmission of confidential and/or privileged material to persons or entities other than intended recipients shall not be construed as a waiver of such privileges or confidence. Any review, retransmission, dissemination, or other use of this information by persons or entities other than the intended recipient is prohibited. Any action taken in reliance of this information by any persons or entities who are not intended recipients is also prohibited. If you receive this in error, please contact the sender of the email and delete the material from any computer or electronic device. Fair Debt Collection Practices Act: You are advised that this office may be deemed a debt collector and any information obtained will be used to effect collection of a debt.

This message was secured by Zix®.

# EXHIBIT "C"

**Jennifer Santana**

| | |
|---|---|
| **From:** | Robert May |
| **Sent:** | Tuesday, March 4, 2025 10:23 AM |
| **To:** | Gates, Floyd; Bridges, Melissa; Ritsema, Cameron; Grant Semonin |
| **Subject:** | RE: 80944.22003 - Joseph DiGerlando - Michigan Loan for Borisch-Walloon: Response to Rule 11 Letter with attachments |
| **Attachments:** | 3.3.2025 correspondence to Bodman PLC with attachments.pdf; Borisch-Walloon 3MM Promissory Note.pdf; Borisch-Walloon 2MM Promissory Note.pdf |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Hello Mr. Gates,

FedEx records show that the original notes($2mm and $3mm) sent to your office last evening were delivered today at 7:10 a.m. Would you please confirm that you received and are in possession of the two original notes as referenced in the attached letter? Thank you,

**THE SOLOMON LAW GROUP, P.A.**

**Robert May**

Phone: 813-225-1818
Fax: 813-225-1050
Email: rmay@solomonlaw.com

www.solomonlaw.com



**1881 West Kennedy Boulevard, Suite D ▪ Tampa  ▪ Florida ▪ 33606-1611**

**From:** Stanford Solomon <SSolomon@SolomonLaw.com>
**Sent:** Monday, March 3, 2025 7:46 PM
**To:** Gates, Floyd <fgates@bodmanlaw.com>; Bridges, Melissa <MBridges@bodmanlaw.com>; Ritsema, Cameron <CRitsema@bodmanlaw.com>; Grant Semonin <GSemonin@bodmanlaw.com>
**Subject:** 80944.22003 - Joseph DiGerlando - Michigan Loan for Borisch-Walloon: Response to Rule 11 Letter with attachments

Attached is March 3, 2025 correspondence in connection with the above-referenced matter.

If you have any questions, please call.

## THE SOLOMON LAW GROUP, P.A.

**Stanford R. Solomon**

Phone: 813-225-1818
Mobile: 813-810-7718
Fax: 813-225-1050
Email: SSolomon@SolomonLaw.com

www.solomonlaw.com



**1881 West Kennedy Boulevard, Suite D • Tampa  • Florida • 33606-1611**

# EXHIBIT "D"

**Jennifer Santana**

| | |
|---|---|
| **From:** | Robert May |
| **Sent:** | Thursday, March 6, 2025 9:31 AM |
| **To:** | Gates, Floyd; Bridges, Melissa; Ritsema, Cameron; Grant Semonin |
| **Cc:** | Robert May |
| **Subject:** | RE: 80944.22003 - Joseph DiGerlando - Michigan Loan for Borisch-Walloon: Response to Rule 11 Letter with attachments |

Good morning everyone,

Can someone from your team please confirm receipt of the two original notes referenced below?

Does your firm represent the Tenants (JLB Restaurant Holdings, LLC; and Hotel Walloon, LLC)? If so, have the March rents been sent to our office as directed in the Payment Direction Letters? If not, have they been sequestered? If you represent the Tenants and payment has not been sent to our firm as instructed, what is your intention with the rents? We have directed specifically in writing that the assignor (Walloon Lake Holdings, LLC), shall deliver rents to the lender. As of yesterday's mail, we have received no rents from the assignor/Tenants.  Please let us know your response to these issues as soon as possible.

