IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| PRIVATE FINANCING ALTERNATIVES, LLC,<br><br>        Plaintiff,<br>v.<br><br>WALLOON LAKE HOLDINGS, LLC; MATTHEW ALLEN BORISCH AS TRUSTEE OF MATTHEW ALLEN BORISCH TRUST UNDER AN AGREEMENT DATED Sept. 19, 2006; MATTHEW ALLEN BORISCH; JONATHAN L. BORISCH; MARY K. BORISCH; JLB RESTAURANT HOLDINGS, LLC; and HOTEL WALLOON, LLC,<br><br>        Defendants. | Case No. 1:25-cv-00165-HYJ<br><br>PLAINTIFF'S MOTION FOR APPOINTMENT OF A RECEIVER UNDER FED. R. CIV. P. 66 |

**PLAINTIFF'S MOTION[1] FOR APPOINTMENT OF A RECEIVER
UNDER FED. R. CIV. P. 66**

Private Financing Alternatives, LLC ("**Plaintiff**," "**Lender**" or "**Assignee**") moves the Court pursuant to Fed. R. Civ. P. 66; Michigan's Uniform Assignment of Rents Act ("**MUARA**"), M.C.L § 554.1051, *et seq.* specifically M.C.L. § 554.1057; the Assignment of Leases and Rents [ECF No. 1-4, PageID.68]; and other applicable Michigan substantive and federal law, for appointment of a receiver *pendente lite* to: (1) collect Rents and all other payments due to Landlord from Hotel Walloon, LLC ("**Hotel Walloon**") and from JLB Restaurant Holdings, LLC ("**JLB Restaurant**") [collectively "**Tenants**"]; and

---

[1] Plaintiff has conferred with Defendants and Defendants oppose the relief sought herein. *See* [ECF No. 40](Certificate of Conferral).

1

(2) manage, preserve, protect and, if necessary, operate the Demised Property[2] for the benefit of Lender/Assignee in accordance with the Assignment of Leases and Rents.

This Motion is based on the Brief in Support, which is being filed contemporaneously herewith and is incorporated by reference.

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order:

(1) Appointing a qualified receiver *pendente lite* to take immediate control of the Demised Property and grant the appointed receiver all of the usual, necessary, and incidental powers of receivers for such purpose, including:

    (a) the exclusive power and authority over the Demised Property and their assets/property (including cash, intangible and physical/tangible property) to take all actions necessary and appropriate to stabilize and normalize their affairs and accounting;

    (b) the exclusive power and authority over banking and other financial accounts (including all bank, trade, trust and other deposit accounts), together with exclusive signing authority and the authority to open new accounts and close existing accounts, and the authority to direct Assignor's use of any and all of its funds or other financial resources to the maximum extent permitted by the Assignment or applicable law;

---

[2] As defined in the accompanying Brief in Support of Plaintiff's Motion for Appointment of a Receiver

(c) the exclusive power and authority to delegate any and all operational, management, control of the Premises, or like functions, to persons or entities of the appointed receiver's sole and exclusive choice/selection, and to bind Assignor to appropriate compensation obligations to such persons/entities, as may be necessary or appropriate to commence and to carry out the accounting;

(d) the power and authority to direct all officers, directors, members, and any other agent of Assignor to take actions relative to Assignor's property/assets, information or other systems, etc., as may be required to fully cooperate with and carry out the Accounting;

(e) the power and authority to carry out the duties and obligations of Landlord pursuant to the Leases;

(f) the power and authority to carry out the duties and obligations of Assignor to Assignee pursuant to the Assignment;

(g) the power and authority to have full and complete access to all books and records of Assignor relating to the Demised Property;

(h) the exclusive power and authority to manage, control, and to oversee the operations of the Demised Property, as reasonably necessary for the stable and consistent operation of their affairs; and

(i) such other authority as this Court deems necessary, reasonable, and proper to give to the receiver to the broadest extent provided or permitted by MUARA and the laws of the State of Michigan. M.C.L. § 554.1057(5).

4898-7683-5405, v. 1

(2) Requiring Borrower/Assignee to pay directly the fees and costs associated with the receivership and the receiver; and

(3) Awarding Plaintiff such other and further relief as this Court deems appropriate, including recovery of its costs and attorneys' fees incurred in bringing this Motion as set forth in the applicable Assignment of Leases and Rents [PageID.63] at ¶ 7.

<u>Dated</u>: June 11, 2025

          Respectfully submitted,

*/s/ Stanford R. Solomon*
Stanford R. Solomon, Esq.
Robert G. May, Esq.
**THE SOLOMON LAW GROUP, P.A.**
1881 West Kennedy Boulevard, Suite D
Tampa, Florida 33606-1611
(813) 225-1818 (Tel)
(813) 225-1050 (Fax)
*Attorneys for Plaintiff*
**PRIVATE FINANCING ALTERNATIVES, LLC**
Ssolomon@solomonlaw.com
Rmay@solomonlaw.com

AND

*/s/ Samuel P. Mauch*
Samuel P. Mauch, Esq.
Brian Witus, Esq.
**SARETSKY HART MICHAELS & GOULD PC**
995 S. Eton St.
Birmingham, Michigan 48009
(248) 502-3300 (Tel)
(248) 502-3301 (Fax)
*Attorneys for Plaintiff*
**PRIVATE FINANCING ALTERNATIVES, LLC**
SMauch@Saretsky.com
BWitus@Saretsky.com

4898-7683-5405, v. 1