Thank you,

## THE SOLOMON LAW GROUP, P.A.

**Robert May**

Phone: 813-225-1818
Fax: 813-225-1050
Email: rmay@solomonlaw.com

www.solomonlaw.com



**1881 West Kennedy Boulevard, Suite D • Tampa  • Florida • 33606-1611**

**From:** Robert May <rmay@solomonlaw.com>
**Sent:** Tuesday, March 4, 2025 10:23 AM
**To:** Gates, Floyd <fgates@bodmanlaw.com>; Bridges, Melissa <MBridges@bodmanlaw.com>; Ritsema, Cameron <CRitsema@bodmanlaw.com>; Grant Semonin <GSemonin@bodmanlaw.com>
**Subject:** RE: 80944.22003 - Joseph DiGerlando - Michigan Loan for Borisch-Walloon: Response to Rule 11 Letter with attachments

Hello Mr. Gates,

FedEx records show that the original notes($2mm and $3mm) sent to your office last evening were delivered today at 7:10 a.m. Would you please confirm that you received and are in possession of the two original notes as referenced in the attached letter? Thank you,

## THE SOLOMON LAW GROUP, P.A.

**Robert May**

Phone: 813-225-1818
Fax: 813-225-1050
Email: rmay@solomonlaw.com

www.solomonlaw.com



**1881 West Kennedy Boulevard, Suite D • Tampa  • Florida • 33606-1611**

**From:** Stanford Solomon <SSolomon@SolomonLaw.com>
**Sent:** Monday, March 3, 2025 7:46 PM
**To:** Gates, Floyd <fgates@bodmanlaw.com>; Bridges, Melissa <MBridges@bodmanlaw.com>; Ritsema, Cameron <CRitsema@bodmanlaw.com>; Grant Semonin <GSemonin@bodmanlaw.com>
**Subject:** 80944.22003 - Joseph DiGerlando - Michigan Loan for Borisch-Walloon: Response to Rule 11 Letter with attachments

Attached is March 3, 2025 correspondence in connection with the above-referenced matter.

If you have any questions, please call.

## THE SOLOMON LAW GROUP, P.A.

**Stanford R. Solomon**

Phone: 813-225-1818
Mobile: 813-810-7718
Fax: 813-225-1050
Email: SSolomon@SolomonLaw.com

www.solomonlaw.com



**1881 West Kennedy Boulevard, Suite D • Tampa  • Florida • 33606-1611**

# EXHIBIT "E"

**Jennifer Santana**

---

| | |
|---|---|
| **From:** | Stanford Solomon |
| **Sent:** | Saturday, March 8, 2025 3:46 PM |
| **To:** | Floyd E. Gates, Jr. |
| **Cc:** | Robert May; Sam Mauch |
| **Subject:** | DiGerlando/Borisch: Assignment of Rents |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Mr. Gates,

Do you represent the tenants?

If so, where are the rents?

Make no mistake, we consider the failure to pay over the rents to be a very serious transgression.

Thank you for your consideration.

Sandy

Stanford R. Solomon
THE SOLOMON LAW GROUP, P.A.
1881 West Kennedy Blvd. Suite D
Tampa, Florida 33606-1611
(813) 225.1818 (Tel)
(813) 810.7718 (Cell)
(813) 225.1050 (Fax)
ssolomon@solomonlaw.com

## THE SOLOMON LAW GROUP, P.A.

**Stanford R. Solomon**

Phone: 813-225-1818
Mobile: 813-810-7718
Fax: 813-225-1050
Email: SSolomon@SolomonLaw.com

www.solomonlaw.com





**1881 West Kennedy Boulevard, Suite D • Tampa • Florida • 33606-1611**

# EXHIBIT "F"

| **From:** | Brian Witus |
|---|---|
| **To:** | Stanford Solomon; Robert May |
| **Cc:** | Samuel Mauch |
| **Subject:** | Private Financing Alternatives v. Walloon Lake Holdings et. al. |
| **Date:** | Friday, March 14, 2025 9:59:16 AM |

Stanford and Robert,

Good morning.  I just received a call from Defendants' counsel, Floyd Gates.  He was calling in an attempt to meet-and-confer and seeking our concurrence regarding his forthcoming motion on the pleadings and motion on Rule 11.  I instructed him to direct his communications on this matter to lead counsel, but he declined stating that he cannot and will not communicate with you guys.  During our very brief discussion, Gates confirmed that he received your March 3, 2025 letter, which set forth Plaintiff's position in response to his Rule 11 letter.  In response to my question about the basis of his motion on the pleadings, he just stated that it was the same as his Rule 11 letter.  Again, I told him that these substantive issues should be directed to you guys and told him that I would advise you accordingly.

bwitus



**Brian Witus**
Attorney
**T:** 248.502.3300 | **F:** 248.502.3301
995 South Eton St.
Birmingham, Michigan 48009
www.saretsky.com

This e-mail, including attachments, may include confidential and/or proprietary information, and may be used only by the person or entity to which it is addressed. If the reader of this e-mail is not the intended recipient or his or her authorized agent, the reader is hereby notified that any dissemination, distribution or copying of this e-mail is prohibited. If you have received this e-mail in error, please notify the sender by replying to this message and delete this e-mail immediately.